UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRYZPEK,           )
                             )
          Plaintiff,         )
                             )
     v.                      ) Civil Action No. 06-1129 EGS
                             )
UNITED STATES TREASURY       )
DEPARTMENT, <u>et</u> <u>al.</u>,         )
                             )
          Defendants.        )
_____)

**DEFENDANTS' MOTION TO DISMISS IN PART OR,**
**IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN PART**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the moving

Defendants[1] hereby move to dismiss this action.  In the

alternative, the Court is asked to enter summary judgment in

favor of the moving Defendants, pursuant to Fed. R. Civ. P. 56,

because there is no genuine issue as to any material fact and the

Defendants are entitled to judgment as a matter of law.[2]  The

_____

[1]  The moving defendants include all Defendants except the
Federal Bureau of Investigation and National Security Agency,
which will file separate dispositive Motions.

[2]  To the extent that the Court may rely on matters outside of
the pleadings, the Court may enter summary judgment in favor of
the defendant.  <u>See</u> Fed. R. Civ. P. 12(b); 56.  Plaintiff should
take notice that any factual assertions contained in the
documents in support of this motion may be accepted by the Court
as true unless the plaintiff submits his own affidavit or other
documentary evidence contradicting the assertions in the
documents.  <u>See</u> <u>Neal</u> v. <u>Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir.
1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

     Supporting and opposing affidavits shall be made on
     personal knowledge, shall set forth such facts as would
     be admissible in evidence, and shall show affirmatively

Court is respectfully referred to the accompanying memorandum and
to the statement of material facts accompanying this motion.

                        Respectfully submitted,


                        _____
                        JEFFREY A. TAYLOR, DC Bar #498610
                        United States Attorney


                        _____
                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney


                        _____
                        MADELYN JOHNSON, DC Bar #396739
                        Assistant United States Attorney

---

that the affiant is competent to testify to the matters
stated therein.  Sworn or certified copies of all
papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith.  The
court may permit affidavits to be supplemented or
opposed by depositions, answers to interrogatories, or
further affidavits.  When a motion for summary judgment
is made and supported as provided in this rule, an
adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the
adverse party's response, by affidavits or as otherwise
provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If
the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the
adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
JAMES R. SKRZYPEK,              )
                                )
          Plaintiff,            )
                                )
     v.                         )  Civil Action No. 06-1129 EGS
                                )
UNITED STATES TREASURY          )
DEPARTMENT, et al.,             )
                                )
          Defendants.           )
_____)
```

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case arises under the Freedom of Information Act
(FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5
U.S.C. § 552a, and pertains to the processing of Plaintiff's
FOIA/Privacy Act request to the Department of the Treasury -
Internal Revenue Service (IRS), and the Executive Office for
United States Attorneys (EOUSA).  Plaintiff's claims must be
dismissed, or in the alternative summary judgment must be granted
in Defendant EOUSA's favor because Plaintiff failed to exhaust
his administrative remedies.  Moreover, dismissal is warranted
because after a reasonable search, Defendant IRS located no
documents responsive to Plaintiff's request.

The declaration of Jose Franco, Special Agent in the Chicago
Criminal Investigation (CI) Division of the Internal Revenue
Service (Franco Decl.) describes the scope of their respective
search and the bases of their findings of no responsive records.

Defendant EOUSA found responsive records and wrote to plaintiff requesting payment for estimated search fees. The declaration of David Luczynski, Attorney Advisor with the Executive Office for United States Attorneys, United States Department of Justice (Luczynski Decl.) explains the scope of their respective search and the appropriateness of the estimated search fees applied which plaintiff failed to pay.

### I. <u>STATEMENT OF FACTS</u>

Defendants incorporate herein as its Statement of Facts the Statement of Material Facts Not in Genuine Dispute attached hereto.

### II. <u>ARGUMENT</u>

### A. <u>Dismissal is Appropriate Because Plaintiff Failed To Exhaust His Administrative Remedies With Regard To EOUSA's Request No. 06-2319</u>

It is well-established in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." <u>McKart v. U.S.</u>, 395 U.S. 185, 193 (1969). Exhaustion of such administrative remedies is required under FOIA before a party can seek judicial review. <u>Dettmann v. U.S. Dept. of Justice</u>, 802 F.2d 1472, 1477 (D.C. Cir. 1986). A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including: (1) providing the required proof of

identity, <u>Summers v. U.S. Dept. of Justice</u>, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) reasonably describing the records sought, <u>Gillin v. I.R.S.</u>, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) complying with fee requirements, <u>Trueblood v. U.S. Dept. of Treasury, I.R.S.</u>, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing a denial of records, <u>Oglesby v. U.S. Dept. of Army</u>, 920 F.2d 57 (D.C.Cir. 1990). Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction. <u>Id</u>.

FOIA requires agencies to establish fee schedules for the time taken to search for records and for the cost of copying records. <u>See</u> 5 U.S.C. §552(a)(4)(A)(i); 28 C.F.R. § 16.11 (DOJ regulation implementing this provision). Agencies may request advance payment of fees upon a determination that the fees will exceed $250.00. <u>See</u> 5 U.S.C. §552(a)(4)(A)(v). In such cases, the agency may insist on advance payment of fees "before beginning to process the request." 28 C.F.R. 16.11(i)(2). An agency may require payment of fees even if the FOIA request has become the subject of litigation. <u>See</u>, <u>e.g.</u>, <u>Trueblood v. U.S. Dept. of Treasury, I.R.S.</u>, 943 F. Supp. 64, 68 (D.D.C. 1996) (failure to pay fees is a jurisdictional defense that can be raised at any time); <u>see also</u> <u>Pollack v. Department of Justice</u>,

-3-

49 F.3d 115, 119-20 (4th Cir. 1995).

As demonstrated below, plaintiff has failed to exhaust his administrative remedies with respect to EOUSA because he failed to pay fees assessed to process his request.

Pursuant to the requirements of the FOIA, DOJ has promulgated comprehensive regulations, set forth at 28 C.F.R. §§ 16.1 *et seq.*, governing the procedures requesters must follow in making FOIA requests to DOJ components, as well as procedures components must follow in responding to such requests. See 5 U.S.C. § 552(a)(1)(A).

Under DOJ's regulations, FOIA requests "should be sent" to the DOJ component maintaining the requested records, at the "component's central FOIA office." 28 C.F.R. § 16.3(a). Requesters who are unsure of the components to which their requests should be sent are directed to write to the Justice Management Division (JMD) for assistance. Id. Under DOJ regulations a "request will be considered received as of the date it is received by the proper component's FOIA office." Id.; see also Brumley, 767 F.2d at 445. Once a FOIA request is properly received, the FOIA requires that the agency (or component thereof) respond to that request within a set number of days. See 5 U.S.C. § 552(a)(6)(i); 28 C.F.R. § 16.6(b). A requester may file when he/she is unhappy with the agency's determination or the agency has not responded within the statutorily established

-4-

deadlines.

By letter dated August 23, 2006, EOUSA notified plaintiff that it had determined that the fees associated with his request were at least $8680.00 and required an advance payment. Luczynski Decl. ¶ 10.  EOUSA also gave plaintiff another opportunity to reformulate his request to reduce fees.  Id. EOUSA told plaintiff that in accordance with 28 C.F.R. § 16.11(i), his request is not considered received until EOUSA received a response from him and that unless it heard from him in thirty days of the date of the letter, the matter would be closed.  Id., and Exhibit D.

By refusing to comply with EOUSA's regulations regarding advanced payment of fees, plaintiff failed to exhaust his administrative remedies.  Mr. Skrzypek did not send the requested fee within the required thirty day time period nor did he respond with any attempt to reformulate his request to reduce fees; therefore, his FOIA request was closed.  Id.

**B.  Summary Judgment is Appropriate Because Defendants Conducted A Reasonable Search for Records**

**1. Standard**

All defendants performed reasonable searches in response to plaintiff's FOIA request.  In responding to a FOIA request an agency is under a duty to conduct no more than a reasonable search for responsive records.  Ogelsby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen &

-5-

Hamilton v. Department of Health and Human Services, 844 F.Supp. 770, 776 (D.D.C. 1993).

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine, Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "the search need only be reasonable; it does not have to be exhaustive." Miller v. U.S. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing, National Cable Television Ass'n, Inc. v. F.C.C., 479 F.2d 183, 186 (D.C.Cir. 1973). As a result, an agency under the FOIA is not required to search every division or field office in response to a FOIA request when responsive documents are likely to be located in one place. Marks v. U.S. (Dept. of Justice), 578 F.2d 261, 263 (9th Cir. 1978). The agency is not obligated to perform an "open-ended, broad based, and ill-defined" search of every division and office. See, Marrera v. U.S. Dept. of Justice, 622 F.Supp. 51, 54 (D.D.C. 1985).

Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily

-6-

imply that the agency has retained it. <u>Maynard v. C.I.A.</u>, 986
F.2d 547, (1st Cir. 1993). Simply stated, the adequacy of the
search is "dependent upon the circumstances of the case." <u>Truitt
v. Department of State</u>, 897 F.2d 540, 542 (D.C. Cir. 1990).

### 2.    **The IRS Conducted a Reasonable Search**

By letter dated April 21, 2006, plaintiff requested
documents and information related to a search of a residence at
7620 W. Foster Avenue, Chicago, Il on July 23, 24, and 25, 1997.
The plaintiff specifically sought:

    a.   search warrant applications;

    b.   copies of the search warrants;

    c.   reports, daily or other, surrounding the entries into
        the residence;

    d.   inventory of property removed from the residence;

    e.   identities of agents and government officials or
        employees entering the residence;

    f.   copies of photographs and/or video made of the
        residence; and

    g.   reports of the installation or removal of electronic
        surveillance equipment in the residence.

Declaration of Jose Franco ("Franco Decl.")¶¶ 2-3.

The FBI as the lead agency, was responsible for obtaining
the required search warrant, overseeing the search, collecting
and maintaining an inventory of the property seized, and any

other documentation related to the search.  Id. ¶ 5.

    To confirm that the records were maintained by the FBI, a
search of the IRS records maintained by the IRS's Criminal
Investigation(CI)office was conducted.  Id. ¶ 8. Declarant Franco
knew the IRS's records concerning the criminal investigation of
plaintiff were located in the evidence room maintained by the CI
Division in Chicago, Illinois.  Franco was responsible for moving
the boxes of records from the U.S. Attorney's Office in Chicago
to the evidence room at the conclusion of plaintiff's criminal
trial.  Franco also knew the records had not been sent to the
National Records Center because it will be his responsibility to
box and send these records once plaintiff has exhausted his
criminal appeal rights.  Id. ¶ 9.

    Franco conducted a search of 89 boxes of records related to
the investigation of plaintiff.  Not all of the boxes, however,
related to plaintiff individually, as the investigation included
the activities of four corporations owned in whole or in part by
plaintiff.  Nonetheless, all of the boxes were searched.  Id. ¶
10.  Each box was labeled as to its contents (e.g., payroll
checks, operating account checks, subpoenaed records).  There
were no responsive records to plaintiff's FOIA request.  Id. ¶
11.

    Declarant Franco and his colleague Special Agent Ron Braver
also searched their personal computer files for any documents

-8-

related to a search warrant application for a search of the residence on the dates referred to in the plaintiff's FOIA request.  Id. ¶ 12.  Using plaintiff's name and that of the businesses, neither of the Special Agents found any documents that showed the IRS applied for the search warrant for the property at 7620 W. Foster Avenue, Chicago, Il executed on July 23, 24, and 25, 1997.  These boxes consist of all of the records the IRS has on the criminal investigation of the plaintiff, and no other boxes or files would contain documents responsive to plaintiff's FOIA request.  Id. ¶¶ 12-13.

IRS undertook an adequate search in response to Plaintiff's FOIA Request and has met its burden under the FOIA.

### III. <u>CONCLUSION</u>

Plaintiff cannot establish any violation of the Freedom of Information Act or the Privacy Act.  Plaintiff did not comply with EOUSA's regulations regarding advanced payment of fees, thus Plaintiff failed to exhaust his administrative remedies.  Moreover, the Internal Revenue Service's thorough and adequate search yielded no responsive documents to Plaintiff's request.

WHEREFORE, Defendants Internal Revenue Service and the Executive Office for United States Attorneys respectfully request that the Court grant the motion to dismiss or alternatively grant the motion for summary judgment.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney

-10-

CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that service of the foregoing Defendants'

Motion To Dismiss or, in the Alternative, Summary Judgment, and a

proposed Order has been made by mailing copies thereof to:

JAMES R. SKRZYPKEK
#08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

on the 6th day of October, 2006.

_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7135

-11-