```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK,              )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 06-1129 EGS
                                )
UNITED STATES TREASURY          )
DEPARTMENT, et al.,             )
                                )
          Defendants.           )
                                )
```

**DEFENDANTS' STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7.1(h), the defendants hereby submit the following statement of material facts as to which there is no genuine issue. The declarations of the following officials support this statement:(1) Jose Franco, Special Agent in the Chicago Criminal Investigation (CI) Division of the Internal Revenue Service, and (2) David Luczynski, Attorney Advisor with the Executive Office for United States Attorneys, United States Department of Justice.

**I.   Internal Revenue Service (IRS)**

1. By letter dated April 21, 2006, plaintiff requested documents and information related to a search of a residence at 7620 W. Foster Avenue, Chicago, Il. on July 23, 24, and 25, 1997. The plaintiff specifically sought:

    a.   search warrant applications;

    b.   copies of the search warrants;

1

      c.    reports, daily or other, surrounding the entries into the residence;

      d.    inventory of property removed from the residence;

      e.    identities of agents and government officials or employees entering the residence;

      f.    copies of photographs and/or video made of the residence; and

      g.    reports of the installation or removal of electronic surveillance equipment in the residence.

Declaration of Jose Franco ("Franco Decl.") ¶¶ 2-3.

    2. Declarant Franco was familiar with the "search" of th residence at 7620 W. Foster Avenue, Chicago, Il referred to in the plaintiff's FOIA request. Plaintiff was arrested on July 23, 1997 by FBI agents. Franco was present at the time of the arrest and assisted the FBI in seizing assets and records owned by plaintiff. Any inventories of records made at that time were turned over to the FBI agent in charge at the residence and Franco retained no copies for the IRS's files. Id. ¶ 4.

    3. The FBI as the lead agency, was responsible for obtaining the required search warrant, overseeing the search, collecting and maintaining an inventory of the property seized, and any other documentation related to the search. Id. ¶ 5.

    4. Based on this information, on May 17, 2006, Franco provided plaintiff's FOIA request letter to the IRS's Chicago,

Illinois Disclosure Office for response and handling. Franco informed Senior Disclosure Specialist Linda Barnes that while the IRS participated in the search of the property it did not maintain the records requested by the plaintiff. The FBI as the lead agency, would have the types of records requested by plaintiff. Id. ¶ 6.

5. In a letter dated June 7, 2006, Ms. Barnes responded to plaintiff's FOIA request, informing plaintiff that the requested records were maintained by the FBI. Id. ¶ 6, Attachment A.

6. To confirm the June 7, 2006 letter sent to the plaintiff, a search of the IRS records maintained by the IRS's Criminal Investigation(CI)office was conducted. Id. ¶ 8. Declarant Franco, knew the IRS's records concerning the criminal investigation of plaintiff were located in the evidence room maintained by the CI Division in Chicago, Illinois. Franco was responsible for moving the boxes of records from the U.S. Attorney's Office in Chicago to the evidence room at the conclusion of plaintiff's criminal trial. Franco also knew the records had not been sent to the National Records Center because it will be his responsibility to box and send these records once plaintiff has exhausted his criminal appeal rights. Id. ¶ 9.

7. Franco conducted a search of 89 boxes of records related to the investigation of plaintiff. Not all of the boxes, however, related to plaintiff individually, as the investigation

included the activities of four corporations owned in whole or in part by plaintiff. Nonetheless, all of the boxes were searched. Id. ¶ 10. Each box was labeled as to its contents (e.g., payroll checks, operating account checks, subpoenaed records). There were no responsive records to plaintiff's FOIA request. Id. ¶ 11.

    8. Declarant Franco and his colleague Special Agent Ron Braver also searched their personal computer files for any documents related to a search warrant application for a search of the residence on the dates referred to in the plaintiff's FOIA request. Id. ¶ 12. Using plaintiff's name and that of the businesses, neither of the Special Agents found any documents that showed the IRS applied for the search warrant for the property at 7620 W. Foster Avenue, Chicago, Il executed on July 23, 24, and 25, 1997. These boxes consist of all of the records the IRS has on the criminal investigation of the plaintiff, and no other boxes or files would contain documents responsive to plaintiff's FOIA request. Id. ¶¶ 12-13.

**II.  Executive Office for United States Attorney's**

    9. By letter dated May 10, 2006, plaintiff submitted his FOIA request asking in detailed description for "search warrant applications and affidavits...reports, daily or other, surrounding entries to a residence...inventory of property removed...copies of photographs and/or videos made...reports of

4

installation or removal of electronic surveillance equipment...and copies of FD 597 receipts for tape recorders, describing make, model and serial numbers corresponding to a December 22, 1994 summary of tape recordings.".  Declaration of David Luczynski ("Luczynski Decl.")¶ 4, Exhibit A.

10. Due to plaintiff submission of several consecutive requests asking for the same information, on June 7, 2006, EOUSA informed plaintiff that his requests have been combined under the FOIA Request No. 06-2319.  Id. ¶ 5, Exhibit B.

11. On July 28, 2006 EOUSA notified plaintiff that his request will be handled on a first-in-first-out basis.  The response informed him that FOIA requests are processed in the order they are received.  Plaintiff was notified of his appeal rights and provided contact information for the Office of Information and Privacy and that after the appeal has been decided, plaintiff may have judicial review by filing a complaint.  Id. ¶ 6, Exhibit C.

12. After receiving plaintiff's FOIA request, EOUSA undertook the search for documents responsive to plaintiff's FOIA request.  Upon receiving plaintiff's FOIA request, the EOUSA forwarded the request to the FOIA contact for the Northern District of Illinois.  Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office.  The FOIA contact began a systematic search for records

5

on James Skrzypek to determine the location of any and all files relating to him in order to comply with the request. The FOIA contact searched for records from the case files. The FOIA contact for the Northern District of Illinois informed EOUSA that records responsive to plaintiff's request were found in that office. Id. ¶ 7.

13. The FOIA contact looked for records in the computer tracking system for the USAO/ILN that were listed under the name "Skrzypek". The FOIA contact used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files. Id. ¶ 8.

14. The systems utilized in searching for records pertaining to plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by the United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA contact used the LIONS system to locate records based upon the name "Skrzypek". Id. ¶ 9.

15. By letter dated August 23, 2006, plaintiff was informed

that the two free hours of search that are provided at no charge have been used up. The letter explained that Federal Regulation 28 CFR 16.11(I) provides that EOUSA may collect advance payment before continuing to process the request if the estimated fees exceed $250.00. An estimated search fee of 250 boxes of records relating to plaintiff's request amounts to $8,680.00. Plaintiff was informed that EOUSA will not continue to handle his request until the fee is settled. Plaintiff was given an option to reduce his fees by reformulating his request. Plaintiff was further advised that if no action is taken within 30 days, the request will be closed. Attached to the letter was a form for plaintiff to fill out as part of his response. Plaintiff has not contacted the EOUSA in any way regarding this request, therefore his FOIA request for records was administratively closed. Id. ¶ 10, Exhibit D.

                              Respectfully submitted,


                              _____
                              JEFFREY A. TAYLOR, DC Bar #498610
                              United States Attorney


                              _____
                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney


                              _____
                              MADELYN JOHNSON, DC Bar #396739
                              Assistant United States Attorney