IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK,            )
                              )
           Plaintiff,         )
                              )
     v.                       )
                              )   Civil Action No. 1:06-CV-1129-EGS
UNITED STATES DEPARTMENT OF   )
JUSTICE and EXECUTIVE OFFICE OF )
UNITED STATES ATTORNEYS,      )
                              )
           Defendants.        )
_____)

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, James Skrzypek. I have reviewed the complaint which this Declaration addresses.

## **CHRONOLOGY**

4. By letter dated May 10, 2006, Plaintiff submitted his FOIA request asking in detailed description for "search warrant applications and affidavits... reports, daily or other, surrounding entries to a residence... inventory of property removed... copies of photographs and/or videos made... reports of installation or removal of electronic surveillance equipment... and copies of FD 597 receipts for tape recorders, describing make, model and serial numbers corresponding to a December 22, 1994 summary of tape recordings.". **Exhibit A**.

5. Due to Plaintiff's submission of several consecutive requests asking for the same information, on June 7, 2006, EOUSA informed Plaintiff that his requests have been combined under the FOIA Request No. 06-2319. **Exhibit B**.

6. On July 28, 2006 EOUSA notified Plaintiff that his request will be handled on a first-in-first-out basis. The response informed him that FOIA requests are processed in the order they are received. Plaintiff was notified of his appeal rights and provided contact information for the Office of Information and Privacy and that after the appeal has been decided, Plaintiff may have

judicial review by filing a complaint. **Exhibit C.**

## ADEQUACY OF THE SEARCH

7. After receiving Plaintiff's FOIA request (**Exhibit A**), EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. Upon receiving Plaintiff's FOIA request, the EOUSA forwarded the request to the FOIA Contact for the Northern District of Illinois. Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contact began a systematic search for records on James Skrzypek to determine the location of any and all files relating to him in order to comply with the request. FOIA Contact searched for records from the case files in that case. The FOIA Contact for the Northern District of Illinois informed EOUSA that records responsive to Plaintiff's request were found in that office.

8. To accomplish the search, the FOIA Contact looked for records in the computer tracking system for the USAO/ILN that were listed under the name "Skrzypek". The FOIA Contact used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files.

9. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contact used

the LIONS system to locate records based upon the name "Skrzypek".

## EOUSA'S DETERMINATION

10. By letter dated August 23, 2006, Plaintiff was informed that the two free hours of search that are provided at no charge have been used up. The letter explained that Federal Regulation 28 CFR 16.11(I) provides that EOUSA may collect and advance payment before continuing to process the request if the estimated fees exceed $250.00. An estimated search fee of 250 boxes of records relating to Plaintiff's request amounts to $8,680.00. Plaintiff was informed that EOUSA will not continue to handle his request until the fee is settled. Plaintiff was given an option to reduce his fees by reformulating his request. If no action is taken within 30 days, the request will be closed. Attached to the letter was a form for Plaintiff to fill out as part of his response. Plaintiff has not contacted the EOUSA in any way regarding this request, therefore his FOIA request for records was closed. **Exhibit D.**

## CONCLUSION

11. Each step in the handling of Mr. Skrzypek's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 3, 2006.

_____
David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

\*\* EXPEDITED PROCESSING REQUESTED FOR CURRENT LITIGATION \*\*

**FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION**

DATE: May 10, 2006

AGENCY: Marie O'Rourke, Assistant Director, Freedom of Information/PA Unit

ADDRESS: Executive Office for the U.S. Attorney, Room 7100, 600 E. Street, N.

CITY, STATE Washington, D.C. 20530

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

**IDENTIFYING PERSONAL INFORMATION**

NAME: James R. Skrzypek  08324-424

ADDRESS: P.O. Box 1000

CITY, STATE, ZIP: Duluth, Mn 55814

BIRTHDATE: February 12, 1949

BIRTHPLACE: Chicago, Illinois

SOCIAL SECURITY NUMBER: 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

FBI NUMBER: Unknown

MARSHAL'S SERVICE NUMBER: Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

**REASONABLY IDENTIFIABLE RECORD**

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed



as set forth in Anderson v. Department of Health and Human Services, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, Sears v. Gottschalk, 502 F.2d 122, cert. denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), Bristol-Myers Co. v. F.T.C., 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

1. Search warrant applications and affidavits to search a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

2. Search warrants for a search of a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

3. Reports, daily or other, surrounding entries to a residence located at 7620 W. Foster Avenue, Chicago Illinois on July 23, 24 and 25, 1997.

4. Inventory of property removed from a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23 24 and 25, 1997.

5. Identities of all agents and government officeals or employees entering a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

6. Copies of photographs and/or videos made of the residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

7. Reports of the installation or removal of electronic surveillance equiptment to the residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

8. Copies of FD 597 Receipts for tape recorders, describing make, model and serial numbers corresponding to a December 22, 1994 summary of tape recordings prepared by SA John Robert Shoup and submitted by memorandum on January 3, 1995.

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

_____
Requestor Signature

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

AUG 11 2006

Requester: James R. Skryzpek

Request Number: 06-2354     Date of Receipt: June 7, 2006

Subject of Request: Self (specific records)

Dear Requester:

    The Executive Office for United States Attorneys has received your Freedom of Information Act/Privacy request. A check of our files indicates you have been assigned two numbers ( 06-2319 and 06-2354 ). Since the Executive Office processes requests on a "first in-first-out" basis, we are combining the two files and assigning it the earlier number which appears above. Please cite this number in any future correspondence you send to this office.

    The Executive Office has received an exceedingly heavy volume of Freedom of Information Act/Privacy Act requests and therefore, this office will be unable to respond to your request within the time limits established by the Freedom of Information Act. Please be assured, however, that your request is being handled as equitably as possible and that all documents which can be released will be made available at the earliest possible date.

Sincerely,

William G. Stewart II
Acting Assistant Director

Form No. 000 - 1/06



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 06-2319  Requester: James R. Skrzypek                JUL 2 8 2006

Subject: Self (specific recs)/ILN

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. **Please give us this number if you write about your request.** If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. **Please do not send any payment at this time!** If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

William G. Stewart II
Acting Assistant Director

FILE

Form No. 001 -1/06





**U.S. Department of Justice**

Executive Office for United States Attorneys

FOIA and Privacy Act Staff

Suite 7300, Bicentennial Building
600 E Street, N.W.
Washington, DC 20530

(202) 616-6757
FAX (202) 616-6478

Requester: James R. Skryzpek

Request No. 06-2319

AUG 23 2006

Dear Mr. Skryzpek:

    We are currently searching for documents responsive to your FOIA/PA request for specific records from your case file, and we have reached the two hours of search time provided to you at no charge. Federal Regulation 28 CFR 16.11(i) provides that our office may collect an advance payment **before we continue processing your request** if we estimate fees will exceed $250.00. Search time is $28.00 per hour, after the first two hours which are free. In your case, the Northern District of Illinois has informed us that a complete search will take an additional 310 hours to search through more than 250 boxes of records in the case. Again, this excludes the first two hours which are provided free of charge. Therefore, the search fee would be approximately $8680. Normally a box of records contains between 2,000 and 4,000 pages. We do not know, prior to a complete search, how many pages might be found responsive to your request. Although not all of these records are likely to be released to you, please note that in addition to the charges for search time, we charge $.10 per page for pages released to you, after the first 100 pages which are free. Once processing has been completed and a final charge is known, you will be required to submit the remaining fee before documents will be released to you.

    Accordingly, an advance payment of $8680.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. **Please indicate on the face of the check the above request number and mail it to the above address.**

    If you wish to reduce your fees, you may reformulate your request by limiting the documents to a specific category or categories. Or, if you specify that you will only pay up to a certain amount, we will process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may direct that we terminate your search. We note that some, at least, of the records you are seeking are public records that may be available from the clerk of the court.

    Per 28 C.F.R. 16.11(i), **your request is not considered received until we receive a response from you. Please respond within 30 days of the date of this letter, or this matter will be closed.** If you wish, you may use the attached form to indicate your wishes. If you have any questions, please call Attorney Advisor Garry Stewart at 202-616-3450.

Sincerely,

*LGS*

William G. Stewart II
Acting Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, Unit Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.



Requester: James R. Skryzpek      Request: 06-2319

### Choose One

1. Enclosed is an advance payment of $_____ for search fees.

2. Please terminate the search for documents. I promise to pay $_____ for duplication fees for documents found thus far.

3. Please terminate the search. I am hereby withdrawing my request_____(Sign)

4. I agree to pay no more than $_____ for search fees and no more than $_____ for duplication fees. Please process my request accordingly.

5. I wish to reformulate my request to include only the following documents:

_____

_____

_____

_____

(Please note that a search for specific records may not reduce search time and fees and often increase them).

6. Please do not search any longer. **I understand that I am entitled to the first 100 pages free.** If you have found releasable documents, send me the free documents and close my case. If you have not found releasable documents, please close my case.

_____      _____
Name                                 Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530