```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRYZPEK,              )
                                )
          Plaintiff,            )
                                )
     v.                         )  Civil Action No. 06-1129 EGS
                                )
UNITED STATES TREASURY          )
DEPARTMENT, et al.,             )
                                )
          Defendants.           )
_____)
```

**DEFENDANTS' MOTION TO DISMISS IN PART OR,**
**IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN PART**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the moving Defendants[1] hereby move to dismiss this action. In the alternative, the Court is asked to enter summary judgment in favor of the moving Defendants, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law.[2] The

---

[1] The moving defendants include only the National Security Agency.

[2] To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendant. See Fed. R. Civ. P. 12(b); 56. Plaintiff should take notice that any factual assertions contained in the documents in support of this motion may be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters

Court is respectfully referred to the accompanying memorandum and to the statement of material facts accompanying this motion.

                    Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney

---

stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK,              )
                                )
        Plaintiff,              )
                                )
     v.                         )  Civil Action No. 06-1129 EGS
                                )
UNITED STATES TREASURY          )
DEPARTMENT, et al.,             )
                                )
        Defendants.             )
                                )
```

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA/Privacy Act request to the National Security Agency (NSA). Plaintiff's claims must be dismissed, or in the alternative summary judgment must be granted in Defendant NSA's favor because after a reasonable search, Defendant NSA located no documents responsive to Plaintiff's request.

The declaration of Louis Giles, Director of Policy for the National Security Agency (Giles Decl.) describes the scope of the agency's search and the bases of its findings of no responsive records.

The material facts are set forth below, as required by Local Civil Rule 7(h), and supported by the attached exhibits.

## **STATEMENT OF MATERIAL FACTS**

There is no genuine dispute about the following material facts in this case:

1. Plaintiff filed a FOIA request dated June 12, 2006, which was received by NSA's Office of Policy on June 19, 2006. See Declaration of Louis F. Giles (Giles Decl.) ¶ 5, Exhibit 1. Plaintiff requested all records relating to communications between Anthony Pellicano and Plaintiff and/or Federal Security Inc. Id.

2. On July 14, 2006, Plaintiff filed an "Amended Complaint to Compel Production of Records Pursuant to 5 U.S.C. § 552 Freedom of Information Act." In this complaint, Plaintiff alleged, *inter alia,* that he had not received communication from NSA regarding his FOIA request and asked the court to issue an order to compel production. Id. ¶ 6.

3. By letter dated July 21, 2006, NSA responded to plaintiff's FOIA request. Id. ¶ 7, Exhibit 2. NSA informed Plaintiff that it conducted a thorough search of its comprehensive filing systems to include applicant, security, personnel and training files, but that it could not, after a thorough search, locate any records that were responsive to his request for communications between himself and/or Federal Security Inc. and Anthony Pellicano. Id. In this letter, NSA advised Plaintiff of his appeal rights. Id.

4. The Agency's response to Plaintiff's FOIA request was sent before it became aware that Plaintiff had initiated a civil action regarding his FOIA request.  It should be noted that Plaintiff did not appeal the Agency's decision that it had no records responsive to its FOIA request.  Id. ¶ 8.

5. NSA's FOIA office is staffed with a cadre of experienced former intelligence analysts and personnel specialists who are extremely knowledgeable of NSA's mission, functions, and activities.  The FOIA staff that reviewed Plaintiff's request has well over 30 years of combined experience at NSA, and expertise with its mission, functions, and activities.  The FOIA staff conducted a thorough search of the Agency's comprehensive filing systems, which included databases on NSA applicants, visitors, personnel, security, training, among others, searching for information on James R. Skrzypek and/or Federal Security Inc. and Anthony Pellicano.  These filing systems contain the databases where responsive records, if they existed, would be found.  However, no records were located on either of these two individuals and this company, as none of them have ever been affiliated with NSA.  Id. ¶ 9.

## II. ARGUMENT

### A. Summary Judgment is Appropriate Because Defendants Conducted A Reasonable Search for Records

**1. Standard**

The defendant performed a reasonable search in response to plaintiff's FOIA request.  In responding to a FOIA request an agency is under a duty to conduct no more than a reasonable search for responsive records.  Ogelsby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Department of Health and Human Services, 844 F.Supp. 770, 776 (D.D.C. 1993).

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located.  Nation Magazine, Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  It has been held that "the search need only be reasonable; it does not have to be exhaustive."  Miller v. U.S. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing, National Cable Television Ass'n, Inc. v. F.C.C., 479 F.2d 183, 186 (D.C.Cir. 1973).  As a result, an agency under the FOIA is not required to search every division or field office in response to a FOIA request when responsive documents are likely to be located in one place. Marks v. U.S. (Dept. of Justice), 578 F.2d 261, 263 (9th Cir. 1978).  The agency is not obligated to perform an "open-ended, broad based, and ill-defined" search of every division and

-4-

office.  See, Marrera v. U.S. Dept. of Justice, 622 F.Supp. 51, 54 (D.D.C. 1985).

Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, 71 F.3d at 892 n.7.  Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.  Maynard v. C.I.A., 986 F.2d 547, (1st Cir. 1993).  Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990).

### 2. The NSA Conducted a Reasonable Search

NSA has submitted a declaration, with supporting exhibits, that describes the process by which the agency searched for responsive records.  See Giles Decl.  The Giles declaration explains that the agency conducted its search by looking for any records relating to communications between Anthony Pellicano and Plaintiff and/or Federal Security Inc.  Id. at ¶ 1.

The FOIA staff that reviewed plaintiff's request has well over 30 years of combined experience at the NSA, and expertise with its mission, functions, and activities.  The FOIA staff conducted a thorough search of the Agency's comprehensive filing systems, which included databases on NSA applicants, visitors,

personnel, security, training, among others, searching for information on James R. Skrzypek and/or Federal Security Inc. and Anthony Pellicano. However, no records were located on either of these two individuals and this company, as none of them have ever been affiliated with NSA. Id. ¶ 5.

Because there were no records located, there are no further issues to resolve, and NSA is entitled to judgment as a matter of law.

### III. CONCLUSION

Plaintiff cannot establish any violation of the Freedom of Information Act or the Privacy Act. The National Security Agency's search yielded no responsive documents to Plaintiff's request.

WHEREFORE, Defendant National Security Agency respectfully requests that the Court grant the motion to dismiss or alternatively grant the motion for summary judgment.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that service of the foregoing Defendants' Motion To Dismiss or, in the Alternative, Summary Judgment, and a proposed Order has been made by mailing copies thereof to:

JAMES R. SKRZYPKEK  
#08324-424  
Federal Prison Camp  
P.O. Box 1000  
Duluth, MN 55814

on the 23rd day of October, 2006.

_____  
MADELYN JOHNSON, DC Bar #396739  
Assistant United States Attorney  
Civil Division  
555 4th Street, N.W.  
Washington, D.C.  20530  
(202) 514-7135