UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES R. SKRZYPEK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES TREASURY DEPARTMENT, )<br>et al., )<br>)<br>Defendants ) | Civil Action No. 06 1129<br>(EGS) |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS IN PART OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN PART

NOW COMES Plaintiff, James R. Skrzypek. Pro Se, and submits Plaintiff's Response in Opposition to Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part and states as follows:

### UNITED STATES TREASURY DEPARTMENT (IRS)

This case arises under the Freedom of Information Act 5 U.S.C. § 552 and the Privacy Act of 1974 (PA) 5 U.S.C. § 552. The government erroneously states that Plaintiff failed to exhaust his administrative remedies and that Defendant, IRS, located no documents responsive to Plaintiff's request, therefore the claims must be dismissed or, in the alternative, summary judgment must be granted.

On April 21, 2006, Plaintiff sent a Freedom of Information Act (FOIA) request to the United States Department of the Treasury, attached as Exhibit 1, requesting, "Expedited Processing for Current Litigation" of various documents pertaining to the search of his

residence in Chicago, Illinois. On June 7, 2006, approximately 6 weeks later, Plaintiff received a letter from Linda Barnes, Senior Disclosure Specialist in Chicago, stating that the office does not maintain the records and directing Plaintiff to the FBI. (Ex.2) On June 12, 2006, Plaintiff responded to the letter and identified an agent that was in Plaintiff's residence and requested Ms. Barnes produce the information that Plaintiff requested in his original FOIA request. (EX.3) It is provided pursuant to U.S.C § 552(a)(6)(E), 28 C.F.R. § 16.5(d)(4) that "Within 10 calendar days of its receipt of a request for expedited processing, the proper component shall decide whether to grant it and notify the requester of the decision."

Plaintiff did not receive a response to "Expedited Processing" within the 10 day period outlined above, and did not receive a response to the original request within the 20 day time period prescribed under U.S.C. § 552(a)(6)(A)(i). The first response received by Plaintiff was approximately 6 weeks from his initial request. Since the government did not timely respond to the initial request, Plaintiff was not required to exhaust FOIA administrative remedies. <u>Shermco Industries Inc. v. Secretary of the Unted States Air Force</u>, 452 F.Supp 306 (N.D.Tex.1978), revd on other grounds 613 F.2d 1314 (5th Cir.1980), <u>Hudgins v. I.R.S.</u>, 620 F.Supp 19 (D.C.C.1985), <u>Ervin & Associates, Inc. v. Dunlap</u>, 33 F.Supp 2d.1 (D.C.C.1997).

The government seeks dismissal of Plaintiff's complaint and states that Defendant IRS located no documents responsive to Plaintiff's request. In the statement of Material Facts as to which There is no Genuine Issue, submitted by the government, Declarant Franco

searched records in an evidence room maintained by the CI Division in Chicago, Illinois. (Pg.3 § 6). Franco then proceeded to search 89 boxes of records relating to Plaintiff, including corporations owned by Plaintiff, payroll checks, operating account checks and subpoenaed records (Pg.4 § 7). The conclusion, after undertaking this search, was that there were no records responsive to Plaintiff's request.

It comes as no surprise that the requested records were never found in the boxes examined by Franco because the records he examined were not internal agency records requested by Plaintiff but Plaintiff's company records which have nothing whatsoever to do with Plaintiff's request. Plaintiff requested search warrants, search warrant applications, agent authored reports surrounding entries into the residence along with identities of all agents and government officials entering his residence, photographs taken and reports of installation or removal of electronic surveillance equipment.

Plaintiff is bewildered as to how these documents could ever be found in 89 boxes of proprietary material other than to give the impression to this Court that a laborious search was conducted with no responsive records. Special Agents of the IRS are obligated and required to generate reports of their activity, especially when assisting other agencies, namely the FBI, as has been stated in the declaration. To deny their existence is untruthful and a deliberate attempt to mislead this Court. Searching for responsive records pertaining to internal agency work product in boxes that contain payroll checks, operating account checks and the like is ludicrous

and designed to insult the intelligence of Plaintiff and this Court.

## EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

It is provided in U.S.C. § 552(a)(6)(E), 28 C.F.R. § 16.5(d)(4) that within 10 calendar days of its receipt of a request of expedited processing, the proper component shall decide whether to grant it and notify the requester of the decision. Plaintiff submitted his, "request for expedited processing" on April 21, 2006. One was submitted to the United States Attorney's Office in Chicago and the other to the United States Attorney's Office in Los Angeles. They were not submitted on May 10, 2006 as alleged in Defendant's Motion to Dismiss in Part or in the Alternative, for Summary Judgment in Part. (Pg.4 § 9). Plaintiff resubmitted the April 21, 2006 original request for "expedited processing" pursuant to a letter received from Sharon Getty, Legal Administration Specialist at the United States Attorney's Office in Chicago, Illinois. (Ex.4) That letter directed Plaintiff to contact Ms. Marie O'Rourke, Assistant Director for FOIA in Washington, D.C., which Plaintiff did and resubmitted the identical April 21, 2006 request for "expedited processing" made to the Chicago Office (Ex.5) with the letter dated May 10, 2006 (Ex.6) specifically requesting consideration for "expedited processing"

In a letter dated May 9, 2006 from the United States Attorney's Office for the Central District of California, Plaintiff was advised that his request was, likewise, being sent to Washington. (Ex.7) Plaintiff sent a letter to Ms. O'Rourke dated May 15, 2006, (Ex.8) along with Plaintiff's second page of his original request. (Ex.9) Plaintiff's April 21, 2006 request and letter requested "expedited

processing", and the letter urged prompt attention to Plaintiff's request because time was of the essence.

Plaintiff, at no time, ever submitted several consecutive requests asking for the same information as stated by the government. (Pg.5 § 10). One, and only one request was made and resubmitted to the Washington Office in its identical format as explained in Plaintiff's May 10 and May 15, 2006 letters to Ms. O'Rourke. (see Ex.5,6)

By letter dated August 23, 2006, the EOUSA notified Plaintiff that it would cost $8,680.00 to search through 250 boxes of documents that would take 310 hours to search - all for a requested 8 documents. That amounts to more than $1,000 per document!

As with the IRS, the EOUSA believes the requested internal agency documents are somewhere in 250 boxes of documents that have nothing to do with the request. Plaintiff requested search warrant applications, search warrants and daily reports of members of the United States Attorney's Office surrounding the search of his residence, along with an inventory of property removed and identification of all agents and government officials and employees entering his residence, with copies of photographs and videos taken of his residence and reports of the installation or removal of electronic surveillance equipment from his residence. What part of this requires a laborious search through 250 boxes of unrelated proprietary records of Plaintiff that have nothing, whatsoever, to do with these requests?

The EOUSA gives the impression that the requested documents are buried within these boxes of material that must be examined when, internal agency reports, done by members of the U.S. Attorney's

Office must be submitted and activities documented within that office, especially when members of the U.S. Attorney's Office were verified being present during the search.

## ARGUMENT

Pursuant to 5 U.S.C. § 552(a)(6)(E), 28 C.F.R. § 16.5(d)(4), Plaintiff exhausted his administrative remedies when a response was not received on his repeated requests for expedited processing. The government did not timely respond to Plaintiff's initial request and Plaintiff was not required to exhaust FOIA administrative remedies. <u>Shermco Industries, Inc. v. Secretary of the United States Air Force</u>, <u>Hudgins v. I.R.S.</u>, <u>Ervin & Associates, Inc. v. Dunlap</u>, id., and may seek relief on an expedited basis in federal court. Administrative remedies will be deemed exhausted if an agency fails to comply with statutory time limitations for making determinations. <u>Hudgins v. I.R.S.</u> id.

Plaintiff repeatedly requested "expedited processing" and was never given a determination of it being granted or denied. Since time was of the essence, Plaintiff filed this action and was considered to have exhausted his administrative remedies.

Plaintiff is incarcerated and indigent. There is an exceptional and compelling need and urgency for making these requests. The government is deliberately and vexatiously withholding these documents from Plaintiff with the outrageous insistence on payment of over $8,000 to obtain them, knowing full well that not one requested document would ever be found among 250 boxes of material that has nothing to do with the documents requested. Plaintiff has never

refused a reasonable search fee when any of the original requests were made, but to now say that Plaintiff additionally failed to exhaust administrative remedies because he failed to pay outrageous fees assessed to process his request is patently absurd.

Plaintiff is in agreement with the government when it states that the "DOJ has promulgated comprehensive regulations, set forth at 28 C.F.R. §§ 16.1 et seq., governing the procedures requesters must follow in making FOIA requests to <u>DOJ components</u>, as well as procedures <u>components</u> must follow in responding to such requests." (Pg.4 Def's Mtn). Emphasis added. The applicable provision in 28 C.F.R § 16.5(4) bears repeating: "Within 10 calendar days of its receipt of a request of expedited processing, the proper <u>component</u> shall decide whether to grant it and notify the requester of the decision." Emphasis added.

Plaintiff followed the law; the government was unresponsive and Plaintiff did not need to exhaust administrative remedies. It has been shown to this Court that Plaintiff has continued to pursue his requests on an "expedited" basis with absolutely no response from the government forcing Plaintiff to file this complaint.

Plaintiff's complaint has merit in law and fact and should not be dismissed and Defendant's Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part should be denied.

Wherefore, Plaintiff prays this Court deny the government's Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part in its entirety.

Respectfully Submitted,

*[signature]*
James R. Skrzypek

James R. Skrzypek 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814