**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED

OCT 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES R. SKRZYPEK )
)
             Plaintiff, )
)
       v. )
)          Civil Action No. 06 1129
UNITED STATES TREASURY DEPARTMENT, )               (EGS)
et al., )
)
             Defendants )
)
)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS IN PART
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN PART**

NOW COMES Plaintiff, James R. Skrzypek. Pro Se, and submits
Plaintiff's Response in Opposition to Motion to Dismiss in Part
or, in the Alternative, for Summary Judgment in Part and states
as follows:

**UNITED STATES TREASURY DEPARTMENT (IRS)**

This case arises under the Freedom of Information Act 5 U.S.C.
§ 552 and the Privacy Act of 1974 (PA) 5 U.S.C. § 552. The government
erroneously states that Plaintiff failed to exhaust his administrative
remedies and that Defendant, IRS, located no documents responsive
to Plaintiff's request, therefore the claims must be dismissed or,
in the alternative, summary judgment must be granted.

On April 21, 2006, Plaintiff sent a Freedom of Information Act
(FOIA) request to the United States Department of the Treasury,
attached as Exhibit 1, requesting, "Expedited Processing for Current
Litigation" of various documents pertaining to the search of his

-1-

residence in Chicago, Illinois. On June 7, 2006, approximately 6
weeks later, Plaintiff received a letter from Linda Barnes, Senior
Disclosure Specialist in Chicago, stating that the office does not
maintain the records and directing Plaintiff to the FBI. (Ex.2)
On June 12, 2006, Plaintiff responded to the letter and identified
an agent that was in Plaintiff's residence and requested Ms. Barnes
produce the information that Plaintiff requested in his original
FOIA request. (EX.3) It is provided pursuant to U.S.C § 552(a)(6)(E),
28 C.F.R. § 16.5(d)(4) that "Within 10 calendar days of its receipt
of a request for expedited processing, the proper component shall
decide whether to grant it and notify the requester of the decision."

Plaintiff did not receive a response to "Expedited Processing"
within the 10 day period outlined above, and did not receive a response
to the original request within the 20 day time period prescribed under
U.S.C. § 552(a)(6)(A)(i). The first response received by Plaintiff
was approximately 6 weeks from his initial request. Since the govern-
ment did not timely respond to the initial request, Plaintiff was
not required to exhaust FOIA administrative remedies. Shermco Indust-
ries Inc. v. Secretary of the Unted States Air Force, 452 F.Supp
306 (N.D.Tex.1978), revd on other grounds 613 F.2d 1314 (5th Cir.1980),
Hudgins v. I.R.S., 620 F.Supp 19 (D.C.C.1985), Ervin & Associates,
Inc. v. Dunlap, 33 F.Supp 2d.1 (D.C.C.1997).

The government seeks dismissal of Plaintiff's complaint and
states that Defendant IRS located no documents responsive to Plain-
tiff's request. In the statement of Material Facts as to which There
is no Genuine Issue, submitted by the government, Declarant Franco

-2-

searched records in an evidence room maintained by the CI Division in Chicago, Illinois. (Pg.3 § 6). Franco then proceeded to search 89 boxes of records relating to Plaintiff, including corporations owned by Plaintiff, payroll checks, operating account checks and subpoenaed records (Pg.4 § 7). The conclusion, after undertaking this search, was that there were no records responsive to Plaintiff's request.

It comes as no surprise that the requested records were never found in the boxes examined by Franco because the records he examined were not internal agency records requested by Plaintiff but Plaintiff's company records which have nothing whatsoever to do with Plaintiff's request. Plaintiff requested search warrants, search warrant applications, agent authored reports surrounding entries into the residence along with identities of all agents and government officials entering his residence, photographs taken and reports of installation or removal of electronic surveillance equipment.

Plaintiff is bewildered as to how these documents could ever be found in 89 boxes of proprietary material other than to give the impression to this Court that a laborious search was conducted with no responsive records. Special Agents of the IRS are obligated and required to generate reports of their activity, especially when assisting other agencies, namely the FBI, as has been stated in the declaration. To deny their existence is untruthful and a deliberate attempt to mislead this Court. Searching for responsive records pertaining to internal agency work product in boxes that contain payroll checks, operating account checks and the like is ludicrous

-3-

and designed to insult the intelligence of Plaintiff and this Court.

## EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

It is provided in U.S.C. § 552(a)(6)(E), 28 C.F.R. § 16.5(d)(4) that within 10 calendar days of its receipt of a request of expedited processing, the proper component shall decide whether to grant it and notify the requester of the decision. Plaintiff submitted his, "request for expedited processing" on April 21, 2006. One was submitted to the United States Attorney's Office in Chicago and the other to the United States Attorney's Office in Los Angeles. They were not submitted on May 10, 2006 as alleged in Defendant's Motion to Dismiss in Part or in the Alternative, for Summary Judgment in Part. (Pg.4 § 9). Plaintiff resubmitted the April 21, 2006 original request for "expedited processing" pursuant to a letter received from Sharon Getty, Legal Administration Specialist at the United States Attorney's Office in Chicago, Illinois. (Ex.4) That letter directed Plaintiff to contact Ms. Marie O'Rourke, Assistant Director for FOIA in Washington, D.C., which Plaintiff did and resubmitted the identical April 21, 2006 request for "expedited processing" made to the Chicago Office (Ex.5) with the letter dated May 10, 2006 (Ex.6) specifically requesting consideration for "expedited processing"

In a letter dated May 9, 2006 from the United States Attorney's Office for the Central District of California, Plaintiff was advised that his request was, likewise, being sent to Washington. (Ex.7) Plaintiff sent a letter to Ms. O'Rourke dated May 15, 2006, (Ex.8) along with Plaintiff's second page of his original request. (Ex.9) Plaintiff's April 21, 2006 request and letter requested "expedited

processing", and the letter urged prompt attention to Plaintiff's request because time was of the essence.

Plaintiff, at no time, ever submitted several consecutive requests asking for the same information as stated by the government. (Pg.5 § 10). One, and only one request was made and resubmitted to the Washington Office in its identical format as explained in Plaintiff's May 10 and May 15, 2006 letters to Ms. O'Rourke. (see Ex.5,6)

By letter dated August 23, 2006, the EOUSA notified Plaintiff that it would cost $8,680.00 to search through 250 boxes of documents that would take 310 hours to search - all for a requested 8 documents. That amounts to more than $1,000 per document!

As with the IRS, the EOUSA believes the requested internal agency documents are somewhere in 250 boxes of documents that have nothing to do with the request. Plaintiff requested search warrant applications, search warrants and daily reports of members of the United States Attorney's Office surrounding the search of his residence, along with an inventory of property removed and identification of all agents and government officials and employees entering his residence, with copies of photographs and videos taken of his residence and reports of the installation or removal of electronic surveillance equipment from his residence. What part of this requires a laborious search through 250 boxes of unrelated proprietary records of Plaintiff that have nothing, whatsoever, to do with these requests?

The EOUSA gives the impression that the requested documents are buried within these boxes of material that must be examined when, internal agency reports, done by members of the U.S. Attorney's

-5-

Office must be submitted and activities documented within that office, especially when members of the U.S. Attorney's Office were verified being present during the search.

### ARGUMENT

Pursuant to 5 U.S.C. § 552(a)(6)(E), 28 C.F.R. § 16.5(d)(4), Plaintiff exhausted his administrative remedies when a response was not received on his repeated requests for expedited processing. The government did not timely respond to Plaintiff's initial request and Plaintiff was not required to exhaust FOIA administrative remedies. Shermco Industries, Inc. v. Secretary of the United States Air Force, Hudgins v. I.R.S., Ervin & Associates, Inc. v. Dunlap, id., and may seek relief on an expedited basis in federal court. Administrative remedies will be deemed exhausted if an agency fails to comply with statutory time limitations for making determinations. Hudgins v. I.R.S. id.

Plaintiff repeatedly requested "expedited processing" and was never given a determination of it being granted or denied. Since time was of the essence, Plaintiff filed this action and was considered to have exhausted his administrative remedies.

Plaintiff is incarcerated and indigent. There is an exceptional and compelling need and urgency for making these requests. The government is deliberately and vexatiously withholding these documents from Plaintiff with the outrageous insistence on payment of over $8,000 to obtain them, knowing full well that not one requested document would ever be found among 250 boxes of material that has nothing to do with the documents requested. Plaintiff has never

refused a reasonable search fee when any of the original requests were made, but to now say that Plaintiff additionally failed to exhaust administrative remedies because he failed to pay outrageous fees assessed to process his request is patently absurd.

Plaintiff is in agreement with the government when it states that the "DOJ has promulgated comprehensive regulations, set forth at 28 C.F.R. §§ 16.1 et seq., governing the procedures requesters must follow in making FOIA requests to DOJ components, as well as procedures components must follow in responding to such requests." (Pg.4 Def's Mtn). Emphasis added. The applicable provision in 28 C.F.R § 16.5(4) bears repeating: "Within 10 calendar days of its receipt of a request of expedited processing, the proper component shall decide whether to grant it and notify the requester of the decision." Emphasis added.

Plaintiff followed the law; the government was unresponsive and Plaintiff did not need to exhaust administrative remedies. It has been shown to this Court that Plaintiff has continued to pursue his requests on an "expedited" basis with absolutely no response from the government forcing Plaintiff to file this complaint.

Plaintiff's complaint has merit in law and fact and should not be dismissed and Defendant's Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part should be denied.

Wherefore, Plaintiff prays this Court deny the government's Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part in its entirety.

-7-

Respectfully Submitted,


James R. Skrzypek


James R. Skrzypek 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

** EXPEDITED PROCESSING REQUESTED FOR CURRENT LITIGATION **

## FREEDOM OF INFORMATION ACT FORMAL
### REQUEST FOR INFORMATION

**DATE:** April 21, 2006

**AGENCY:** United States Treasury Department

**ADDRESS:** 200 W. Adams Street

**CITY, STATE** Chicago, Illinois 60606

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:** James R. Skrzypek

**ADDRESS:** P.O. Box 1000

**CITY, STATE, ZIP:** Duluth, Mn 55814

**BIRTHDATE:** February 12, 1949

**BIRTHPLACE:** Chicago, Illinois

**SOCIAL SECURITY NUMBER:** 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

**FBI NUMBER:** Unknown

**MARSHAL'S SERVICE NUMBER:** Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

EX. 1

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

### Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

1. Search warrant applications and affidavits to search a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

2. Search warrants for a search of a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

3. Reports, daily or other, surrounding entries to a residence located at 7620 W. Foster Avenue, Chicago Illinois on July 23, 24 and 25, 1997.

4. Inventory of property removed from a residence located at 7620 W Foster Avenue, Chicago, Illinois on July 23  24 and 25, 1997.

5. Identities of all agents and government officeals or employees entering a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

6. Copies of photographs and/or videos made of the residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

7. Reports of the installation or removal of electronic surveillance equiptment to the residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.


EX. 1

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

_____
    Requestor Signature

EX. 1



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

June 7, 2006

James R. Skrzypek
P.O. Box 1000
Duluth, MN 55814

RE: FOIA Request for Records for your Social Security Number 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

Dear Mr. Skrzypek:

This is in response to your Freedom of Information Act (FOIA) request, dated April 21, 2006 and received in our office on May 17, 2006.

Your request was for copies of search warrant applications and affidavits, search warrants, reports, inventory, copies of photographs or videos, and reports of installation or removal of electronic surveillance equipment for the residence located at 7620 W. Foster Ave, Chicago on July 23, 24, and 25, 1997. You also requested to know the identities of all agents which entered that residence on those dates.

Please be advised that our office does not maintain the above records. The requested records are maintained by the FBI (Federal Bureau of Investigation). You may send your request to:

FBI Chicago
219 S. Dearborn St., Room 905
Chicago, IL 60604-1702

Should you have any questions concerning this correspondence, you may contact Senior Disclosure Specialist Linda Barnes, ID#36-08136, by phone at 312-566-3531 or by mail to Internal Revenue Service, Chicago Disclosure Office, 230 S. Dearborn St., Mail Stop 7000CHI, Chicago, IL 60604. Please refer to case number 04-2006-02168.

Sincerely,

*Linda Barnes*

Linda Barnes
Senior Disclosure Specialist

EX. 2

June 12, 2006

Linda Barnes, ID#36-08136
Senior Disclosure Specialist
Internal Revenue Service, Chicago Disclosure Office
230 S. Dearborn Street
Mail Stop 7000CHI
Chicago, Il 60604

Re: Case No: 04-2006-02168

Dear Ms. Barnes:

    Thank you for your letter of June 7, 2006 concerning my April 21, 2006 Freedom of Information Request.

    Please be advised that on information and belief, agents from the Department of the Treasury entered my home on one or more of the dates mentioned in my initial request. More specifically, one of the agents identified was Special Agent Jose Franco.

    There is, currently pending, a Freedom of Information Request filed with the FBI for similar information. Your attention to this request for production of the information listed would be appreciated greatly.

    If you have any further questions, please feel free to contact me.

Sincerely,


James R. Skrzypek 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, Mn 55814



EX. 3



U.S. Department of Justice

United States Attorney

Northern District of Illinois

---

Everett McKinley Dirksen Building                    (312) 353-5300
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

May 8, 2006

James R. Skrzypek
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

Dear Mr. Skrzypek:

This letter is to acknowledge the receipt of your F.O.I.A. request. A copy of your request has
been sent to the Executive Office for U.S. Attorneys for processing. If you have any questions
regarding your request you may wish to contact Ms. Marie A. O'Rourke, Assistant Director. The
address is: Freedom of Information/PA Unit, Executive Office for the U.S. Attorneys, Room
7100, 600 E. Street, N.W. Washington, D.C. 20530. The telephone number is 202-616-6757.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

BY:  *Sharon E. Getty*
Sharon E. Getty
Legal Administration Specialist

EX. 4

### FREEDOM OF INFORMATION ACT FORMAL
### REQUEST FOR INFORMATION

**DATE:** April 21, 2006

**AGENCY:** U.S. Attorney

**ADDRESS:** 219 S. Daearborn Street

**CITY, STATE** Chicago, Illinois 60604

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:** James R. Skrzypek

**ADDRESS:** P O. Box 1000

**CITY, STATE, ZIP:** Duluth, Mn 55814

**BIRTHDATE:** February 12, 1949

**BIRTHPLACE:** Chicago, Illinois

**SOCIAL SECURITY NUMBER:** 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

**FBI NUMBER:** Unknown

**MARSHAL'S SERVICE NUMBER:** Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

EX.4

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

### Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

1. Search warrant applications and affidavits to search a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

2. Search warrants for a search of a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

3. Reports, daily or other, surrounding entries to a residence located at 7620 W. Foster Avenue, Chicago Illinois on July 23, 24 and 25, 1997.

4. Inventory of property removed from a residence located at 7620 W Foster Avenue, Chicago, Illinois on July 23  24 and 25, 1997.

5. Identities of all agents and government officeals or employees entering a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

6. Copies of photographs and/or videos made of the residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

7. Reports of the installation or removal of electronic surveillance equiptment to the residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

8. Copies of FD 597 Receipts for tape recorders, describing make, model and serial numbers corresponding to a December 22, 1994 summary of tape recordings prepared by SA John Robert Shoup and submitted by memorandum on January 3, 1995.



Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days,
not including weekends and legal holidays, to either comply with
request and produce the records, or to immediately notify the requestor
of the failure by the agency to comply with the request for said record(s).
Should "unusual circumstances" arise in complying with this request,
as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor
of the specific date the record(s) will be dispatched. See Pollack V.
Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed.
2d 78.

I respectfully thank you for your assistance in obtaining copies of
the records requested.

_____
      Requestor Signature

EX.4

** EXPEDITED PROCESSING REQUESTED FOR CURRENT LITIGATION **

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:**  May 10, 2006

**AGENCY:**  Marie O'Rourke, Assistant Director, Freedom of Information/PA Unit

**ADDRESS:** Executive Office for the U.S. Attorney, Room 7100, 600 E. Street, N.W.

**CITY, STATE** Washington, D.C. 20530

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:**  James R. Skrzypek  08324-424

**ADDRESS:**  P.O. Box 1000

**CITY, STATE, ZIP:** Duluth, Mn 55814

**BIRTHDATE:** February 12, 1949

**BIRTHPLACE:** Chicago, Illinois

**SOCIAL SECURITY NUMBER:**  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

**FBI NUMBER:**  Unknown

**MARSHAL'S SERVICE NUMBER:**  Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

EX. 5

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

1. Search warrant applications and affidavits to search a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

2. Search warrants for a search of a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

3. Reports, daily or other, surrounding entries to a residence located at 7620 W. Foster Avenue, Chicago Illinois on July 23, 24 and 25, 1997.

4. Inventory of property removed from a residence located at 7620 W Foster Avenue, Chicago, Illinois on July 23  24 and 25, 1997.

5. Identities of all agents and government officeals or employees entering a residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

6. Copies of photographs and/or videos made of the residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

7. Reports of the installation or removal of electronic surveillance equiptment to the residence located at 7620 W. Foster Avenue, Chicago, Illinois on July 23, 24 and 25, 1997.

8. Copies of FD 597 Receipts for tape recorders, describing make, model and serial numbers corresponding to a December 22, 1994 summary of tape recordings prepared by SA John Robert Shoup and submitted by memorandum on January 3, 1995.


EX.5

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

_____
        Requestor Signature

EX.5

May 10, 2006

Ms. Marie A. O'Rourke, Assistant Director
Freedom of Information/PA Unit
Executive Office for the U.S. Attorney, Room 7100
600 E. Street, N.W.
Washington, D.C. 20530

Dear Ms. O'Rourke:

    Enclosed, please find a letter that I received after I submitted the attached FOIA Request to the U.S. Attorney in Chicago.

    I have indicated that my request be considered for expedited processing as I am currently preparing a supplemental brief for the 7th Circuit Court of Appeals and have been granted permission to do so by the Court. As such, this information is vitally needed for this litigation. I am renewing this request with you as well.

Sincerely,


James R. Skrzypek 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, Mn 55814

EX. 6



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

*Cindy Lozano*
*FOIA Contact - Criminal Division*

*United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

May 9, 2006

James R. Skrzypek
Fed. Reg. No. 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

Re: Freedom of Information Act Request

Dear Mr. Skrzypek:

Your letter dated April 21, 2006 requesting information under the Freedom of Information Act ("FOIA") has been referred to me for response.

Your letter is being forwarded to the FOIA Office for the Executive Office of the United States Attorney at the Department of Justice in Washington. Pursuant to the Code of Federal Regulations, the Freedom of Information Office coordinates the processing of all FOIA requests for all of the United States Attorney's Offices. You should receive a response from them in the near future.

Very truly yours,

DEBRA WONG-YANG
United States Attorney

By: _____

CINDY LOZANO
FOIA Contact - Criminal Division CDC

cc:     FOIA/PA Unit          < ---   ***    **To expedite any future**
        Bicentennial Bldg., Room 7100              **Freedom of Information Act**
        600 "E" Street, N.W.                       **requests relating to records retained by**
        Washington, D.C. 20530                     **the United States Attorney's Office,**
                                                   **please write directly to the FOIA Unit.**



May 15, 2006

Ms. Marie A. O'Rourke, Assistant Director
Freedom of Information/PA Unit
Executive Office for the U.S. Attorney, Room 7100
600 "E" Street, N.W.
Washington, D.C. 20530

Dear Ms. O'Rourke:

Enclosed, please find a letter dated May 9, 2006 received from Cindy Lozano at the U.S. Attorney's Office in Los Angeles, California. This letter was forwarded to your Unit after I sent an FOIA Request to them on April 21, 2006.

I am sending page 2 of my FOIA Request which identifies the records requested. I am also requesting that this request be placed in an expedited fashion as I must submit my supplemental brief to the 7th Circuit Court of Appeals by June 2, 2006 and am in need of these records for its preparation.

Since time is of the essence, I would appreciate your prompt attention to this request.

Sincerely,


James R. Skrzypek 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, Mn 55814

EX. 8

** EXPEDITED PROCES... REQUESTED FOR CURRENT L... ATION **

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:**  April 21, 2006

**AGENCY:**   United States Attorney for the Central District of California

**ADDRESS:**  United States Courthouse, 312 Spring Street

**CITY, STATE**  Los Angeles, Ca 90012

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:**  James R. Skrzypek 08324-424

**ADDRESS:**  P.O. Box 1000

**CITY, STATE, ZIP:**  Duluth, Mn 55814

**BIRTHDATE:**  February 12, 1949

**BIRTHPLACE:**  Chicago, Illinois

**SOCIAL SECURITY NUMBER:**  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

**FBI NUMBER:**  Unknown

**MARSHAL'S SERVICE NUMBER:**  Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

**EX.9**

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

### Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
<u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

Any and all documents, records, reports, audiotapes or videotapes,
in electronic, digital, analog or in any other format in your
possession, custody or control from the arrest of Anthony Pellicano,
relating, in any way, whatsoever, with James R. Skrzypek or Federal
Security, Inc.

EX.9

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See <u>Pollack V. Department of Justice</u>, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

_____
   Requestor Signature

EX.9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )    Civil Action No. 06 1129
                                           )         (EGS)
UNITED STATES TREASURY DEPARTMENT,         )
et al.,                                    )
                                           )
            Defendants                     )
                                           )

### DECLARATION OF JAMES R. SKRZYPEK

I, James R. Skrzypek, declare that if further proceedings are necessary for resolution of this cause, I would offer testimony in conformance with the following averments:

1.   That, I am the Plaintiff in the cause captioned above. I am now incarcerated within the Federal Bureau of Prisons; assigned to the Duluth, Minnesota Federal Prison Camp. My inmate registration number is 08324-424.

2.   That I have personally prepared this Response in Opposition to Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part and have supported this Response with evidence made on personal knowledge setting forth facts as would be admissible as evidence pursuant to Fed.R.Civ.P.56(e).

WHEREFORE, I declare under the penalty of perjury described at Title 28 U.S.C § 1746, that the above averments are true and correct.



James R. Skrzypek

James R. Skrzypek 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814