

RECEIVED

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES R. SKRZYPEK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES TREASURY DEPARTMENT, )<br>et al., )<br>)<br>Defendants )<br>) | Civil Action No. 06 1129<br>(EGS) |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS IN PART OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN PART

NOW COMES Plaintiff, James R. Skrzypek, Pro Se, and submits Plaintiff's Response in Opposition to Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part and states as follows:

### NATIONAL SECURITY AGENCY (NSA)

This case arises under the Freedom of Information Act 5 U.S.C. § 552 and the Privacy Act of 1974 (PA) 5 U.S.C. § 552. The government contends that the processing of Plaintiff's FOIA/Privacy Act request to the National Security Agency (NSA) was reasonable and found no documents responsive to Plaintiff's request. The government states that "FOIA staff conducted a thorough search of the Agency's databases on NSA Applicants, visitors, personnel, security, training, among others, searching for information on Plaintiff, his company and Anthony Pellicano."

## BACKGROUND

Anthony Pellicano is a convicted former Hollywood Private Investigator currently incarcerated and awaiting trial in Los Angeles for wiretapping violations and other related charges.

On or about November 2001, Plaintiff retained the services of Pellicano to authenticate audiotapes relating to Plaintiff and his wife at their upcoming criminal trial in Chicago.

Plaintiff spoke to Pellicano and his staff over the course of several weeks with Pellicano's representation that he had conversations with the government and the FBI on behalf of Plaintiff. Shortly after Plaintiff was convicted, news accounts ran rampant of the arrest of Pellicano by the FBI at his Los Angeles office. During the arrest, FBI Agents executed a search warrant and seized files and computers containing encrypted conversations. It was reported by the New York Times, Los Angeles Times and the media that several individuals entered guilty pleas to various offenses, agreeing to testify against Pellicano. A litany of former employees revealed that Pellicano recorded all of his conversations, both incoming and outgoing. (Exhibits 1,2).

On June 12, 2006, Plaintiff submitted a Freedom of Information request to the National Security Agency (NSA) attached as Exhibit 3, after learning that the NSA was contacted by the FBI to assist in the decryption of Pellicano's computer. (Exhibits 4,5). On July 14, 2006, after receiving no response from the NSA, Plaintiff, pursuant to 5 U.S.C. 552 § (a)(6)(C)(i), amended his current FOIA Complaint to add the NSA as a Defendant. In a letter dated July 21, 2006, the NSA stated that it searched comprehensive files relating to

2

"applicant, security, personnel and training files for files responsive to Plaintiff's request.

On October 26, 2006, Plaintiff received Defendants' Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part with a declaration of Louis Giles, Director of Policy for the NSA and a statement by the government that the NSA "is staffed with a cadre of experienced former intelligence analysts and personnel specialists who are extremely knowledgeable of NSA's mission, functions, and activities." (Gov't Mtn.Pg.3 § 5).

Defendant, National Security Agency (NSA), has not conducted a reasonable search of records responsive to Plaintiff's request, in that the records examined would never elicit information regarding Plaintiff because the records examined have nothing to do with the request. Plaintiff concedes that his name would not be found on a list of, "applicant, security, personnel or training files." A reasonable search related to Plaintiff's request would require examination of those files decrypted for the FBI and would have alerted the researchers to their previous work on behalf of the FBI when they "soundexed" Pellicano's name. The July 21, 2006 letter states that there is no information on Pellicano either, directly contradicting news media reports. This, however, can be attributed to the deficient search conducted by Defendant, NSA, in the very same manner it conducted the search of Plaintiff's name.

## CONCLUSION

The search conducted by the NSA was not reasonable and the methods used would not reasonably be expected to produce the informa-

tion requested. The request was specific and the NSA failed to explain in its declaration why no other record system was likely to produce responsive documents. Cleary, Gottlieb, Steen & Hamilton v. DHHS, 844 F.Supp.770 (D.D.C.1993). If there is substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper. Truitt v. Dep't of State, 897 F.2d at 542. Here, the search conducted by the NSA under that standard would not be considered a search at all. Defendant, NSA, cannot show that this search could be expected to reveal anything responsive to Plaintiff's request and was treated as if it were a general inquiry from a member of the public to ascertain if a file existed on him/her for personal edification and not designed to elicit anything substantive. It is one thing to conduct a substantive search with some degree of diligence and quite another to give window dressing to a serious request for information under the Freedom of Information Act. The question is whether the search was "adequate." Iturralde v. Comptroller of Currency, 315 F.3d 311 (D.D.C.2003). Plaintiff has raised sufficient doubt as to adequacy of the search conducted by Defendant NSA. Iturralde, at 314, id.

    Wherefore, Plaintiff prays this Court deny Defendants' Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part for the foregoing reasons.

Respectfully Submitted,

James R. Skrzypek

James R. Skrzypek 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

## DECLARATION OF JAMES R. SKRZYPEK

I, James R. Skrzypek, declare that if further proceedings are necessary for resolution of this cause, I would offer testimony in conformance with the following avermnets:

1. That, I am the Plaintiff in the cause captioned Civil Action No. 06 1129. I am incarcerated within the Federal Bureau of Prison; assigned to the Duluth, Minnesota Federal Prison Camp. My inmate registration number is 08324-424.

2. That I have personally prepared this Response in Opposition to Motion to Dismiss in Part or, in the Alternative, for Summary Judgment in Part and have supported this Response with evidence made on personal knowledge setting forth facts as would be admissible as evidence pursuant to Fed.R.Civ.P.56(e).

Wherefore, I declare under the penalty of perjury described at Title 28 U.S.C. § 1746, that the above averments are true and correct.

/s/ James R. Skrzypek

James R. Skrzypek 98324-424
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814