```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

JAMES R. SKRZYPEK,             )
                               )
        Plaintiff,             )
                               )
   v.                          ) Civil Action No. 06-1129 EGS
                               )
UNITED STATES TREASURY         )
DEPARTMENT, et al.,            )
                               )
        Defendants.            )
_____)

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
Defendants' MOTION TO DISMISS IN PART OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN PART</u>

Defendants[1] Department of Treasury - Internal Revenue Service (IRS) and Executive Office for United States Attorneys (EOUSA) file the following reply to plaintiff's opposition to defendants' motion to dismiss in part or, in the alternative, for summary judgment in part.

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("the Privacy Act"), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA/Privacy Act request by the Department of Treasury - Internal Revenue Service (IRS) and the Executive Office for United States Attorneys (EOUSA). As delineated in defendants' motion to dismiss in part or, in the alternative, for summary judgment in part, plaintiff's claims must be dismissed, or in the alternative summary judgment must be granted in

---

[1] The Federal Bureau of Investigation and National Security Agency will file separate dispositive Motions.

defendant IRS's favor because, after a reasonable search, no documents were located responsive to plaintiff's request. Moreover, dismissal is warranted in EOUSA's favor because plaintiff failed to exhaust his administrative remedies. Specifically, Plaintiff failed to pay the fees assessed to process his FOIA request.

## I. Defendant IRS has demonstrated that it Conducted a Reasonable Search

Plaintiff argues that defendant IRS has not provided him with responsive information pursuant to his FOIA request. See Plaintiff's Opposition to Defendants' Motion to Dismiss In Part Or, In The Alternative, For Summary Judgment In Part (Pl. Opp.) at 2-3. Contrary to this unsupported assertion, the record in this case indicates that defendant IRS conducted an adequate search in response to plaintiff's FOIA request, met its burden under the FOIA, and was unable to locate any responsive documents.

As explained in defendants' motion, an agency's duty to respond to a FOIA or Privacy Act request is discharged once it conducts a reasonable search for responsive records. See Defendants' Motion at 7-9; Oglesby, 920 F.2d at 68; Weisberg v. U.S. Dept. of Justice, 705 F. 2d 1344, 1351 (D.C. Cir. 1983); Clearly, Gottlieb, Steen, & Hamilton v. Dept. of Health and Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993). An agency is not required to search every record system, but need only search those systems in which it believes responsive records are

reasonably likely to be located.  See Oglesby, 920 F. 2d at 68. In meeting its burden, "[a]n agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith."  Miller v. U.S. Dep't of State, 779 F. 2d 1378, 1383 (8th Cir. 1985).

The Franco declaration demonstrated through detailed, non conclusory averments that the IRS engaged in a "good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested."  Oglesby, 920 F. 2d at 68; see Weisberg, 705 F. 2d at 1351; Defendants' Motion at 7, Franco Decl.  After a thorough and diligent search of the appropriate database systems and physical boxes of records, the IRS found no responsive records.  See Defendants' Motion at 9, Franco Decl., ¶¶ 8-13.

In attempting to thwart dismissal, plaintiff challenges the good faith of defendants' motion and accompanying declarations. Specifically, plaintiff claims that the IRS did not examine internal agency records as requested by the plaintiff.  Instead, plaintiff claims the IRS searched plaintiff's company records, which have nothing whatsoever to do with plaintiff's request. Pl. Opp. at 3.

First and foremost, the IRS's declarations are entitled to a presumption of good faith:  "Agency affidavits enjoy a

presumption of good faith which will withstand purely speculative claims about the discoverability of other documents." <u>Ground Saucer Watch, Inc. v. Central Intelligence Agency</u>, 692 F. 2d 770, 771 (D.C. Cir. 1981).  Moreover, as further explained in the Franco declaration, plaintiff's contention is wrong.  As stated in the Franco declaration, the FBI, as the lead agency, was responsible for obtaining the required search warrant overseeing the search, collecting and maintaining an inventory of the property seized, and any other documentation related to the search.  The IRS also sent plaintiff a letter informing him that the requested records were maintained by the FBI.  <u>See</u> Defendants' Motion, Franco Decl., ¶¶ 5-6, Attachment A.

After searching through 89 boxes of records, which contained plaintiff's personal and business records, IRS's Criminal Investigation computer files were also searched for any records; however, this search too, produced no records.  See Franco Decl., ¶¶ 9-12.  Plaintiff may not like IRS's no records response, but that does not amount to bad faith.  Thus, plaintiff's red-herring argument must be rejected.  Therefore, because the IRS performed a thorough and adequate search in good faith, summary judgment should be granted as to that defendant.  <u>See</u> Defendants' Motion at 6-9.

## II. The Record Demonstrates that Plaintiff Failed to Exhaust His Administrative Remedies

As set-forth in defendants' motion, it is well-established

in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969). Exhaustion of such administrative remedies is required under FOIA before a party can seek judicial review. Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). A FOIA/Privacy Act requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under the FOIA/Privacy Act, including: (1) providing a request to the particular office identified in the agency's FOIA/Privacy Act regulations, Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995); (2) providing the agency the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records sought, Gillin v. I.R.S., 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (5) administratively appealing a denial of records, Oglesby, 920 F.2d at 61. See also 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . .").

In the instant matter, plaintiff failed to comply with

5

EOUSA's fee requirements. By letter dated August 23, 2006, EOUSA notified plaintiff that it had determined the fees associated with his request were at least $8,680.00 and required an advance payment. See Defendants' Motion, Luczynski Decl., ¶ 10. By letter dated August 23, 2006, plaintiff was also given the opportunity to reformulate his request to reduce the fees. Id. The record demonstrates that EOUSA received no further correspondence from plaintiff; therefore, his request was administratively closed. Accordingly, because plaintiff has failed to exhaust his administrative remedies, dismissal of plaintiff's complaint is warranted.

## CONCLUSION

Plaintiff cannot establish any violation of the Freedom of Information Act or the Privacy Act. Defendant IRS's thorough and adequate search yielded no responsive documents to plaintiff's request. Moreover, plaintiff did not comply with EOUSA's fee requirements, thus plaintiff failed to exhaust his administrative remedies. Accordingly, based on the foregoing reasons, defendants' motion should be granted and this matter should be dismissed with prejudice as to these two defendants'.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

```
                           _____
                           RUDOLPH CONTRERAS, DC Bar #434122
                           Assistant United States Attorney


                           _____
                           MADELYN JOHNSON, DC Bar #396739
                           Assistant United States Attorney
                           Civil Division
                           555 4th Street, N.W.
                           Washington, D.C.  20530
                           (202) 514-7135
```

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that service of the foregoing Defendants' Department of Treasury - Internal Revenue Service and the Executive Office for United States Attorneys Reply to Plaintiff's Opposition, and a proposed Order has been made by mailing copies thereof to:

JAMES R. SKRZYPKEK  
#08324-424  
Federal Prison Camp  
P.O. Box 1000  
Duluth, MN 55814

on the 15th day of December, 2006.

                                            _____  
                                            MADELYN JOHNSON, DC Bar #396739  
                                            Assistant United States Attorney  
                                            Civil Division  
                                            555 4th Street, N.W.  
                                            Washington, D.C.  20530  
                                            (202) 514-7135