UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRYZPEK,            )
                             )
        Plaintiff,           )
                             )
    v.                       )  Civil Action No. 06-1129 EGS
                             )
UNITED STATES TREASURY       )
DEPARTMENT, <u>et</u> <u>al.</u>,          )
                             )
        Defendants.          )
_____     )

**FBI'S MOTION TO DISMISS IN PART OR, IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT AND FOR
<u>STAY PENDING PROCESSING OF THE REMAINING RECORDS</u>**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the Federal
Bureau of Investigation hereby moves to dismiss this action in
part as moot.  In the alternative, the Court is asked to enter
partial summary judgment in favor of Defendant, pursuant to Fed.
R. Civ. P. 56, because there is no genuine issue as to any
material fact and the FBI is entitled to judgment as a matter of
law on the limited issues set forth below.[1]  The FBI also notes

_____

[1]  To the extent that the Court may rely on matters outside of
the pleadings, the Court may enter summary judgment in favor of
the defendant.  <u>See</u> Fed. R. Civ. P. 12(b); 56.  Plaintiff should
take notice that any factual assertions contained in the
documents in support of this motion may be accepted by the Court
as true unless the plaintiff submits his own affidavit or other
documentary evidence contradicting the assertions in the
documents.  <u>See</u> <u>Neal</u> v. <u>Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir.
1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

        Supporting and opposing affidavits shall be made on
        personal knowledge, shall set forth such facts as would
        be admissible in evidence, and shall show affirmatively
        that the affiant is competent to testify to the matters
        stated therein.  Sworn or certified copies of all

that 220 pages have been reviewed, and 173 pages have been
released to Plaintiff with redactions.  In addition, twenty six
hundred (2,600) additional pages have been located and will be
processed so long as Plaintiff satisfies his obligations to pay
applicable fees.  Thus, FBI asks for a stay in order to fulfill
its obligations as to those remaining records.[2]  In

---

       papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith.  The
court may permit affidavits to be supplemented or
opposed by depositions, answers to interrogatories, or
further affidavits.  When a motion for summary judgment
is made and supported as provided in this rule, an
adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the
adverse party's response, by affidavits or as otherwise
provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If
the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the
adverse party.

Fed. R. Civ. P. 56(e).

[2]  The FBI sincerely regrets that it was unable to process all of
the responsive documents in its possession in order to file a
comprehensive dispositive motion, but only recently after an
additional review was it determined that the investigative file
was no longer exempt under FOIA Exemption 7(A), 5 U.S.C. §
552(b)(7)(A).

support of these motions, the Court is respectfully referred to the accompanying memorandum and statement of material facts.

                    Respectfully submitted,


                    _____
                    JEFFREY A. TAYLOR, DC Bar #498610
                    United States Attorney


                    _____
                    RUDOLPH CONTRERAS, DC Bar #434122
                    Assistant United States Attorney


                    _____
                    MADELYN JOHNSON, DC Bar #396739
                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK,                 )
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civil Action No. 06-1129 EGS
                                   )
UNITED STATES TREASURY             )
DEPARTMENT, et al.,                )
                                   )
          Defendants.              )
_____  )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FBI'S MOTION TO DISMISS IN PART OR,
IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT AND
FOR STAY PENDING PROCESSING OF REMAINING RECORDS**

### INTRODUCTION

This case arises under the Freedom of Information Act
(FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5
U.S.C. § 552a, and pertains to the processing of Plaintiff's
FOIA/Privacy Act request to the Federal Bureau of Investigation
(FBI).  At the time of the filing of the Complaint, Plaintiff
alleged that he had not yet received documents from the FBI in
response to his FOIA request.  Since the filing of the Complaint,
searches have been conducted of the field offices and FBI
headquarters (FBIHQ) that Plaintiff asked the FBI to search.[3]
FBI headquarters and FBI field office Los Angeles have no
responsive records.  By letter dated January 26, 2007, FBIHQ
advised plaintiff that it had reviewed 220 pages of documents

_____

[3]  Plaintiff requested records from the FBIHQ, and FBI Field
Offices in Chicago and Los Angeles.  Amended Complaint at 2-7.

found in the Chicago Field Office and released 173 pages with
redactions.  The plaintiff was advised that approximately 2,600
pages of additional material were responsive to his request[4].
Plaintiff was advised that he would incur duplicate costs of
$260.00 to process the remaining records.  See Declaration of
David M. Hardy (Hardy Decl.)¶ 15.  Those records, which are
voluminous, could not be processed in time to incorporate them
into the dispositive motion filed by the remaining defendants
this date.  The FBI, therefore, seeks dismissal of those claims
against it that would be applicable to the following offices:
FBIHQ and the Los Angeles Field Office.

      "[I]t is well established that under the FOIA, 'once the
records are produced the substance of the controversy disappears
and becomes moot, since disclosure which the suit seeks has
already been made.'"  Trueblood v. U.S. Dept. of the Treasury,
943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. United
States State Dept., 628 F.2d 9, 10 (D.C. Cir. 1980)); see also
Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (release
of all non-exempt material, no matter how delayed, moots
lawsuit); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982).

          A FOIA action is designed to remedy the improper
          withholding of documents and to compel their
          disclosure; it does not provide an after-the-fact

---

[4] But See Hardy Decl. ¶ 4 (Based on representations in
plaintiff's latest court filing dated Feb. 6, 2007, that narrows
his request, only 300 pages may be responsive).

> remedy once documents have been released, however
> tardily.  Tijerina v. Walters, 821 F.2d 789, 799 (D.C.
> Cir. 1987).  That information is still being discovered
> and released does not mean that [the agency's] search
> was inadequate or conducted in bad faith, as Landmark
> suggests.  Rather, it shows [the agency's] good faith
> in continuing to search for records responsive to
> Landmark's request.  Meeropol v. Meese, 790 F.2d 942,
> 952-53 (D.C. Cir. 1986).

Landmark Legal Foundation v. EPA,  272 F.Supp.2d 59, 69 (D.D.C.

2003).  The FBI has satisfied its obligations with respect to all

of its offices likely to have responsive records, with the

exception of the Chicago Field Office.  See Hardy Decl., ¶¶ 5-9,

16-17.  Thus, Plaintiff's claims as to any other FBI office

should be dismissed as moot or summary judgment entered in favor

of the FBI on those claims.

    As to the remaining files, those in the Chicago Field

Office, the FBI is processing the records and shall make periodic

releases, so long as Plaintiff satisfies his obligations to pay

applicable fees.  FBI respectfully asks that the Court stay the

matter as to those documents and adopt a schedule, including

dates for periodic updates, plaintiff's identification of

challenges to any withholdings and a final dispositive motion

date.  A schedule is set forth in the accompanying proposed order to address further briefing.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK,                     )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )  Civil Action No. 06-1129 EGS
                                       )
UNITED STATES TREASURY                 )
DEPARTMENT, <u>et</u> <u>al.</u>,      )
                                       )
          Defendants.                  )
_____)

## **DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

     Pursuant to Local Rule 7(h), the FBI hereby submits the following statement of material facts as to which there is no genuine issue.

     1.  Since the filing of the Complaint in this action, proper searches were conducted of the FBI Headquarters (FBIHQ) and FBI Field Offices in Los Angeles and Chicago, seeking documents responsive to Plaintiff's Freedom of Information Act (FOIA) request.  <u>See</u> Declaration of David M. Hardy (Hardy Decl.), ¶ 4; Amended Complaint at 2-7.

     2.  The searches for documents in the FBI Headquarters and Field Office in Los Angeles revealed that there were no responsive documents located in those offices.  <u>See</u> Hardy Decl., ¶¶ 9,17.

     3.  By letter dated January 26, 2007, FBIHQ advised plaintiff that it had reviewed 220 pages and released 173 pages with redactions.  Plaintiff was advised that approximately 2,600

additional pages of material were responsive to his request. Plaintiff was also advised that if all 2,600 pages were determined to be releasable, duplication costs of $260 could result. In the letter, FBIHQ requested plaintiff's written notification indicating his willingness to incur the estimated fees. The FBI advised plaintiff of his right to file an administrative appeal to the DOJ OIP within sixty days. Id., ¶ 15; Exhibit K.

4. After FBIHQ's January 26, 2007 release of 173 pages of material to plaintiff, plaintiff filed a motion[5] with the Court in which he stated he was only interested in documents that "specifically apply to the search of the Skrzypek residence only and only of the Skrzypek residence as specified in Plaintiff's Amended Complaint." Instead of the 2,600 pages of material that FBIHQ determined were potentially responsive to plaintiff's request, the total number of responsive pages will decrease to approximately 300 additional pages. Id., ¶ 32; See Docket #36.

5. As of this filing, FBIHQ has not received confirmation from plaintiff that he is willing to incur the estimated fees[6]. In the absence of written notification by plaintiff, in a reasonable amount of time, of his willingness to pay, the FBI

---

[5] See Docket #36, filed with the U.S. District Court for the District of Columbia on February 6, 2007.

[6] Title 28, C.F.R. §§ 16.11, 16.49.

will request the Court to dismiss this case.  Id.¶ 33.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney

3

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that service of the foregoing FBI's Motion To Dismiss In Part Or, In The Alternative, For Partial Summary Judgment And For Stay Pending Processing Of The Remaining Records and a proposed Order has been made by mailing copies thereof to:

James R. Skrzypek
#08324-424
PO Box 1000
Duluth, MN 5814


on the 12th day of February, 2007.




_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135