UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES R. SKRZYPEK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1129 (EGS) |
| UNITED STATES DEPARTMENT OF TREASURY et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER

Pending before the Court is the Federal Bureau of Investigation's motion to dismiss in part or for partial summary judgment and to stay the proceedings in part. Plaintiff, who is proceeding pro se, is advised of the following.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice… should include an explanation that the failure to respond…may result in the district court granting the motion and dismissing the case." Id. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing

party] submits his own affidavits or other documentary evidence contradicting the assertion." Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).  It also specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant.  Id. Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, parties, such as James R. Skrzypek, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.  For these purposes, a verified complaint shall serve as an affidavit.  See Neal, 963 F.2d at 457-58. Accordingly, it is

ORDERED that plaintiff shall respond to the FBI's motion by **March 26, 2007**.  If plaintiff does not respond within the time provided, the Court will treat the motion as conceded and, if the circumstances warrant, may grant the relief sought and dismiss in part the claims against the movant; and it is

FURTHER ORDERED that the FBI's motion to stay the proceedings pending the processing of documents located in the Chicago Field Office is GRANTED, but only for a period of ninety (90) days. Thereafter, in the absence of compelling reasons set forth by motion to further stay the proceedings, the FBI shall file either a dispositive motion or a proposed briefing schedule.

DATE: February 20, 2007                SIGNED:    EMMET G. SULLIVAN
                                                  UNITED STATES DISTRICT JUDGE