UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

FEB 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES R. SKRZYPEK

Plaintiff,

v.

UNITED STATES TREASURY DEPARTMENT,
et al.,

Defendants

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 06 1129
(EGS)

## PLAINTIFF'S RESPONSE IN OPPOSITION TO FBI'S MOTION TO DISMISS IN PART OR, IN THE ALTERNATIVE, FOR STAY PENDING PROCESSING OF THE REMAINING RECORDS

NOW COMES Plaintiff, James R. Skrzypek, Pro Se, and submits Plaintiff's Response in Opposition to FBI's Motion to Dismiss in Part or, in the Alternative, for Stay Pending Processing of the Remaining Records and states as follows:

1.    On June 21, 2006, the complaint in this case was filed surrounding FOIA requests for expedited processing, dating from April 21, 2006. In each and every one of his requests, Plaintiff continuously stated his willingness to pay required fees pursuant to U.S.C. § 552 (4)(A)(III).

2.    Defendant, FBI, states that searches at FBI Headquarters plus the Los Angeles and Chicago Field Offices revealed no responsive documents and seeks dismissal of both FBI Headquarters and the Los Angeles Field Office.

1

## FBI HEADQUARTERS

In the Second Hardy Declaration, Paragraph (5), Exhibit A, Plaintiff requested documents relating in any way, to entries made, court ordered or other, to premises owned by requestor, located at 7628 through 7630 W. Foster Avenue, Chicago, Illinois 60656, On February 24, 1994. On that date, at approximately 4 a.m., a burglary was committed at Plaintiff's Chicago offices and was promptly reported to the Chicago Police Department under report number YO 78750. On October 19, 1994, during the execution of search warrants by the FBI on Plaintiff's business, Plaintiff observed FBI Agents removing wires from above suspended ceiling tiles and realized that Plaintiff was a victim of what is commonly referred to as a "Black Bag Job". Documents surrounding this unauthorized operation remain unresponsive necessitating action from this Court to compel their production.

## FBI LOS ANGELES FIELD OFFICE

In the Second Hardy Declaration, Paragraph (16), Exhibit L, Plaintiff requested documents from the FBI Los Angeles Field Office pertaining to any and all documents, records, reports, audiotapes or videotapes in electronic, digital, analog or in any other format in your possession, custody or control from the arrest of Anthony Pellicano relating, in any way, whatsoever, with James R. Skrzypek or Federal Security, Inc.

On November 23, 2002, the FBI executed search warrants at the offices of Hollywood Private Detective Anthony Pellicano. Exactly one year earlier, Plaintiff retained the services of Pellicano to

2

authenticate audiotapes relating to Plaintiff and his wife at their upcoming criminal trial in Chicago.

Following a 3 year investigation by the FBI, a plethora of news coverage focused on the results of that investigation, disclosing information that, among other things, Pellicano recorded all incoming and outgoing telephone conversations of everyone, including his wife, children and concubines. (See Plaintiff's Response in Opposition to Motion to Dismiss in Part or, in the Alternative, For Summary Judgment in Part, pertaining to the National Security Agency (NSA), Exhibits, 1,2,4 and 5).

Published reports indicated that the FBI elicited the assistance of the NSA to decrypt Pellicano's computers. (supra). In Plaintiff's request to the FBI Los Angeles Field Office, a specific request was made for the following reasons:

1.  Pellicano was retained by Plaintiff.
2.  Pellicano created a file on Plaintiff.
3.  Pellicano spoke to Plaintiff and he spoke to him and his staff.
4.  Pellicano spoke with defense counsel.
5.  Pellicano spoke to the Assistant United States Attorney and the FBI concerning his retention, and arrangements were made to transport audiotapes of Plaintiff and his wife to Pellicano's Los Angeles offices, by the government, with the awareness of the Court.

## CHICAGO FIELD OFFICE

On February 6, 2007, Plaintiff filed a Motion to Compel Production of Responsive Unredacted Records. The motion was based on a preliminary review of highly redacted documents, recently received by Plaintiff. The motion did not waive receipt of other documents pursuant to Plaintiff's requests, nor did it give an indication to disregard other requests in lieu of documents

3

pertaining to the Skrzypek Residence. Plaintiff received mostly unresponsive, highly redacted documents with a cover letter from the FBI stating, in essence, that 2600 more of the same were on the way! Although Plaintiff is willing to pay required fees pursuant to U.S.C. § 552 (4)(A)(III), he does not have unlimited funds to pay for unresponsive documents, and cites the receipt of numerous, highly redacted FBI 302's that have nothing to do with the following request:

> Copies of FD 597 Receipts for tape recorders, describing make, model and serial numbers corresponding to a December 22, 1994 summary of tape recordings, prepared by SA John Robert Shoup and submitted by memorandum on January 3, 1995.

(A copy of the Court Ordered Summary Sheets discovered, after trial, and used as a basis for this request is attached as Exhibit 1).

Plaintiff has personally reviewed 18 volumes of the FBI's Manual of Investigative and Operational Guidelines, (MIOG) and Manual of Administrative and Operational Procedures, (MAOP) and provisions are made withing these guidelines and procedures to obtain receipts for FBI property, in the form of tape recorders issued to undercover informants and operatives to clandestinely record conversations. This inventory system is utilized to track the identity of the individual obtaining the recording device, date issued and serial number for internal inventory control. Otherwise, the Bureau would have no way of knowing where their tape recorders are or who has them.

Sending documents as a filler in order to pacify or placate to obtain deliberate delays beyond what has been ordered by this

Court, is the epitome of unresponsiveness and obfuscates the
purpose of the Freedom of Information Act. The fundamental purpose
of the FOIA is to assist citizens in discovering "what their govern-
ment is up to." U.S. Dep't of Justice v. Reporters Comm. for Freedom
of the Press, 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774
(1989). The FOIA strongly favors openness, since Congress recognized
in enacting it that an informed citizenry is "vital to the function-
ing of a democratic society, needed to check against corruption
and to hold the governors accountable to the governed. "NLRB v.
Robbins Tire and Rubber Co., 437 U.S. 214, 242, 98 S.Ct. 2311, 57
L.Ed.2d 159 (1978); see also Dep't of the Air Force v. Rose, 425
U.S. 352, 360, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)(purpose of the
FOIA is "to pierce the veil of administrative secrecy and to open
agency action to the light of public scrutiny"). As such, "the Act
is broadly conceived," EPA v. MInk, 410 U.S. 73, 79-80, 93 S.Ct. 827
35 L.Ed.2d 119 (1973), and "disclosure, not secrecy is the dominant
objective of the Act." Dep't of the Air Force v. Rose, 425 U.S. at
361, 96 S.Ct. 1592.

    After thoroughly reading the Second Hardy Declaration, it
becomes abundantly clear that the Chicago Field Office acts as the
main clearinghouse for the majority of Plaintiff's requested FOIA
documents. If Plaintiff has not received documents Ordered by the
Court at his trial, (Ex.1) it would therefore follow that he will
face the same ordeal in his current attempt to obtain the documents
from the same people in the Chicago Field Office who have withheld
them at his trial, thus necessitating action from this Court to

compel their production.

WHEREFORE, Plaintiff prays this Court deny FBI's Motion to Dismiss in Part or, in the Alernative, for Stay Pending Processing of the Remaining Records and Compel Production of Unredacted Responsive Records Instanter.

Respectfully submitted,

James R. Skrzypek

James R. Skrzypek, Pro Se
P.O. Box 1000
Duluth, MN 55814

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES TREASURY DEPARTMENT, et al., | ) Civil Action No. 06 1129 (EGS) |
| Defendants | ) |

## DECLARATION OF JAMES R. SKRZYPEK

I, James R. Skrzypek, declare that if further proceedings are necessary for resolution of this cause, I would offer testimony in conformance with the following averments:

1.    That I am the Plaintiff in the cause captioned above. I am now incarcerated within the Federal Bureau of Prisons; assigned to the Duluth, Minnesota Federal Prison Camp. My inmate registration nuber is 08324-424.

2.    That I have personally prepared Plaintiff's Response in Opposition to FBI's Motion to Dismiss in Part or, in the Alternative, for Stay Pending Processing of the Remaining Records and have supported this Response with evidence made on personal knowledge setting forth facts as would be admissible as evidence pursuant to Fed.R.Civ.P.56(e).

WHEREFORE, I declare under the penalty of perjury described at Title 28 U.S.C. § 1746, that the above averments are true and correct.

James R. Skrzypek

James R. Skrzypek, Pro Se
P.O. Box 1000
Duluth, MN 55814

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES R. SKRZYPEK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06 1129 |
| ) | (EGS) |
| UNITED STATES TREASURY DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |
| ) | |

**NOTICE OF FILING AND PROOF OF SERVICE**

To: Clerk, United States District Court, District of Columbia, United States Courthouse, 333 Constitution Avenue, N.W. Washington, DC 20001-2802

Madelyn E. Johnson, U.S. Attorney's Office for D.C., 555 4th Street, NW, 10th Floor, Washington, DC 20530

David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, Washington, DC 20535

PLEASE TAKE NOTICE, that on February 26, 2007, the undersigned mailed three duplicate originals of Plaintiff's Response in Opposition to FBI's Motion to Dismiss in Part or, in the Alternative, for Stay Pending Processing of the Remaining Records to the Clerk, United States District Court for the District of Columbia, with postage prepaid and by placing same in the United States Mail on February 26, 2007 in Duluth, Minnesota.

James R. Skrzypek

James R. Skrzypek, Pro Se
P.O. Box 1000
Duluth, MN 55814