UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZPEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  06-1129 (EGS) |
| ) | |
| UNITED STATES TREASURY ) | |
| DEPARTMENT, et al., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS
FOR ORDERS COMPELLING DISCOVERY AND MEMORANDUM
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants, through undersigned counsel, respectfully oppose plaintiffs' motion for an order compelling discovery in this Freedom of Information Act (FOIA) case and, on the grounds stated herein, request that the Court enter a protective order precluding plaintiff from pursuing any future requests for discovery.  Plaintiff filed this Complaint under the FOIA, 5 U.S.C. § 552, against the Department of the Treasury and the Federal Bureau of Investigation.  See Dkt# 1 (Complaint); Dkt # 6 (First Amended Complaint). In response, each of the named defendants has filed a dispositive motion (see Dkt ## 20, 21, 25, 26, & 37).[1]

---

[1] With respect to the FBI, defendants advised the Court that twenty six hundred (2,600) additional pages in the Chicago Field Office, originally exempt under FOIA exemption (b)(7)(A), would be processed so long as plaintiff satisfies his obligations to pay applicable fees. Accordingly, in its motion filed February 12, 2007, the FBI requested a stay as to the Chicago

Notwithstanding the pendency of these dispositive filings, by motions docketed April 24, 2007 and May 7, 2007, plaintiff seeks an order compelling responses to interrogatories served on 10 different employees of the Federal Bureau of Investigation and the Internal Revenue Service. See Dkt ## 46 & 47. The Court should deny these motions for the reasons set forth below. In addition and for the same reasons, the Court should grant defendants' motion for a protective order filed contemporaneously with this opposition.

It is well-established that discovery in a FOIA case is the rare exception, not the rule. See, e.g., Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions"); Judicial Watch, Inc. v. Exp.-Imp. Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate."). Moreover, discovery should not be permitted when the plaintiff is plainly using the FOIA lawsuit as a means of questioning investigatory action taken by the agency or the underlying reasons for undertaking such investigations. See RNR Enters. v. SEC, 122 F.3d 93, 98 (2d Cir. 1997) (finding no abuse of discretion in district court denial of discovery propounded for "investigative purposes"); Flowers v. IRS, 307 F. Supp. 2d 60, 72 (D.D.C. 2004) (plaintiff "may be unhappy with the search results," but that did not justify discovery in order to conduct investigation of the agency's reationale

---

Field Office, and dismissal as to FBI Headquarters and the Los Angeles Field Office, as a search revealed that there were no responsive records located in either of those offices. See Dkt # 37, Defendants' Statement of Material Facts as To Which There is No Genuine Issue at ¶ 2, and Declaration of David M. Hardy at ¶¶ 9, 17, attached thereto.

for tax audit); Williams v. FBI, 1991 WL 163757, at *3 (D.D.C. 1991) ("An agency's rationale for undertaking an investigation of the plaintiff is not the proper subject of FOIA discovery requests"). In recognition of the fact that discovery is typically not contemplated in FOIA cases, such matters are excluded from certain requirements including, *inter alia*, to produce initial disclosures. See LCvR 16.3, and comments thereto.

Finally, discovery is inappropriate if the Court is satisfied that the agency's affidavits are sufficiently detailed to demonstrate that no genuine factual dispute remains and are submitted in good faith. See, e.g., SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991) (affirming decision denying discovery as to adequacy of search on grounds that agency's affidavits were sufficiently detailed); Broaddrick v. Executive Office of the President, 139 F. Supp. 2d 55, 64 (D.D.C. 2001) (in Privacy Act case, denying discovery because agency affidavits sufficiently detailed); Hunt v. United States Marine Corps, 935 F. Supp. 46, 50 (D.D.C. 1996) (denying discovery because "defendants have met their burden of showing that they made a good faith effort to conduct a search for the requested records, using methods reasonably expected to produce the desired information").

Applying these standards to the instant case, plaintiff's efforts to obtain discovery should be denied. There are dispositive motions pending before the Court that are supported by affidavits from agency personnel describing the receipt and processing of

plaintiff's FOIA requests, the search for responsive documents, and their responses to plaintiff. No defendant located responsive records with the exception of the Chicago Field Office of the FBI. As explained in the FBI Motion to Dismiss, the Chicago office has reviewed 220 pages, released 173 pages in whole or part, and contacted plaintiff regarding his fee obligations if he wishes that the remaining approximately 2600 documents to be processed. The fact that plaintiff may be dissatisfied with these responses does not make them suspect or meet plaintiff's burden to show that the exceptional request for discovery in this FOIA case should be allowed.[2]

---

[2] In addition, the subject matter of plaintiff's interrogatories goes well beyond the scope of the FOIA requests involved in this litigation. For example, in his FOIA requests, plaintiff sought records relating to any search warrant applications or entries onto his property located in Chicago, Illinois. In the interrogatories, plaintiff requested information regarding "the investigation of Anthony Pellicano" and the location of a wide variety of communications regarding this investigation. See Plaintiff's Motion to Compel, Dkt # 46 (attaching Plaintiff's First Set of Interrogatories). In his FOIA requests, plaintiff's only mention of an Anthony Pellicano was in his request to the FBI Headquarters for "documents relating in any way, to Anthony Pellicano and his involvement, in any way, with James R. Skrzypek and/or Federal Security. . . ." See FBI's Motion to Dismiss or Alternatively for Summary Judgment, Hardy Decl. ¶¶ 5-9, and exh. thereto. Clearly, plaintiff's discovery fishing expedition goes well beyond the subject of this litigation.

CONCLUSION

For the reasons set forth above, plaintiff's motion to compel should be denied and defendants' motion for a protective order precluding any further discovery should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on May 10, 2007, plaintiff was served with a copy of the foregoing via first-class mail postage prepaid and addressed:

James R. Skrzypek
#08324-424
POB 1000
Duluth, MN 55814

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135