## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES TREASURY DEPARTMENT,<br>et al.,<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06 1129<br>)        (EGS)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant FBI, specifically Special Agent Theresa Mack to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.  "You" and "Your" means the Defendant Federal Bureau of Investigation, its agents, employees, attorneys and any person(s) acting on its behalf.

2.  "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations or oral records or represetations of any kind; and mchanical or electronic records or representations of any kind, including tapes, cassettes, disks or records.

3.  Identity means:

    a.  In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

EX. 1

    b.   In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

    c.   In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4.  "Describe" means to provide a full, accurate and detailed description of the matter inquired of.

5.  Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

    a.   submit a list identifying each such document;

    b.   identify the nature of the privilege (including work product) which is being claimed; and

    c.   identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6.  Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

## INTERROGATORIES

1.  State your full name, current employment and business address.

    **RESPONSE**

2.  Please identify, with specificity, all correspondence, communica-
    tions, documents, reports or memorandums, with internal agency
    vernacular or nomenclature, prepared or received concerning the
    following:

    a).  the search of a residence located at 7620 W. Foster,
         Chicago, Illinois, on July 23, 24 and 25, 1997,
    b).  any and all consensual or non-consensual audio or
         video recordings concerning Plaintiff or his companies,
    c).  tape recorders used to record any conversations related
         to Plaintiff or his companies, including receipts
         or other documents bearing your name or signature,
         in their issuance or return.
    d).  chains of custody for all audio and video recordings
         of Plaintiff and his companies.

    **RESPONSE**

3.  Please identify the location(s) that you sent completed corres-
    pondence, communications, reports or memorandums concerning
    items contained in paragraph 2.(a)(b)(c)(d).

    **RESPONSE**

4.  Please identify each person and agency whom you believe has
    knowledge or information concerning a February 24, 1994
    burglary of Plaintiff's premises located at 7628-30 W. Foster
    Avenue, Chicago, Illinois, commonly referred to as a "black
    bag job", and the location as to where any documents surrounding
    this burglary would be kept.

    **RESPONSE**

5.  Please identify, with specificity, all computer filing systems,
    whatever names, vernacular or nomenclature used to store,
    receive, transmit, share, retrieve or process information
    concerning Plaintiff.

    **RESPONSE**

6.  Please identify filing systems that you use to store documents,
    records, audiotapes and other material concerning Plaintiff.

    **RESPONSE**

7.  Please identify, with specificity, each person and agency whom you believe has knowledge or information concerning a search of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

8.  Please identify each person or agency responsible for photographing and/or videotaping the interior of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

9.  Please identify, with specificity, all procedures for processing and/or developing photographic film, digital imaging or video tape, specifically including names of documents, with whatever internal agency vernacular, nomenclature or numbering system used in processing, developing or enhancing interior photographs taken of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

10. Please identify each person that has contacted you regarding any responsive material or document responsive to Plaintiff's Freedom of Information Requests.

    **RESPONSE**

11. Please identify all persons who provided information or participated in preparing the answers to these interrogatories.

    **RESPONSE**

Date: This 9th day of April, 2007.

        James R. Skrzypek, Pro se
        P.O. Box 1000
        Duluth, MN 55814

        CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has this date been served upon the parties by depositing a copy of same in the United States Mail in Duluth, Minnesota, sufficient postage prepaid, addressed to counsel as follows:

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Special Agent Theresa Mack
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

This the 9th day of April, 2007.

James R. Skrzypek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES TREASURY DEPARTMENT,<br>et al.,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06 1129<br>)         (EGS)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the
Plaintiff, James R. Skrzypek, Pro se, requests Defendant FBI,
specifically Special Agent Julia Cherix to answer the
following interrogatories, in writing and under oath, within 30
days from the date of service, in accordance with the definitions
and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.   "You" and "Your" means the Defendant Federal Bureau of Investiga-
     tion, its agents, employees, attorneys and any person(s) acting
     on its behalf.

2.   "Document" refers to all items, including, but not limited
     to, any written or recorded material of any kind, including
     the originals and all non-identical copies, whether on such
     copies or otherwise; notations of any sort of conversations
     or oral records or represetations of any kind; and mchanical
     or electronic records or representations of any kind, including
     tapes, cassettes, disks or records.

3.   Identity means:

     a.   In the case of a person, to state his or her full
          name, present or last known business address, and
          his or her present or last known employer or job
          title;

EX. 2

b.  In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

c.  In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4.  "Describe" means to provide a full, accurate and detailed description of the matter inquired of.

5.  Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

a.  submit a list identifying each such document;

b.  identify the nature of the privilege (including work product) which is being claimed; and

c.  identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6.  Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

### INTERROGATORIES

1. State your full name, current employment and business address.

     **RESPONSE**

2. Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

     a). the search of a residence located at 7620 W. Foster, Chicago, Illinois, on July 23, 24 and 25, 1997,
     b). any and all consensual or non-consensual audio or video recordings concerning Plaintiff or his companies,
     c). tape recorders used to record any conversations related to Plaintiff or his companies, including receipts or other documents bearing your name or signature, in their issuance or return.
     d). chains of custody for all audio and video recordings of Plaintiff and his companies.

     **RESPONSE**

3. Please identify the location(s) that you sent completed correspondence, communications, reports or memorandums concerning items contained in paragraph 2.(a)(b)(c)(d).

     **RESPONSE**

4. Please identify each person and agency whom you believe has knowledge or information concerning a February 24, 1994 burglary of Plaintiff's premises located at 7628-30 W. Foster Avenue, Chicago, Illinois, commonly referred to as a "black bag job", and the location as to where any documents surrounding this burglary would be kept.

     **RESPONSE**

5. Please identify, with specificity, all computer filing systems, whatever names, vernacular or nomenclature used to store, receive, transmit, share, retrieve or process information concerning Plaintiff.

     **RESPONSE**

6. Please identify filing systems that you use to store documents, records, audiotapes and other material concerning Plaintiff.

     **RESPONSE**

7.   Please identify, with specificity, each person and agency whom
     you believe has knowledge or information concerning a search
     of a residence located at 7620 W. Foster, Chicago, Illinois
     on July 23, 24 and 25, 1997.

          **RESPONSE**

8.   Please identify each person or agency responsible for photograph-
     ing and/or videotaping the interior of a residence located at
     7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

          **RESPONSE**

9.   Please identify, with specificity, all procedures for processing
     and/or developing photographic film, digital imaging or video
     tape, specifically including names of documents, with whatever
     internal agency vernacular, nomenclature or numbering system
     used in processing, developing or enhancing interior photographs
     taken of a residence located at 7620 W. Foster, Chicago, Illinois
     on July 23, 24 and 25, 1997.

          **RESPONSE**

10.  Please identify each person that has contacted you regarding
     any responsive material or document responsive to Plaintiff's
     Freedom of Information Requests.

          **RESPONSE**

11.  Please identify all persons who provided information or participa-
     ted in preparing the answers to these interrogatories.

          **RESPONSE**

     Date: This 9th day of April, 2007.

                    James R. Skrzypek, Pro se
                    P.O. Box 1000
                    Duluth, MN 55814

                    CERTIFICATE OF SERVICE

     I hereby certify that the foregoing has this date been
served upon the parties by depositing a copy of same in the
United States Mail in Duluth, Minnesota, sufficient postage
prepaid, addressed to counsel as follows:

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Special Agent Julia Cherix
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

This the 9th day of April, 2007.


James R. Skrzypek

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES R. SKRZYPEK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 06 1129 |
| | )         (EGS) |
| UNITED STATES TREASURY DEPARTMENT, | ) |
| et al., | ) |
| | ) |
| Defendants | ) |
| | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant FBI, specifically Special Agent Walter B. Stowe, Jr. to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.  "You" and "Your" means the Defendant Federal Bureau of Investigation, its agents, employees, attorneys and any person(s) acting on its behalf.

2.  "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations or oral records or represetations of any kind; and mchanical or electronic records or representations of any kind, including tapes, cassettes, disks or records.

3.  Identity means:

    a.  In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

EX.3

    b.    In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

    c.    In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4.    "Describe" means to provide a full, accurate and detailed description of the matter inquired of.

5.    Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

    a.    submit a list identifying each such document;

    b.    identify the nature of the privilege (including work product) which is being claimed; and

    c.    identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6.    Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

## INTERROGATORIES

1. State your full name, current employment and business address.

    **RESPONSE**

2. Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a). the search of a residence located at 7620 W. Foster, Chicago, Illinois, on July 23, 24 and 25, 1997,

    b). any and all consensual or non-consensual audio or video recordings concerning Plaintiff or his companies,

    c). tape recorders used to record any conversations related to Plaintiff or his companies, including receipts or other documents bearing your name or signature, in their issuance or return.

    d). chains of custody for all audio and video recordings of Plaintiff and his companies.

    **RESPONSE**

3. Please identify the location(s) that you sent completed correspondence, communications, reports or memorandums concerning items contained in paragraph 2.(a)(b)(c)(d).

    **RESPONSE**

4. Please identify each person and agency whom you believe has knowledge or information concerning a February 24, 1994 burglary of Plaintiff's premises located at 7628-30 W. Foster Avenue, Chicago, Illinois, commonly referred to as a "black bag job", and the location as to where any documents surrounding this burglary would be kept.

    **RESPONSE**

5. Please identify, with specificity, all computer filing systems, whatever names, vernacular or nomenclature used to store, receive, transmit, share, retrieve or process information concerning Plaintiff.

    **RESPONSE**

6. Please identify filing systems that you use to store documents, records, audiotapes and other material concerning Plaintiff.

    **RESPONSE**

7.  Please identify, with specificity, each person and agency whom you believe has knowledge or information concerning a search of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

8.  Please identify each person or agency responsible for photograph-ing and/or videotaping the interior of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

9.  Please identify, with specificity, all procedures for processing and/or developing photographic film, digital imaging or video tape, specifically including names of documents, with whatever internal agency vernacular, nomenclature or numbering system used in processing, developing or enhancing interior photographs taken of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

10. Please identify each person that has contacted you regarding any responsive material or document responsive to Plaintiff's Freedom of Information Requests.

    **RESPONSE**

11. Please identify all persons who provided information or participa-ted in preparing the answers to these interrogatories.

    **RESPONSE**

Date: This 9th day of April, 2007.

                    James R. Skrzypek, Pro se
                    P.O. Box 1000
                    Duluth, MN 55814

                    CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has this date been served upon the parties by depositing a copy of same in the United States Mail in Duluth, Minnesota, sufficient postage prepaid, addressed to counsel as follows:

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Special Agent Walter B. Stowe, Jr.
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

This the 9th day of April, 2007.


James R. Skrzypek

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK           ) | |
|         Plaintiff,     ) | |
|    v.             ) | Civil Action No. 06 1129 |
| UNITED STATES TREASURY DEPARTMENT,  ) | (EGS) |
| et al.,            ) | |
|         Defendants    ) | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant FBI, specifically Special Agent John Patrick Johnson to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.  "You" and "Your" means the Defendant Federal Bureau of Investigation, its agents, employees, attorneys and any person(s) acting on its behalf.

2.  "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations or oral records or represetations of any kind; and mchanical or electronic records or representations of any kind, including tapes, cassettes, disks or records.

3.  Identity means:

    a.  In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

EX. 4

b.    In the case of a document; to state its date, its
author, its recipient or the person for whom it was
prepared, the type of document (e.g., letter, memor-
andum, chart or other category), its present location
or custodian, a summary of its contents, and any
other information necessary to render the document
distinguishable from all others and subject to
ready location.

c.    In the case of a communication or act, to identify
the person(s) present when the communication or act
occurred, the date and location of such communication
or act, and all documents which record, refer to,
or otherwise concern such communication of act.

4.  "Describe" means to provide a full, accurate and detailed descrip-
tion of the matter inquired of.

5.  Privilege or Immunity. To the extent that any documents are
not identified on the basis of privilege or immunity:

a.    submit a list identifying each such document;

b.    identify the nature of the privilege (including work
product) which is being claimed; and

c.    identify each person having knowlege of the factual
basis, if any, on which the claim of privilege or
immunity is based. For these purposes, "identify"
shall mean in the case of a document, to state the
document's date, its author, its recipient or the
person for whom it was prepared, the type of document
(e.g., letter, memorandum, chart, or other category),
its present location or custodian, a summary of its
contents, and any other information necessary to
render the document distinguishable from all others
and subject to ready location.

6.  Destroyed Documents. If any documents identified herein have
been lost, discarded, or destroyed, the documents so lost,
discarded, or destroyed shall be identified as completely
as possible, including, without limitations, the following
information: date of disposal, manner of disposal, reason
for disposal, person authorizing the disposal, and the person
disposing of the document.

**INTERROGATORIES**

1.    State your full name, current employment and business address.

   **RESPONSE**

2.    Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

> a).  the search of a residence located at 7620 W. Foster, Chicago, Illinois, on July 23, 24 and 25, 1997,
> b).  any and all consensual or non-consensual audio or video recordings concerning Plaintiff or his companies,
> c).  tape recorders used to record any conversations related to Plaintiff or his companies, including receipts or other documents bearing your name or signature, in their issuance or return.
> d).  chains of custody for all audio and video recordings of Plaintiff and his companies.

   **RESPONSE**

3.    Please identify the location(s) that you sent completed correspondence, communications, reports or memorandums concerning items contained in paragraph 2.(a)(b)(c)(d).

   **RESPONSE**

4.    Please identify each person and agency whom you believe has knowledge or information concerning a February 24, 1994 burglary of Plaintiff's premises located at 7628-30 W. Foster Avenue, Chicago, Illinois, commonly referred to as a "black bag job", and the location as to where any documents surrounding this burglary would be kept.

   **RESPONSE**

5.    Please identify, with specificity, all computer filing systems, whatever names, vernacular or nomenclature used to store, receive, transmit, share, retrieve or process information concerning Plaintiff.

   **RESPONSE**

6.    Please identify filing systems that you use to store documents, records, audiotapes and other material concerning Plaintiff.

   **RESPONSE**

7.    Please identify, with specificity, each person and agency whom you believe has knowledge or information concerning a search of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

       **RESPONSE**

8.    Please identify each person or agency responsible for photographing and/or videotaping the interior of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

       **RESPONSE**

9.    Please identify, with specificity, all procedures for processing and/or developing photographic film, digital imaging or video tape, specifically including names of documents, with whatever internal agency vernacular, nomenclature or numbering system used in processing, developing or enhancing interior photographs taken of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

       **RESPONSE**

10.   Please identify each person that has contacted you regarding any responsive material or document responsive to Plaintiff's Freedom of Information Requests.

       **RESPONSE**

11.   Please identify all persons who provided information or participated in preparing the answers to these interrogatories.

       **RESPONSE**

       Date: This 9th day of April, 2007.

                    James R. Skrzypek, Pro se
                    P.O. Box 1000
                    Duluth, MN 55814

                    CERTIFICATE OF SERVICE

       I hereby certify that the foregoing has this date been served upon the parties by depositing a copy of same in the United States Mail in Duluth, Minnesota, sufficient postage prepaid, addressed to counsel as follows:

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Special Agent John Patrick Johnson
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

This the 9th day of April, 2007.


James R. Skrzypek

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES R. SKRZYPEK  <br><br>         Plaintiff,  <br><br>   v.  <br><br> UNITED STATES TREASURY DEPARTMENT, <br> et al.,  <br><br>         Defendants | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06 1129<br>)            (EGS)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant FBI, specifically Special Agent Curtis Crawford to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.    "You" and "Your" means the Defendant Federal Bureau of Investigation, its agents, employees, attorneys and any person(s) acting on its behalf.

2.    "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations or oral records or represetations of any kind; and mchanical or electronic records or representations of any kind, including tapes, cassettes, disks or records.

3.    Identity means:

         a.    In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

EX. 5

   b. In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

   c. In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4. "Describe" means to provide a full, accurate and detailed description of the matter inquired of.

5. Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

   a. submit a list identifying each such document;

   b. identify the nature of the privilege (including work product) which is being claimed; and

   c. identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6. Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

## INTERROGATORIES

1.   State your full name, current employment and business address.

     **RESPONSE**

2.   Please identify, with specificity, all correspondence, communica-
     tions, documents, reports or memorandums, with internal agency
     vernacular or nomenclature, prepared or received concerning the
     following:

     a).   the search of a residence located at 7620 W. Foster,
           Chicago, Illinois, on July 23, 24 and 25, 1997,
     b).   any and all consensual or non-consensual audio or
           video recordings concerning Plaintiff or his companies,
     c).   tape recorders used to record any conversations related
           to Plaintiff or his companies, including receipts
           or other documents bearing your name or signature,
           in their issuance or return.
     d).   chains of custody for all audio and video recordings
           of Plaintiff and his companies.

     **RESPONSE**

3.   Please identify the location(s) that you sent completed corres-
     pondence, communications, reports or memorandums concerning
     items contained in paragraph 2.(a)(b)(c)(d).

     **RESPONSE**

4.   Please identify each person and agency whom you believe has
     knowledge or information concerning a February 24, 1994
     burglary of Plaintiff's premises located at 7628-30 W. Foster
     Avenue, Chicago, Illinois, commonly referred to as a "black
     bag job", and the location as to where any documents surrounding
     this burglary would be kept.

     **RESPONSE**

5.   Please identify, with specificity, all computer filing systems,
     whatever names, vernacular or nomenclature used to store,
     receive, transmit, share, retrieve or process information
     concerning Plaintiff.

     **RESPONSE**

6.   Please identify filing systems that you use to store documents,
     records, audiotapes and other material concerning Plaintiff.

     **RESPONSE**

7.   Please identify, with specificity, each person and agency whom
     you believe has knowledge or information concerning a search
     of a residence located at 7620 W. Foster, Chicago, Illinois
     on July 23, 24 and 25, 1997.

          **RESPONSE**

8.   Please identify each person or agency responsible for photograph-
     ing and/or videotaping the interior of a residence located at
     7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

          **RESPONSE**

9.   Please identify, with specificity, all procedures for processing
     and/or developing photographic film, digital imaging or video
     tape, specifically including names of documents, with whatever
     internal agency vernacular, nomenclature or numbering system
     used in processing, developing or enhancing interior photographs
     taken of a residence located at 7620 W. Foster, Chicago, Illinois
     on July 23, 24 and 25, 1997.

          **RESPONSE**

10.  Please identify each person that has contacted you regarding
     any responsive material or document responsive to Plaintiff's
     Freedom of Information Requests.

          **RESPONSE**

11.  Please identify all persons who provided information or participa-
     ted in preparing the answers to these interrogatories.

          **RESPONSE**

     Date: This 9th day of April, 2007.

                    James R. Skrzypek, Pro se
                    P.O. Box 1000
                    Duluth, MN 55814

                    CERTIFICATE OF SERVICE

     I hereby certify that the foregoing has this date been
served upon the parties by depositing a copy of same in the
United States Mail in Duluth, Minnesota, sufficient postage
prepaid, addressed to counsel as follows:

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Special Agent Curtis Crawford
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

This the 9th day of April, 2007.


_____
James R. Skrzypek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES R. SKRZYPEK | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06 1129 (EGS) |
| UNITED STATES TREASURY DEPARTMENT, et al., | ) ) ) | |
| Defendants | ) ) ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant FBI, specifically Special Agent David D. Bray II to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.  "You" and "Your" means the Defendant Federal Bureau of Investigation, its agents, employees, attorneys and any person(s) acting on its behalf.

2.  "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations or oral records or represetations of any kind; and mchanical or electronic records or representations of any kind, including tapes, cassettes, disks or records.

3.  Identity means:

    a.  In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

EX. 6

b.  In the case of a document; to state its date, its
author, its recipient or the person for whom it was
prepared, the type of document (e.g., letter, memor-
andum, chart or other category), its present location
or custodian, a summary of its contents, and any
other information necessary to render the document
distinguishable from all others and subject to
ready location.

c.  In the case of a communication or act, to identify
the person(s) present when the communication or act
occurred, the date and location of such communication
or act, and all documents which record, refer to,
or otherwise concern such communication of act.

4.  "Describe" means to provide a full, accurate and detailed descrip-
tion of the matter inquired of.

5.  Privilege or Immunity. To the extent that any documents are
not identified on the basis of privilege or immunity:

a.  submit a list identifying each such document;

b.  identify the nature of the privilege (including work
product) which is being claimed; and

c.  identify each person having knowlege of the factual
basis, if any, on which the claim of privilege or
immunity is based. For these purposes, "identify"
shall mean in the case of a document, to state the
document's date, its author, its recipient or the
person for whom it was prepared, the type of document
(e.g., letter, memorandum, chart, or other category),
its present location or custodian, a summary of its
contents, and any other information necessary to
render the document distinguishable from all others
and subject to ready location.

6.  Destroyed Documents. If any documents identified herein have
been lost, discarded, or destroyed, the documents so lost,
discarded, or destroyed shall be identified as completely
as possible, including, without limitations, the following
information: date of disposal, manner of disposal, reason
for disposal, person authorizing the disposal, and the person
disposing of the document.

## INTERROGATORIES

1.   State your full name, current employment and business address.

>   **RESPONSE**

2.   Please identify, with specificity, all correspondence, communica-
     tions, documents, reports or memorandums, with internal agency
     vernacular or nomenclature, prepared or received concerning the
     following:

>   a).  the search of a residence located at 7620 W. Foster,
>        Chicago, Illinois, on July 23, 24 and 25, 1997,
>   b).  any and all consensual or non-consensual audio or
>        video recordings concerning Plaintiff or his companies,
>   c).  tape recorders used to record any conversations related
>        to Plaintiff or his companies, including receipts
>        or other documents bearing your name or signature,
>        in their issuance or return.
>   d).  chains of custody for all audio and video recordings
>        of Plaintiff and his companies.

>   **RESPONSE**

3.   Please identify the location(s) that you sent completed corres-
     pondence, communications, reports or memorandums concerning
     items contained in paragraph 2.(a)(b)(c)(d).

>   **RESPONSE**

4.   Please identify each person and agency whom you believe has
     knowledge or information concerning a February 24, 1994
     burglary of Plaintiff's premises located at 7628-30 W. Foster
     Avenue, Chicago, Illinois, commonly referred to as a "black
     bag job", and the location as to where any documents surrounding
     this burglary would be kept.

>   **RESPONSE**

5.   Please identify, with specificity, all computer filing systems,
     whatever names, vernacular or nomenclature used to store,
     receive, transmit, share, retrieve or process information
     concerning Plaintiff.

>   **RESPONSE**

6.   Please identify filing systems that you use to store documents,
     records, audiotapes and other material concerning Plaintiff.

>   **RESPONSE**

7.  Please identify, with specificity, each person and agency whom you believe has knowledge or information concerning a search of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

8.  Please identify each person or agency responsible for photograph-ing and/or videotaping the interior of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

9.  Please identify, with specificity, all procedures for processing and/or developing photographic film, digital imaging or video tape, specifically including names of documents, with whatever internal agency vernacular, nomenclature or numbering system used in processing, developing or enhancing interior photographs taken of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

10. Please identify each person that has contacted you regarding any responsive material or document responsive to Plaintiff's Freedom of Information Requests.

    **RESPONSE**

11. Please identify all persons who provided information or participa-ted in preparing the answers to these interrogatories.

    **RESPONSE**

Date: This 9th day of April, 2007.

                James R. Skrzypek, Pro se
                P.O. Box 1000
                Duluth, MN 55814

                CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has this date been served upon the parties by depositing a copy of same in the United States Mail in Duluth, Minnesota, sufficient postage prepaid, addressed to counsel as follows:

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Special Agent David D. Bray II
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

This the 9th day of April, 2007.


James R. Skrzypek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES R. SKRZYPEK<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES TREASURY DEPARTMENT,<br>et al.,<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06 1129<br>)          (EGS)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant FBI, specifically Special Agent James P. Healy to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.    "You" and "Your" means the Defendant Federal Bureau of Investiga-
tion, its agents, employees, attorneys and any person(s) acting
on its behalf.

2.    "Document" refers to all items, including, but not limited
to, any written or recorded material of any kind, including
the originals and all non-identical copies, whether on such
copies or otherwise; notations of any sort of conversations,
telephone calls, meetings or other communications; all graphic
or oral records or representations of any kind; and mechanical
or electronic records or representations of any kind, including
tapes, cassettes, disks or records.

3.    Identity means:

        a.    In the case of a person, to state his or her full
              name, present or last known business address, and
              his or her present or last known employer or job
              title;

EX. 7

      b.    In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memor- andum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

      c.    In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4.   "Describe" means to provide a full, accurate and detailed descrip- tion of the matter inquired of.

5.   Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

      a.    submit a list identifying each such document;

      b.    identify the nature of the privilege (including work product) which is being claimed; and

      c.    identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6.   Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

## INTERROGATORIES

1.   State your full name, current employment and business address.

     **RESPONSE**

2.   Please identify, with specificity, all correspondence, communica-
     tions, documents, reports or memorandums, with internal agency
     vernacular or nomenclature, prepared or received concerning the
     following:

     a).   the search of a residence located at 7620 W. Foster,
           Chicago, Illinois, on July 23, 24 and 25, 1997,
     b).   any and all consensual or non-consensual audio or
           video recordings concerning Plaintiff or his companies,
     c).   tape recorders used to record any conversations related
           to Plaintiff or his companies, including receipts
           or other documents bearing your name or signature,
           in their issuance or return.
     d).   chains of custody for all audio and video recordings
           of Plaintiff and his companies.

     **RESPONSE**

3.   Please identify the location(s) that you sent completed corres-
     pondence, communications, reports or memorandums concerning
     items contained in paragraph 2.(a)(b)(c)(d).

     **RESPONSE**

4.   Please identify each person and agency whom you believe has
     knowledge or information concerning a February 24, 1994
     burglary of Plaintiff's premises located at 7628-30 W. Foster
     Avenue, Chicago, Illinois, commonly referred to as a "black
     bag job", and the location as to where any documents surrounding
     this burglary would be kept.

     **RESPONSE**

5.   Please identify, with specificity, all computer filing systems,
     whatever names, vernacular or nomenclature used to store,
     receive, transmit, share, retrieve or process information
     concerning Plaintiff.

     **RESPONSE**

6.   Please identify filing systems that you use to store documents,
     records, audiotapes and other material concerning Plaintiff.

     **RESPONSE**

7.   Please identify, with specificity, each person and agency whom
     you believe has knowledge or information concerning a search
     of a residence located at 7620 W. Foster, Chicago, Illinois
     on July 23, 24 and 25, 1997.

        **RESPONSE**

8.   Please identify each person or agency responsible for photograph-
     ing and/or videotaping the interior of a residence located at
     7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

        **RESPONSE**

9.   Please identify, with specificity, all procedures for processing
     and/or developing photographic film, digital imaging or video
     tape, specifically including names of documents, with whatever
     internal agency vernacular, nomenclature or numbering system
     used in processing, developing or enhancing interior photographs
     taken of a residence located at 7620 W. Foster, Chicago, Illinois
     on July 23, 24 and 25, 1997.

        **RESPONSE**

10.  Please identify each person that has contacted you regarding
     any responsive material or document responsive to Plaintiff's
     Freedom of Information Requests.

        **RESPONSE**

11.  Please identify all persons who provided information or participa-
     ted in preparing the answers to these interrogatories.

        **RESPONSE**

Date: This 9th day of April, 2007.

                    James R. Skrzypek, Pro se
                    P.O. Box 1000
                    Duluth, MN 55814

                    CERTIFICATE OF SERVICE

     I hereby certify that the foregoing has this date been
served upon the parties by depositing a copy of same in the
United States Mail in Duluth, Minnesota, sufficient postage
prepaid, addressed to counsel as follows:

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Special Agent James P. Healy
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

This 9th day of April, 2007.


James R. Skrzypek

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JAMES R. SKRZYPEK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06 1129 |
| | ) | (EGS) |
| UNITED STATES TREASURY DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant FBI, specifically Special Agent Kathleen L. McChesney to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.   "You" and "Your" means the Defendant Federal Bureau of Investiga-
     tion, its agents, employees, attorneys and any person(s) acting
     on its behalf.

2.   "Document" refers to all items, including, but not limited
     to, any written or recorded material of any kind, including
     the originals and all non-identical copies, whether on such
     copies or otherwise; notations of any sort of conversations,
     telephone calls, meetings or other communications; all graphic
     or oral records or representations of any kind; and mechanical
     or electronic records or representations of any kind, including
     tapes, cassettes, disks or records.

3.   Identity means:

         a.   In the case of a person, to state his or her full
              name, present or last known business address, and
              his or her present or last known employer or job
              title;



     b.    In the case of a document; to state its date, its
author, its recipient or the person for whom it was
prepared, the type of document (e.g., letter, memor-
andum, chart or other category), its present location
or custodian, a summary of its contents, and any
other information necessary to render the document
distinguishable from all others and subject to
ready location.

     c.    In the case of a communication or act, to identify
the person(s) present when the communication or act
occurred, the date and location of such communication
or act, and all documents which record, refer to,
or otherwise concern such communication of act.

4.   "Describe" means to provide a full, accurate and detailed descrip-
tion of the matter inquired of.

5.   Privilege or Immunity. To the extent that any documents are
not identified on the basis of privilege or immunity:

     a.    submit a list identifying each such document;

     b.    identify the nature of the privilege (including work
product) which is being claimed; and

     c.    identify each person having knowledge of the factual
basis, if any, on which the claim of privilege or
immunity is based. For these purposes, "identify"
shall mean in the case of a document, to state the
document's date, its author, its recipient or the
person for whom it was prepared, the type of document
(e.g., letter, memorandum, chart, or other category),
its present location or custodian, a summary of its
contents, and any other information necessary to
render the document distinguishable from all others
and subject to ready location.

6.   Destroyed Documents. If any documents identified herein have
been lost, discarded, or destroyed, the documents so lost,
discarded, or destroyed shall be identified as completely
as possible, including, without limitations, the following
information: date of disposal, manner of disposal, reason
for disposal, person authorizing the disposal, and the person
disposing of the document.

## INTERROGATORIES

1.   State your full name, current employment and business address.

   **RESPONSE**

2.   Please identify, with specificity, all correspondence, communica-
     tions, documents, reports or memorandums, with internal agency
     vernacular or nomenclature, prepared or received concerning the
     following:

   a).   the search of a residence located at 7620 W. Foster,
         Chicago, Illinois, on July 23, 24 and 25, 1997,
   b).   any and all consensual or non-consensual audio or
         video recordings concerning Plaintiff or his companies,
   c).   tape recorders used to record any conversations related
         to Plaintiff or his companies, including receipts
         or other documents bearing your name or signature,
         in their issuance or return.
   d).   chains of custody for all audio and video recordings
         of Plaintiff and his companies.

   **RESPONSE**

3.   Please identify the location(s) that you sent completed corres-
     pondence, communications, reports or memorandums concerning
     items contained in paragraph 2.(a)(b)(c)(d).

   **RESPONSE**

4.   Please identify each person and agency whom you believe has
     knowledge or information concerning a February 24, 1994
     burglary of Plaintiff's premises located at 7628-30 W. Foster
     Avenue, Chicago, Illinois, commonly referred to as a "black
     bag job", and the location as to where any documents surrounding
     this burglary would be kept.

   **RESPONSE**

5.   Please identify, with specificity, all computer filing systems,
     whatever names, vernacular or nomenclature used to store,
     receive, transmit, share, retrieve or process information
     concerning Plaintiff.

   **RESPONSE**

6.   Please identify filing systems that you use to store documents,
     records, audiotapes and other material concerning Plaintiff.

   **RESPONSE**

7.    Please identify, with specificity, each person and agency whom
      you believe has knowledge or information concerning a search
      of a residence located at 7620 W. Foster, Chicago, Illinois
      on July 23, 24 and 25, 1997.

           **RESPONSE**

8.    Please identify each person or agency responsible for photograph-
      ing and/or videotaping the interior of a residence located at
      7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

           **RESPONSE**

9.    Please identify, with specificity, all procedures for processing
      and/or developing photographic film, digital imaging or video
      tape, specifically including names of documents, with whatever
      internal agency vernacular, nomenclature or numbering system
      used in processing, developing or enhancing interior photographs
      taken of a residence located at 7620 W. Foster, Chicago, Illinois
      on July 23, 24 and 25, 1997.

           **RESPONSE**

10.   Please identify each person that has contacted you regarding
      any responsive material or document responsive to Plaintiff's
      Freedom of Information Requests.

           **RESPONSE**

11.   Please identify all persons who provided information or participa-
      ted in preparing the answers to these interrogatories.

           **RESPONSE**

      Date: This 9th day of April, 2007.

                     James R. Skrzypek, Pro se
                     P.O. Box 1000
                     Duluth, MN 55814

                     CERTIFICATE OF SERVICE

      I hereby certify that the foregoing has this date been
served upon the parties by depositing a copy of same in the
United States Mail in Duluth, Minnesota, sufficient postage
prepaid, addressed to counsel as follows:

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Special Agent Kathleen L. McChesney
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

This 9th day of April, 2007.


_____
James R. Skrzypek