### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK               ) <br>              ) <br>        Plaintiff,       ) <br>              ) <br>    v.                  ) <br>              ) <br> UNITED STATES TREASURY DEPARTMENT,   ) <br> et al.,               ) <br>              ) <br>        Defendants      ) <br>              ) | Civil Action No. 06 1129 <br> (EGS) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant US Attorney, specifically Assistant US Attorney Brian Netols to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" means the United States Attorney's Office its agents, employees, attorneys and any person(s) acting on its behalf.

2. "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations, telephone calls, meetings or other communications; all graphic or oral records or representations of any kind; and mechanical of electronic records or representations of any kind, including tapes, cassettes, disks or records.

3. Identity means:

       a.    In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

*EX. 1*

     b.    In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

     c.    In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4.   "Describe" means to provide a full, accurate and detailed description of the matter inquired of.

5.   Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

     a.    submit a list identifying each such document;

     b.    identify the nature of the privilege (including work product) which is being claimed; and

     c.    identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6.   Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

## INTERROGATORIES

1.    State your full name, current employment and business address.

      **RESPONSE**

2.    Please identify, with specificity, all correspondence, communica-
tions, documents, reports or memorandums, with internal agency
vernacular or nomenclature, prepared or received concerning the
following:

      a).   the search of a residence located at 7620 W. Foster,
           Chicago, Illinois, on July 23, 24 and 25, 1997,

      b).   any and all consensual or non-consensual audio or
           video recordings concerning Plaintiff or his companies,

      c).   tape recorders used to record any conversations related
           to Plaintiff or his companies, including receipts
           or other documents bearing your name or signature,
           in their issuance or return.

      d).   chains of custody for all audio and video recordings
           of Plaintiff and his companies.

      **RESPONSE**

3.    Please identify the location(s) that you sent completed corres-
pondence, communications, reports or memorandums concerning
items contained in paragraph 2.(a)(b)(c)(d).

      **RESPONSE**

4.    Please identify each person and agency whom you believe has
knowledge or information concerning a February 24, 1994
burglary of Plaintiff's premises located at 7628-30 W. Foster
Avenue, Chicago, Illinois, commonly referred to as a "black
bag job", and the location as to where any documents surrounding
this burglary would be kept.

      **RESPONSE**

5.    Please identify, with specificity, all computer filing systems,
whatever names, vernacular or nomenclature used to store,
receive, transmit, share, retrieve or process information
concerning Plaintiff.

      **RESPONSE**

6.    Please identify filing systems that you use to store documents,
records, audiotapes and other material concerning Plaintiff.

      **RESPONSE**

7.   Please identify, with specificity, each person and agency whom
     you believe has knowledge or information concerning a search
     of a residence located at 7620 W. Foster, Chicago, Illinois
     on July 23, 24 and 25, 1997

          **RESPONSE**

8.   Please identify each person or agency responsible for photograph
     ing and/or videotaping the interior of a residence located at
     7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

          **RESPONSE**

9.   Please identify, with specificity, all procedures for processing
     and/or developing photographic film, digital imaging or video
     tape, specifically including names of documents, with whatever
     internal agency vernacular, nomenclature or numbering system
     used in processing, developing or enhancing interior photographs
     taken of a residence located at 7620 W. Foster, Chicago, Illinois
     on July 23, 24 and 25, 1997.

          **RESPONSE**

10.  Please identify, with specificity, all correspondence, communica-
     tions, documents, reports or memorandums, with internal agency
     vernacular or nomenclature, prepared or received concerning the
     following:

          a).  installation or removal of any electronic surveillance
               equipment surrounding Plaintiff from 1993 through 2005.

          **RESPONSE**

11.  Please identify, with specificity, all correspondence, communica-
     tions, documents, reports or memorandums, with internal agency
     vernacular or nomenclature, prepared or received concerning the
     following:

          a).  custody or control of audiotapes of Plaintiff, at
               any time,
          b).  discussions, at any time, with Anthony Pellicano
               surrounding Plaintiff,
          c).  transmitting, by mail or other means, audio or video-
               tapes to or from Anthony Pellicano to or from any
               location.
          d).  contact, of any kind, with Anthony Pellicano, for
               any purpose, surrounding audio or video tapes of
               Plaintiff.
          e).  travel, by any person, at any time, to the offices
               or locations of Anthony Pellicano, or travel by
               Anthony Pellicano or his designee, to Chicago, for
               any purpose surrounding Plaintiff,

f). telephone calls to or from Anthony Pellicano, at
any time, surrounding Plaintiff,
g). payments to Anthony Pellicano, at any time, from
any fund, for any service rendered by Anthony
Pellicano including, but not limited to Plaintiff.

**RESPONSE**

12. Please identify each person that has contacted you regarding
any responsive material or document responsive to Plaintiff's
Freedom of Information Requests.

**RESPONSE**

13. Please identify all persons who provided information or participa-
ted in preparing the answers to these interrogatories.

**RESPONSE**

Date: This 20th day of April, 2007.

James R. Skrzypek, Pro se
P.O. Box 1000
Duluth, MN 55814

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has this date been
served upon the parties by depositing a copy of same in the
United States Mail in Duluth, Minnesota, sufficient postage
prepaid, addressed to counsel as follows:

United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 2001-2802

Attorney General Alberto Gonzalez
Department of Justice
Tenth Street and
Constitution Avenue, N.W.
Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Assistant U.S. Attorney Brian Netols
United States Attorney's Office
219 S. Dearborn Street
Chicago, Illinois 60604

This the 20th day of April, 2007.


_____
James R. Skrzypek

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JAMES R. SKRZYPEK )
)
            Plaintiff, )
)
    v. )     Civil Action No. 06 1129
)              (EGS)
UNITED STATES TREASURY DEPARTMENT, )
et al., )
)
            Defendants )
)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the
Plaintiff, James R. Skrzypek, Pro se, requests Defendant US Attorney,
specifically Assistant US Attorney Stephan Heinze to answer the
following interrogatories, in writing and under oath, within 30
days from the date of service, in accordance with the definitions
and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.  "You" and "Your" means the United States Attorney's Office
    its agents, employees, attorneys and any person(s) acting
    on its behalf.

2.  "Document" refers to all items, including, but not limited
    to, any written or recorded material of any kind, including
    the originals and all non-identical copies, whether on such
    copies or otherwise; notations of any sort of conversations,
    telephone calls, meetings or other communications; all graphic
    or oral records or representations of any kind; and mechanical
    of electronic records or representations of any kind, including
    tapes, cassettes, disks or records.

3.  Identity means:

        a.  In the case of a person, to state his or her full
            name, present or last known business address, and
            his or her present or last known employer or job
            title;


EX. 2

b.   In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

c.   In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4.   "Describe" means to provide a full, accurate and detailed description of the matter inquired of.

5.   Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

a.   submit a list identifying each such document;

b.   identify the nature of the privilege (including work product) which is being claimed; and

c.   identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6.   Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

## INTERROGATORIES

1.  State your full name, current employment and business address.

    **RESPONSE**

2.  Please identify, with specificity, all correspondence, communica-
    tions, documents, reports or memorandums, with internal agency
    vernacular or nomenclature, prepared or received concerning the
    following:

    a). the search of a residence located at 7620 W. Foster,
         Chicago, Illinois, on July 23, 24 and 25, 1997,
    b). any and all consensual or non-consensual audio or
         video recordings concerning Plaintiff or his companies,
    c). tape recorders used to record any conversations related
         to Plaintiff or his companies, including receipts
         or other documents bearing your name or signature,
         in their issuance or return.
    d). chains of custody for all audio and video recordings
         of Plaintiff and his companies.

    **RESPONSE**

3.  Please identify the location(s) that you sent completed corres-
    pondence, communications, reports or memorandums concerning
    items contained in paragraph 2.(a)(b)(c)(d).

    **RESPONSE**

4.  Please identify each person and agency whom you believe has
    knowledge or information concerning a February 24, 1994
    burglary of Plaintiff's premises located at 7628-30 W. Foster
    Avenue, Chicago, Illinois, commonly referred to as a "black
    bag job", and the location as to where any documents surrounding
    this burglary would be kept.

    **RESPONSE**

5.  Please identify, with specificity, all computer filing systems,
    whatever names, vernacular or nomenclature used to store,
    receive, transmit, share, retrieve or process information
    concerning Plaintiff.

    **RESPONSE**

6.  Please identify filing systems that you use to store documents,
    records, audiotapes and other material concerning Plaintiff.

    **RESPONSE**

7.  Please identify, with specificity, each person and agency whom
    you believe has knowledge or information concerning a search
    of a residence located at 7620 W. Foster, Chicago, Illinois
    on July 23, 24 and 25, 1997

        **RESPONSE**

8.  Please identify each person or agency responsible for photograph
    ing and/or videotaping the interior of a residence located at
    7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

        **RESPONSE**

9.  Please identify, with specificity, all procedures for processing
    and/or developing photographic film, digital imaging or video
    tape, specifically including names of documents, with whatever
    internal agency vernacular, nomenclature or numbering system
    used in processing, developing or enhancing interior photographs
    taken of a residence located at 7620 W. Foster, Chicago, Illinois
    on July 23, 24 and 25, 1997.

        **RESPONSE**

10. Please identify, with specificity, all correspondence, communica-
    tions, documents, reports or memorandums, with internal agency
    vernacular or nomenclature, prepared or received concerning the
    following:

        a). installation or removal of any electronic surveillance
            equipment surrounding Plaintiff from 1993 through 2005.

        **RESPONSE**

11. Please identify, with specificity, all correspondence, communica-
    tions, documents, reports or memorandums, with internal agency
    vernacular or nomenclature, prepared or received concerning the
    following:

        a). custody or control of audiotapes of Plaintiff, at
            any time,
        b). discussions, at any time, with Anthony Pellicano
            surrounding Plaintiff,
        c). transmitting, by mail or other means, audio or video-
            tapes to or from Anthony Pellicano to or from any
            location.
        d). contact, of any kind, with Anthony Pellicano, for
            any purpose, surrounding audio or video tapes of
            Plaintiff.
        e). travel, by any person, at any time, to the offices
            or locations of Anthony Pellicano, or travel by
            Anthony Pellicano or his designee, to Chicago, for
            any purpose surrounding Plaintiff,

f).   telephone calls to or from Anthony Pellicano, at
      any time, surrounding Plaintiff,
g).   payments to Anthony Pellicano, at any time, from
      any fund, for any service rendered by Anthony
      Pellicano including, but not limited to Plaintiff.

### RESPONSE

12.   Please identify each person that has contacted you regarding
      any responsive material or document responsive to Plaintiff's
      Freedom of Information Requests.

### RESPONSE

13.   Please identify all persons who provided information or participa-
      ted in preparing the answers to these interrogatories.

### RESPONSE

Date: This 20th day of April, 2007.

              James R. Skrzypek, Pro se
              P.O. Box 1000
              Duluth, MN 55814

                CERTIFICATE OF SERVICE

      I hereby certify that the foregoing has this date been
served upon the parties by depositing a copy of same in the
United States Mail in Duluth, Minnesota, sufficient postage
prepaid, addressed to counsel as follows:

              United States District Court
              for the District of Columbia
              333 Constitution Avenue, N.W.
              Washington, DC 2001-2802

              Attorney General Alberto Gonzalez
              Department of Justice
              Tenth Street and
              Constitution Avenue, N.W.
              Washington, DC 20530

              Madelyn E. Johnson
              Assistant U.S. Attorney
              555 4th Street, N.W. Rm. E4114
              Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Assistant U.S. Attorney Stephan Heinze
United States Attorney's Office
219 S. Dearborn Street
Chicago, Illinois 60604

This the 20th day of April, 2007.


James R. Skrzypek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK                    )
                                     )
              Plaintiff,             )
                                     )
      v.                             )
                                     )    Civil Action No. 06 1129
UNITED STATES TREASURY DEPARTMENT,   )         (EGS)
et al.,                              )
                                     )
              Defendants             )
                                     )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the
Plaintiff, James R. Skrzypek, Pro se, requests Defendant US Attorney,
specifically Assistant US Attorney Tu Pham to answer the
following interrogatories, in writing and under oath, within 30
days from the date of service, in accordance with the definitions
and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.   "You" and "Your" means the United States Attorney's Office
     its agents, employees, attorneys and any person(s) acting
     on its behalf.

2.   "Document" refers to all items, including, but not limited
     to, any written or recorded material of any kind, including
     the originals and all non-identical copies, whether on such
     copies or otherwise; notations of any sort of conversations,
     telephone calls, meetings or other communications; all graphic
     or oral records or representations of any kind; and mechanical
     of electronic records or representations of any kind, including
     tapes, cassettes, disks or records.

3.   Identity means:

         a.   In the case of a person, to state his or her full
              name, present or last known business address, and
              his or her present or last known employer or job
              title;



b.  In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

c.  In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4.  "Describe" means to provide a full, accurate and detailed description of the matter inquired of.

5.  Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

a.  submit a list identifying each such document;

b.  identify the nature of the privilege (including work product) which is being claimed; and

c.  identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6.  Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

## INTERROGATORIES

1.  State your full name, current employment and business address.

    **RESPONSE**

2.  Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a).  the search of a residence located at 7620 W. Foster, Chicago, Illinois, on July 23, 24 and 25, 1997,

    b).  any and all consensual or non-consensual audio or video recordings concerning Plaintiff or his companies,

    c).  tape recorders used to record any conversations related to Plaintiff or his companies, including receipts or other documents bearing your name or signature, in their issuance or return.

    d).  chains of custody for all audio and video recordings of Plaintiff and his companies.

    **RESPONSE**

3.  Please identify the location(s) that you sent completed correspondence, communications, reports or memorandums concerning items contained in paragraph 2.(a)(b)(c)(d).

    **RESPONSE**

4.  Please identify each person and agency whom you believe has knowledge or information concerning a February 24, 1994 burglary of Plaintiff's premises located at 7628-30 W. Foster Avenue, Chicago, Illinois, commonly referred to as a "black bag job", and the location as to where any documents surrounding this burglary would be kept.

    **RESPONSE**

5.  Please identify, with specificity, all computer filing systems, whatever names, vernacular or nomenclature used to store, receive, transmit, share, retrieve or process information concerning Plaintiff.

    **RESPONSE**

6.  Please identify filing systems that you use to store documents, records, audiotapes and other material concerning Plaintiff.

    **RESPONSE**

7.  Please identify, with specificity, each person and agency whom you believe has knowledge or information concerning a search of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997

    **RESPONSE**

8.  Please identify each person or agency responsible for photograph ing and/or videotaping the interior of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

9.  Please identify, with specificity, all procedures for processing and/or developing photographic film, digital imaging or video tape, specifically including names of documents, with whatever internal agency vernacular, nomenclature or numbering system used in processing, developing or enhancing interior photographs taken of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

10. Please identify, with specificity, all correspondence, communica-tions, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a).  installation or removal of any electronic surveillance equipment surrounding Plaintiff from 1993 through 2005.

    **RESPONSE**

11. Please identify, with specificity, all correspondence, communica-tions, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a).  custody or control of audiotapes of Plaintiff, at any time,
    b).  discussions, at any time, with Anthony Pellicano surrounding Plaintiff,
    c).  transmitting, by mail or other means, audio or video-tapes to or from Anthony Pellicano to or from any location.
    d).  contact, of any kind, with Anthony Pellicano, for any purpose, surrounding audio or video tapes of Plaintiff.
    e).  travel, by any person, at any time, to the offices or locations of Anthony Pellicano, or travel by Anthony Pellicano or his designee, to Chicago, for any purpose surrounding Plaintiff,

> f). telephone calls to or from Anthony Pellicano, at
>     any time, surrounding Plaintiff,
> g). payments to Anthony Pellicano, at any time, from
>     any fund, for any service rendered by Anthony
>     Pellicano including, but not limited to Plaintiff.

### RESPONSE

12. Please identify each person that has contacted you regarding
    any responsive material or document responsive to Plaintiff's
    Freedom of Information Requests.

### RESPONSE

13. Please identify all persons who provided information or participa-
    ted in preparing the answers to these interrogatories.

### RESPONSE

Date: This 20th day of April, 2007.

                    James R. Skrzypek, Pro se
                    P.O. Box 1000
                    Duluth, MN 55814

                CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has this date been
served upon the parties by depositing a copy of same in the
United States Mail in Duluth, Minnesota, sufficient postage
prepaid, addressed to counsel as follows:

                    United States District Court
                    for the District of Columbia
                    333 Constitution Avenue, N.W.
                    Washington, DC 2001-2802

                    Attorney General Alberto Gonzalez
                    Department of Justice
                    Tenth Street and
                    Constitution Avenue, N.W.
                    Washington, DC 20530

                    Madelyn E. Johnson
                    Assistant U.S. Attorney
                    555 4th Street, N.W. Rm. E4114
                    Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Assistant U.S. Attorney Tu Pham
United States Attorney's Office
219 S. Dearborn Street
Chicago, Illinois 60604

This the 20th day of April, 2007.


James R. Skrzypek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK )<br><br>        Plaintiff, )<br><br>    v. )<br><br>UNITED STATES TREASURY DEPARTMENT, )<br>et al., )<br><br>        Defendants ) | Civil Action No. 06 1129<br>(EGS) |

JAMES R. SKRZYPEK

   Plaintiff,

 v.

UNITED STATES TREASURY DEPARTMENT,
et al.,

   Defendants

Civil Action No. 06 1129
(EGS)

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant US Attorney, specifically Assistant US Attorney Gary Shapiro to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.  "You" and "Your" means the Defendant United States Attorney, its agents, employees, attorneys and any person(s) acting on its behalf.

2.  "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations or oral records or representations of any kind; and mechanical or electronic records or representations of any kind, including tapes, cassettes, disks or records.

3.  Identity means:

    a.  In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

EX. 4

b.   In the case of a document; to state its date, its
     author, its recipient or the person for whom it was
     prepared, the type of document (e.g., letter, memor-
     andum, chart or other category), its present location
     or custodian, a summary of its contents, and any
     other information necessary to render the document
     distinguishable from all others and subject to
     ready location.

c.   In the case of a communication or act, to identify
     the person(s) present when the communication or act
     occurred, the date and location of such communication
     or act, and all documents which record, refer to,
     or otherwise concern such communication of act.

4.   "Describe" means to provide a full, accurate and detailed descrip-
     tion of the matter inquired of.

5.   Privilege or Immunity. To the extent that any documents are
     not identified on the basis of privilege or immunity:

     a.   submit a list identifying each such document;

     b.   identify the nature of the privilege (including work
          product) which is being claimed; and

     c.   identify each person having knowlege of the factual
          basis, if any, on which the claim of privilege or
          immunity is based. For these purposes, "identify"
          shall mean in the case of a document, to state the
          document's date, its author, its recipient or the
          person for whom it was prepared, the type of document
          (e.g., letter, memorandum, chart, or other category),
          its present location or custodian, a summary of its
          contents, and any other information necessary to
          render the document distinguishable from all others
          and subject to ready location.

6.   Destroyed Documents. If any documents identified herein have
     been lost, discarded, or destroyed, the documents so lost,
     discarded, or destroyed shall be identified as completely
     as possible, including, without limitations, the following
     information: date of disposal, manner of disposal, reason
     for disposal, person authorizing the disposal, and the person
     disposing of the document.

### INTERROGATORIES

1.   State your full name, current employment and business address.

> **RESPONSE**

2.   Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

   a).  the search of a residence located at 7620 W. Foster, Chicago, Illinois, on July 23, 24 and 25, 1997,
   b).  any and all consensual or non-consensual audio or video recordings concerning Plaintiff or his companies,
   c).  tape recorders used to record any conversations related to Plaintiff or his companies, including receipts or other documents bearing your name or signature, in their issuance or return.
   d).  chains of custody for all audio and video recordings of Plaintiff and his companies.

> **RESPONSE**

3.   Please identify the location(s) that you sent completed correspondence, communications, reports or memorandums concerning items contained in paragraph 2.(a)(b)(c)(d).

> **RESPONSE**

4.   Please identify each person and agency whom you believe has knowledge or information concerning a February 24, 1994 burglary of Plaintiff's premises located at 7628-30 W. Foster Avenue, Chicago, Illinois, commonly referred to as a "black bag job", and the location as to where any documents surrounding this burglary would be kept.

> **RESPONSE**

5.   Please identify, with specificity, all computer filing systems, whatever names, vernacular or nomenclature used to store, receive, transmit, share, retrieve or process information concerning Plaintiff.

> **RESPONSE**

6.   Please identify filing systems that you use to store documents, records, audiotapes and other material concerning Plaintiff.

> **RESPONSE**

7.  Please identify, with specificity, each person and agency whom you believe has knowledge or information concerning a search of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997

    **RESPONSE**

8.  Please identify each person or agency responsible for photograph ing and/or videotaping the interior of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

9.  Please identify, with specificity, all procedures for processing and/or developing photographic film, digital imaging or video tape, specifically including names of documents, with whatever internal agency vernacular, nomenclature or numbering system used in processing, developing or enhancing interior photographs taken of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

10. Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a).  installation or removal of any electronic surveillance equipment surrounding Plaintiff from 1993 through 2005.

    **RESPONSE**

11. Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a).  custody or control of audiotapes of Plaintiff, at any time,
    b).  discussions, at any time, with Anthony Pellicano surrounding Plaintiff,
    c).  transmitting, by mail or other means, audio or video-tapes to or from Anthony Pellicano to or from any location.
    d).  contact, of any kind, with Anthony Pellicano, for any purpose, surrounding audio or video tapes of Plaintiff.
    e).  travel, by any person, at any time, to the offices or locations of Anthony Pellicano, or travel by Anthony Pellicano or his designee, to Chicago, for any purpose surrounding Plaintiff,

f). telephone calls to or from Anthony Pellicano, at any time, surrounding Plaintiff,

g). payments to Anthony Pellicano, at any time, from any fund, for any service rendered by Anthony Pellicano including, but not limited to Plaintiff.

**RESPONSE**

12. Please identify each person that has contacted you regarding any responsive material or document responsive to Plaintiff's Freedom of Information Requests.

**RESPONSE**

13. Please identify all persons who provided information or participated in preparing the answers to these interrogatories.

**RESPONSE**

Date: This 20th day of April, 2007.

James R. Skrzypek, Pro se
P.O. Box 1000
Duluth, MN 55814

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has this date been served upon the parties by depositing a copy of same in the United States Mail in Duluth, Minnesota, sufficient postage prepaid, addressed to counsel as follows:

United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 2001-2802

Attorney General Alberto Gonzalez
Department of Justice
Tenth Street and
Constitution Avenue, N.W.
Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Assistant U.S. Attorney Gary Shapiro
United States Attorney's Office
219 S. Dearborn Street
Chicago, Illinois 60604

This the 20th day of April, 2007.


_____
James R. Skrzypek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK

      Plaintiff,

   v.

UNITED STATES TREASURY DEPARTMENT,
et al.,

      Defendants

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 06 1129
(EGS)

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant US Attorney, specifically Assistant US Attorney Dean Polales to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.    "You" and "Your" means the Defendant United States Attorney, its agents, employees, attorneys and any person(s) acting on its behalf.

2.    "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations or oral records or representations of any kind; and mechanical or electronic records or representations of any kind, including tapes, cassettes, disks or records.

3.    Identity means:

        a.    In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;


EX. 5

     b.    In the case of a document; to state its date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

     c.    In the case of a communication or act, to identify the person(s) present when the communication or act occurred, the date and location of such communication or act, and all documents which record, refer to, or otherwise concern such communication of act.

4.    "Describe" means to provide a full, accurate and detailed description of the matter inquired of.

5.    Privilege or Immunity. To the extent that any documents are not identified on the basis of privilege or immunity:

     a.    submit a list identifying each such document;

     b.    identify the nature of the privilege (including work product) which is being claimed; and

     c.    identify each person having knowlege of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document, to state the document's date, its author, its recipient or the person for whom it was prepared, the type of document (e.g., letter, memorandum, chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document distinguishable from all others and subject to ready location.

6.    Destroyed Documents. If any documents identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

## INTERROGATORIES

1.    State your full name, current employment and business address.

      **RESPONSE**

2.    Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

        a).   the search of a residence located at 7620 W. Foster, Chicago, Illinois, on July 23, 24 and 25, 1997,

        b).   any and all consensual or non-consensual audio or video recordings concerning Plaintiff or his companies,

        c).   tape recorders used to record any conversations related to Plaintiff or his companies, including receipts or other documents bearing your name or signature, in their issuance or return.

        d).   chains of custody for all audio and video recordings of Plaintiff and his companies.

      **RESPONSE**

3.    Please identify the location(s) that you sent completed correspondence, communications, reports or memorandums concerning items contained in paragraph 2.(a)(b)(c)(d).

      **RESPONSE**

4.    Please identify each person and agency whom you believe has knowledge or information concerning a February 24, 1994 burglary of Plaintiff's premises located at 7628-30 W. Foster Avenue, Chicago, Illinois, commonly referred to as a "black bag job", and the location as to where any documents surrounding this burglary would be kept.

      **RESPONSE**

5.    Please identify, with specificity, all computer filing systems, whatever names, vernacular or nomenclature used to store, receive, transmit, share, retrieve or process information concerning Plaintiff.

      **RESPONSE**

6.    Please identify filing systems that you use to store documents, records, audiotapes and other material concerning Plaintiff.

      **RESPONSE**

7. Please identify, with specificity, each person and agency whom you believe has knowledge or information concerning a search of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997

   **RESPONSE**

8. Please identify each person or agency responsible for photographing and/or videotaping the interior of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

   **RESPONSE**

9. Please identify, with specificity, all procedures for processing and/or developing photographic film, digital imaging or video tape, specifically including names of documents, with whatever internal agency vernacular, nomenclature or numbering system used in processing, developing or enhancing interior photographs taken of a residence located at 7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

   **RESPONSE**

10. Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a). installation or removal of any electronic surveillance equipment surrounding Plaintiff from 1993 through 2005.

    **RESPONSE**

11. Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a). custody or control of audiotapes of Plaintiff, at any time,
    b). discussions, at any time, with Anthony Pellicano surrounding Plaintiff,
    c). transmitting, by mail or other means, audio or video-tapes to or from Anthony Pellicano to or from any location.
    d). contact, of any kind, with Anthony Pellicano, for any purpose, surrounding audio or video tapes of Plaintiff.
    e). travel, by any person, at any time, to the offices or locations of Anthony Pellicano, or travel by Anthony Pellicano or his designee, to Chicago, for any purpose surrounding Plaintiff,

f). telephone calls to or from Anthony Pellicano, at
any time, surrounding Plaintiff,

g). payments to Anthony Pellicano, at any time, from
any fund, for any service rendered by Anthony
Pellicano including, but not limited to Plaintiff.

**RESPONSE**

12. Please identify each person that has contacted you regarding
any responsive material or document responsive to Plaintiff's
Freedom of Information Requests.

**RESPONSE**

13. Please identify all persons who provided information or participa-
ted in preparing the answers to these interrogatories.

**RESPONSE**

Date: This 20th day of April, 2007.

James R. Skrzypek, Pro se
P.O. Box 1000
Duluth, MN 55814

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has this date been
served upon the parties by depositing a copy of same in the
United States Mail in Duluth, Minnesota, sufficient postage
prepaid, addressed to counsel as follows:

United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 2001-2802

Attorney General Alberto Gonzalez
Department of Justice
Tenth Street and
Constitution Avenue, N.W.
Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Assistant U.S. Attorney Dean Polales
United States Attorney's Office
219 S. Dearborn Street
Chicago, Illinois 60604

This the 20th day of April, 2007.


_____

James R. Skrzypek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES TREASURY DEPARTMENT, et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06 1129 <br> ) (EGS) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, James R. Skrzypek, Pro se, requests Defendant US Attorney, specifically Assistant US Attorney Ronald Safer to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1.   "You" and "Your" means the Defendant United States Attorney, its agents, employees, attorneys and any person(s) acting on its behalf.

2.   "Document" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations or oral records or representations of any kind; and mechanical or electronic records or representations of any kind, including tapes, cassettes, disks or records.

3.   Identity means:

      a.   In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

EX. 6

      b.    In the case of a document; to state its date, its
author, its recipient or the person for whom it was
prepared, the type of document (e.g., letter, memor-
andum, chart or other category), its present location
or custodian, a summary of its contents, and any
other information necessary to render the document
distinguishable from all others and subject to
ready location.

      c.    In the case of a communication or act, to identify
the person(s) present when the communication or act
occurred, the date and location of such communication
or act, and all documents which record, refer to,
or otherwise concern such communication of act.

4.  "Describe" means to provide a full, accurate and detailed descrip-
tion of the matter inquired of.

5.  Privilege or Immunity. To the extent that any documents are
not identified on the basis of privilege or immunity:

      a.    submit a list identifying each such document;

      b.    identify the nature of the privilege (including work
product) which is being claimed; and

      c.    identify each person having knowlege of the factual
basis, if any, on which the claim of privilege or
immunity is based. For these purposes, "identify"
shall mean in the case of a document, to state the
document's date, its author, its recipient or the
person for whom it was prepared, the type of document
(e.g., letter, memorandum, chart, or other category),
its present location or custodian, a summary of its
contents, and any other information necessary to
render the document distinguishable from all others
and subject to ready location.

6.  Destroyed Documents. If any documents identified herein have
been lost, discarded, or destroyed, the documents so lost,
discarded, or destroyed shall be identified as completely
as possible, including, without limitations, the following
information: date of disposal, manner of disposal, reason
for disposal, person authorizing the disposal, and the person
disposing of the document.

## INTERROGATORIES

1.  State your full name, current employment and business address.

    **RESPONSE**

2.  Please identify, with specificity, all correspondence, communications, documents, reports or memorandums, with internal agency vernacular or nomenclature, prepared or received concerning the following:

    a). the search of a residence located at 7620 W. Foster, Chicago, Illinois, on July 23, 24 and 25, 1997,

    b). any and all consensual or non-consensual audio or video recordings concerning Plaintiff or his companies,

    c). tape recorders used to record any conversations related to Plaintiff or his companies, including receipts or other documents bearing your name or signature, in their issuance or return.

    d). chains of custody for all audio and video recordings of Plaintiff and his companies.

    **RESPONSE**

3.  Please identify the location(s) that you sent completed correspondence, communications, reports or memorandums concerning items contained in paragraph 2.(a)(b)(c)(d).

    **RESPONSE**

4.  Please identify each person and agency whom you believe has knowledge or information concerning a February 24, 1994 burglary of Plaintiff's premises located at 7628-30 W. Foster Avenue, Chicago, Illinois, commonly referred to as a "black bag job", and the location as to where any documents surrounding this burglary would be kept.

    **RESPONSE**

5.  Please identify, with specificity, all computer filing systems, whatever names, vernacular or nomenclature used to store, receive, transmit, share, retrieve or process information concerning Plaintiff.

    **RESPONSE**

6.  Please identify filing systems that you use to store documents, records, audiotapes and other material concerning Plaintiff.

    **RESPONSE**

7.  Please identify, with specificity, each person and agency whom
    you believe has knowledge or information concerning a search
    of a residence located at 7620 W. Foster, Chicago, Illinois
    on July 23, 24 and 25, 1997

    **RESPONSE**

8.  Please identify each person or agency responsible for photograph
    ing and/or videotaping the interior of a residence located at
    7620 W. Foster, Chicago, Illinois on July 23, 24 and 25, 1997.

    **RESPONSE**

9.  Please identify, with specificity, all procedures for processing
    and/or developing photographic film, digital imaging or video
    tape, specifically including names of documents, with whatever
    internal agency vernacular, nomenclature or numbering system
    used in processing, developing or enhancing interior photographs
    taken of a residence located at 7620 W. Foster, Chicago, Illinois
    on July 23, 24 and 25, 1997.

    **RESPONSE**

10. Please identify, with specificity, all correspondence, communica-
    tions, documents, reports or memorandums, with internal agency
    vernacular or nomenclature, prepared or received concerning the
    following:

    a).  installation or removal of any electronic surveillance
         equipment surrounding Plaintiff from 1993 through 2005.

    **RESPONSE**

11. Please identify, with specificity, all correspondence, communica-
    tions, documents, reports or memorandums, with internal agency
    vernacular or nomenclature, prepared or received concerning the
    following:

    a).  custody or control of audiotapes of Plaintiff, at
         any time,
    b).  discussions, at any time, with Anthony Pellicano
         surrounding Plaintiff,
    c).  transmitting, by mail or other means, audio or video-
         tapes to or from Anthony Pellicano to or from any
         location.
    d).  contact, of any kind, with Anthony Pellicano, for
         any purpose, surrounding audio or video tapes of
         Plaintiff.
    e).  travel, by any person, at any time, to the offices
         or locations of Anthony Pellicano, or travel by
         Anthony Pellicano or his designee, to Chicago, for
         any purpose surrounding Plaintiff,

f).  telephone calls to or from Anthony Pellicano, at any time, surrounding Plaintiff,

g).  payments to Anthony Pellicano, at any time, from any fund, for any service rendered by Anthony Pellicano including, but not limited to Plaintiff.

**RESPONSE**

12.  Please identify each person that has contacted you regarding any responsive material or document responsive to Plaintiff's Freedom of Information Requests.

**RESPONSE**

13.  Please identify all persons who provided information or participated in preparing the answers to these interrogatories.

**RESPONSE**

Date: This 20th day of April, 2007.

James R. Skrzypek, Pro se
P.O. Box 1000
Duluth, MN 55814

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has this date been served upon the parties by depositing a copy of same in the United States Mail in Duluth, Minnesota, sufficient postage prepaid, addressed to counsel as follows: .

United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 2001-2802

Attorney General Alberto Gonzalez
Department of Justice
Tenth Street and
Constitution Avenue, N.W.
Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, DC 20530

Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W. Rm. E4114
Washington, D.C. 20530

Assistant U.S. Attorney Ronald Safer
United States Attorney's Office
219 S. Dearborn Street
Chicago, Illinois 60604

This the 20th day of April, 2007.

_____

James R. Skrzypek