UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZPEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1129 (EGS) |
| ) | |
| UNITED STATES TREASURY ) | |
| DEPARTMENT, et al., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION

By order dated, May 24, 2007, the Court denied plaintiff's motion to compel discovery and granted defendants' motion for a protective order relieving defendants of any obligation to respond to discovery in the instant Freedom of Information Act (FOIA) case. Plaintiff now seeks reconsideration of that Order. For the reasons discussed below, that motion should be denied.

Plaintiff's motion alleges that he has not received documents he believes should exist about a search of his residence plaintiff claims occurred.[1] In responding to a FOIA

---

[1] Plaintiff points to the declaration of IRS Special Agent Jose Franco, submitted in this case, as confirming that this search occurred. See Pltff. Reply Memorandum in Support of Discovery at n.3. Mr. Franco's declaration does not such thing and plaintiff's selective citation to one paragraph in the declaration takes the statement out of context. Mr. Franco's declaration describes the thorough search defendant took to respond to plaintiff's request. In paragraph 3 of that declaration, Mr. Franco describes **plaintiff's** request for documents about a search. See Motion for Summary Judgement, U.S. Department of Treasury (Dkt. # 20) at Exh. 2, ¶ 3.. In

request an agency is under a duty to conduct a reasonable search for responsive records. Oglesby v. United Sates Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg v. United States Department of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce relevant material. Weisberg, 844 F.Supp. at 777 n.4.

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "'the search need only be reasonable; it does not have to be exhaustive.'" Miller v. Department of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973. An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once

---

paragraph 4 of his declaration, Mr. Franco places "search" in quotation marks, clearly referencing **plaintiff's** characterization, not Mr. Franco's own, of what occurred on July 23, 1997 when plaintiff was arrested. Mr. Franco goes on to state that he was present at the time of the arrest and assisted the Federal Bureau of Investigation in seizing assets and records owned by plaintiff. Id. at ¶ 4. Mr. Franco makes no statement that he or the FBI searched plaintiff's residence.

existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993). Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

In short, the fact that the records plaintiff insists "should" exist were not produced in response to his FOIA request does not establish that the wide-ranging discovery he desires is appropriate in this case. Defendants have moved for summary judgment and supported their motions with declarations outlining the scope of their searches. With regard to the Federal Bureau of Investigation – the only defendant with documents – plaintiff has stated that these documents, dealing with the search of his garage, are not responsive. Accordingly, no responsive records have been located by any of the defendant agencies. Again, however, this does not mean that their searches were inadequate or that they are not entitled to summary judgment, much less that the Court should reconsider its decision denying discovery.

Plaintiff also sights an Order of the United States Court of Appeals for the Seventh Circuit in United States v. Skrzypek, No. 97-CR-516 (May 7, 2007) granting Mr. and Mrs. Skrzypek's motion, as *pro se* appellants, to recall the mandate in their case and

allowing them an opportunity to resubmit their *pro se* petition for rehearing.  See Pltff. Motion To Supplement Reply Memorandum In Support of Discovery, Dkt. 56 (attaching a copy of the Order).  The Seventh Circuit's Order does not pass on the merits of plaintiff's efforts to obtain reconsideration of any adverse decision against them.  But, regardless, the actions of that Court has no relevance to whether plaintiff has met his burden to demonstrate that this Court should grant his exceptional request for discovery into the existence of documents plaintiff believes should exist.

As demonstrated above, the issue for the Court to decide in resolving this FOIA case is whether the defendants conducted an adequate search for records responsive to the plaintiff's request.  It is not whether documents a plaintiff believes should exist have all been located and disclosed.  Hence, plaintiff's motion for reconsideration should be denied.

                                      Respectfully submitted,

                                           /s/
                                    JEFFREY A. TAYLOR, DC Bar #498610
                                    United States Attorney

                                           /s/
                                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                                    Assistant United States Attorney

                                           /s/
                                    MADELYN E. JOHNSON, DC Bar #292318
                                    Assistant United States Attorney
                                    U.S. Attorney's Office, Rm  E4114
                                    555 4th Street, N.W.
                                    Washington, D.C.  20530
                                    *(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on June 13, 2007, plaintiff was served with a copy of the foregoing via first-class mail postage prepaid and addressed:

James R. Skrzypek
#08324-424
POB 1000
Duluth, MN 55814

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135