UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES R. SKRZYPEK,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF TREASURY et al.,

Defendants.

Civil Action No. 06-1129 (EGS)
Document No. 25

MEMORANDUM OPINION AND ORDER

In this action brought under the Freedom of Information Act ("FOIA"), 5. U.S.C. § 552, against multiple defendants, plaintiff challenges the National Security Agency's ("NSA") failure to locate records responsive to his request. NSA moves to dismiss or for summary judgment on the ground that it conducted an adequate search for records. Upon consideration of the parties' submissions and the relevant portions of the record, the Court will deny the summary judgment motion without prejudice to reconsideration of a renewed motion that describes with reasonable detail NSA's search for responsive records.

I. BACKGROUND

On June 12, 2006, plaintiff requested records pertaining to communications "from Anthony Pellicano relating, in any way, whatsoever, with James R. Skryzypek or Federal Security, Inc." Def.'s Mot., Declaration of Louis F. Giles ("Giles Decl."), Ex. 1 at 2. By letter dated July 21, 2006, NSA informed plaintiff that its search located no responsive records. *Id.*, Ex. 2.

## II. DISCUSSION

The agency to which a FOIA request is submitted is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc.*, *v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted). Thus, "[a] requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court. . . ." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). When an agency's search is at issue, the agency may prevail on a motion for summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena,* 180 F.3d at 326 (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg*, 705 F.2d at 1351)). In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). Summary judgment may not be granted "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

NSA proffers the declaration of Louis F. Giles, Director of Policy for NSA. Mr. Giles avers generally that an experienced staff "conducted a thorough search of the Agency's comprehensive filing systems, which included databases on NSA applicants, visitors, personnel, security, training, among others. . . ." Giles Decl. ¶ 9. Although Mr. Giles avers that the filing systems searched "contain the databases where responsive records, if they existed, would be found," *id*., he provides no factual support for this conclusion. NSA therefore has not sustained its burden "to *show* that it made a good faith effort to conduct a search for the requested records." *Oglesby*, 920 F.2d at 68 (emphasis added). Specifically, the Giles declaration does not describe NSA's filing systems, its information retrieval methods and the search methods employed in response to the request at issue; nor does it specify the search terms used.[1] Moreover, NSA has not replied to plaintiff's suggestion that it searched the wrong databases and perhaps used the wrong search terms. *See* Pl.'s Opp. [Dkt. No. 30] at 3. Accordingly, it is

ORDERED that NSA's motion for summary judgment [Dkt. No. 25] is DENIED without prejudice; and it is

FURTHER ORDERED that within thirty (30) days of this Order, defendant NSA shall supplement the record with a detailed description of the search for responsive records and, if appropriate, renew its motion for summary judgment.

DATE: August 9, 2007

SIGNED: EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] In the absence of evidence showing the manner in which the agency catalogs and retrieves information, the Court will not speculate about the search terms from Mr. Giles' statement that staff searched "for information on James R. Skrzypek and/or Federal Security Inc. and Anthony Pellicano." Giles Decl. ¶ 9.