UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1129 (EGS) |
| ) | Document No. 37 |
| UNITED STATES DEPARTMENT ) | |
| OF TREASURY et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

This action brought under the Freedom of Information Act ("FOIA"), 5. U.S.C. § 552, against multiple defendants is before the Court on the Federal Bureau of Investigation's ("FBI") motion to dismiss in part or for partial summary judgment and to stay part of the proceedings pending the completion of its processing of remaining records. Upon consideration of the parties' submissions and the relevant portions of the record, the Court will grant the motion for partial summary judgment and will stay the proceedings for a period of 60 days.

I. BACKGROUND

On April 21, 2006, plaintiff requested records from FBI Headquarters, the Chicago Field Office ("CFO") and the Los Angeles Field Office ("LAFO"). The following ensued.

From FBI Headquarters plaintiff sought records "relating in any way, to entries made, court ordered or other, to premises owned by requestor, located at 7628 through 7630 West Foster Avenue, Chicago Illinois 60656 on February 24, 1994." He requested a search of the FBI's "'I-Drive', 'S-Drive', or any other electronic storage or retention system for these

2

documents at FBI Headquarters or FBI Field Offices germaine [*sic*] to my request," and "specifically [] all 'main' files and 'see references'" and "sub-files." Def.'s Mot. , Second Declaration of David M. Hardy ("2d Hardy Decl."), Ex. A.  In addition, on May 1, 2006, plaintiff requested from Headquarters "documents relating in any way, to any electronic surveillance, telephonic, video, audio or other, including listening devices installed pursuant to court order or other, concerning James R. Skrzypek and/or Federal Security, Inc., from 1992 to present" and "[d]ocuments relating in any way, to Anthony Pellicano and his involvement, in any way, with James R. Skrzypek and/or Federal Security, including, but not limited to audiotape analysis, enhancement, reproduction or corrections." *Id*., Ex. B.  In response to Headquarters' request for more information, plaintiff, by letter of May 18, 2006, listed 10 categories of records he sought.  *Id*., Ex. C.  On October 4, 2006, Headquarters notified plaintiff that a search of its Central Records System located no responsive records.  *Id*., Ex. E.

Plaintiff requested essentially the same categories of records from the CFO that were listed in his May 18 response to Headquarters.  *Id*., Ex. F.  In addition, on April 24, 2006, plaintiff requested from the CFO "[d]ocumentaton relating in any way to photographs taken of a garage located at 7620 W. Foster Avenue, Chicago Illinois on July 10, 1997 [including] activity sheets, time sheets and FD 2 Daily Reports for Agent John Dewik who photographed the garage interior on July 10, 1997." *Id*., Ex. G.

On January 26, 2007, Headquarters, in responding to the request made to the CFO, released to plaintiff 173 redacted pages of information and withheld 47 pages of responsive records that were located at CFO. *Id*., Ex. K. It withheld information pursuant to FOIA exemptions 2, 3, 5, 6, 7(C), 7(D) and 7(E).  The release letter informed plaintiff that an additional 2,600 pages of material were located at the CFO and requested plaintiff's written commitment to

3

pay duplication costs of $260.00 if the pages were determined to be releasable. *Id*. But, in light of plaintiff's subsequent court filing appearing to narrow the request for CFO records, Headquarters reduced "the total number of responsive pages . . . to approximately 300 additional pages" to be processed. 2nd Hardy Decl. ¶ 32.

Plaintiff requested records from the LAFO pertaining to "the arrest of Anthony Pellicano relating, in any way, whatsoever, with James R. Skrzypek or Federal Security, Inc." *Id*., Ex. L. On October 12, 2006, Headquarters notified plaintiff that a search of the LAFO automated and manual indices to the Central Records System located no responsive records. *Id*., Ex. M.

## II.  DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Mere allegations or denials of the moving party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In resolving a summary judgment motion, the Court draws all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 255 (1986) (citation omitted).

In a FOIA action, the Court may award summary judgment solely on the information provided in agency affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738

4

(D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Plaintiff does not challenge, and therefore concedes, the FBI's application of FOIA exemptions to the withheld material. He claims instead that the records he received were not responsive to his requests. Pl.'s Response in Opposition to FBI's Motion to Dismiss in Part or, in the Alternative, for Stay Pending Processing of the Remaining Records ("Pl.'s Opp.") at 4. Upon receipt of a request that "reasonably describes" the records sought, 5 U.S.C. § 552 (a)(3)(A), an agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc., v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted). It then is required to release to the requester those records that are in its custody and control at the time of the FOIA request. *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983). Plaintiff does not contend that the FBI misinterpreted his request; thus, the fact that he did not receive particular records is immaterial. Rather, the issue is whether the FBI adequately searched for records responsive to the request. *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) ("A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search [for responsive records].").

Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena,* 180 F.3d at 326 (citing *Oglesby v. United*

*States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. U.S. Dep't. of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).  In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness.  *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  However, "the fact that a particular document was not found does not demonstrate the inadequacy of a search."  *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-391 (D.C. Cir. 2007) (citations omitted).

The Court is satisfied from Mr. Hardy's declaration, which describes with sufficient detail the filing systems searched, the search methodology and the search terms, that the FBI conducted a search reasonably calculated to locate records responsive to plaintiff's requests.  *See* 2nd Hardy Decl. ¶¶ 18-31.  To the extent that plaintiff is seeking records regarding a criminal investigation of Anthony Pellicano, *see* Pl.'s Opp. at 2-3, Mr. Hardy rightly notes that under the circumstances presented here, FOIA exemption 7(C) would protect Mr. Pellicano's privacy rights in the absence of a privacy waiver or proof of death.  2nd Hardy Decl., n.1.  *See Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995) (recognizing third-party information maintained in law enforcement files as "categorically exempt" from disclosure under exemption 7(C) in the absence of an overriding public interest in its disclosure).  Thus, the FBI properly took the position of "neither confirming nor denying the existence of any files pertaining to a Mr. Anthony Pellicano."  2nd Hardy Decl., n.1.

In the absence of any evidence that presents a genuine issue with respect to the FBI's withholdings and its search thus far, the Court determines that the FBI is entitled to judgment as a matter of law on its processing of the 220 pages of documents that are the subject of the current motion.[1]  Accordingly, it is

---

[1] Because the Court is concerned only with the propriety of the FBI's withholding of information, *see* 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the*
(continued...)

6

ORDERED that the FBI's motion for partial summary judgment [Dkt. No. 37] is GRANTED; and it is

FURTHER ORDERED that the proceedings are stayed for a period of 60 days, after which the FBI shall file either a dispositive motion with respect to the remaining records or a proposed briefing schedule.[2]

DATE: August 14, 2007                SIGNED:    EMMET G. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE

---

[1](...continued)
*Press*, 445 U.S. 136, 139 (1980) (discussing FOIA jurisdiction), it declines the invitation to resolve the claims per a particular FBI office.  *See* Def.'s Mem. of P.& A. at 2-3 & proposed order.

[2]  In view of the reduced number of remaining records to be processed, *supra* at 3, and the passage of time since this discovery, the Court finds an indefinite stay of the proceedings unwarranted.