UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES R. SKRZYPEK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1129 (EGS) Document No.   20 |
| UNITED STATES DEPARTMENT OF TREASURY *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

This action brought under the Freedom of Information Act ("FOIA"), 5. U.S.C. § 552, against multiple defendants is before the Court on the motion to dismiss or for summary judgment as to the Department of Treasury's Internal Revenue Service ("IRS") and the Department of Justice's Executive Office for United States Attorneys ("EOUSA"). Upon consideration of the parties' submissions and the relevant portions of the record, the Court will grant the movants' motion for summary judgment.

I.  BACKGROUND

On April 21, 2006, plaintiff requested from the Treasury Department records pertaining to the search of a residence at 7620 W. Foster Avenue, Chicago, Illinois, on July 23, 24, and 25, 1997. He specifically requested seven categories of records consisting of (1) search warrant applications and affidavits, (2) search warrants, (3) "reports, daily or other," surrounding entries to the residence, (4) inventory of property removed, (5) identities of all agents and government officials or employees entering the residence, (6) copies of photographs and/or videos made, and

2

(7) reports of the installation and removal of electronic surveillance equipment. Compl. Ex. 1 at 2. On June 7, 2006, Senior Disclosure Specialist Linda Barnes informed plaintiff that the requested records were maintained by the Federal Bureau of Investigation ("FBI") and provided plaintiff the address of the FBI Chicago field office. Def.'s Mot., Declaration of Jose Franco ("Franco Decl.") [Dkt. No. 20-3], Att. A. A subsequent search by the IRS located no responsive records. Franco Decl. ¶¶ 6-8.

On May 10, 2006, plaintiff requested the same information from EOUSA that he had sought from Treasury and "[c]opies of FD 597 Receipts for tape recorders, describing make, model and serial numbers corresponding to a December 22, 1994 summary of tape recordings prepared by [Special Agent] John Robert Shoup and submitted by memorandum on January 3, 1995." Def.'s Mot., Declaration of David Luczynski ("Luczynski Decl.") [Dkt. No. 20-4], Ex. A at 2.[1] On August 23, 2006, EOUSA informed plaintiff that the two hours of free search time were exhausted and that no further processing would occur until plaintiff made "an advance payment of $8,680," the costs for searching "more than 250 boxes of records" that were located in the Northern District of Illinois. Luczynski Decl., Ex. D. Plaintiff was informed about options to reduce costs by "limiting the [requested] documents to a specific category or categories," limiting the processing of records to an amount he was willing to pay, or terminating the search at the first two free hours. *Id*. He was further informed that if he did not respond within 30 days, his case would be closed. *Id*. EOUSA received no response and thus closed the file. Luczynski Decl. ¶ 10.

---

[1] Although not material to the outcome of the case, plaintiff insists that he never "submitted several consecutive requests for the same information as stated by the government," but rather resubmitted to EOUSA the same request dated April 21, 2006, with a cover letter dated May 10, 2006. Pl.'s Opp. at 5. But the requests in the record are not identical inasmuch as the request to the Treasury Department does not seek the FD 597 receipts. *See* Pl.'s Opp., Exs. 1, 4, 5 (FOIA requests).

3

## II.  DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Mere allegations or denials of the moving party's pleadings are not enough to prevent issuance of summary judgment.  The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  In resolving a summary judgment motion, the Court draws all reasonable inferences in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc*,  477 U.S. 242, 255 (1986) (citation omitted).

In a FOIA action, the Court may award summary judgment solely on the information provided in agency affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

*1.  The IRS Claim*

Plaintiff challenges the IRS's inability to locate responsive records.  "A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search [for responsive records]."  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  Upon receipt of a request that "reasonably describes" the records sought, 5 U.S.C. § 552 (a)(3)(A), an agency is required "to make a good

4

faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc., v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted). It then is required to release to the requester those records that are in its custody and control at the time of the FOIA request. *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena,* 180 F.3d at 326 (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. U.S. Dep't. of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). However, "the fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-391 (D.C. Cir. 2007) (citations omitted).

Declarant Franco is an IRS Special Agent in the Criminal Investigation Division in Chicago. Franco Decl. ¶ 1. The Court is satisfied from his first-hand account of the search of 89 boxes of investigatory records pertaining to plaintiff and of Franco's personal computer files and those of a colleague, Franco Decl. ¶¶ 8-12, that the IRS conducted a search reasonably calculated to locate records responsive to plaintiff's request. Plaintiff counters that the search was flawed because "the records [] examined were not internal agency records . . . but Plaintiff's company

records which have nothing whatsoever to do with Plaintiff's request." Pl.'s Opp. [Dkt. No. 29] at 3. But Mr. Franco, who "was present at the time of the arrest and assisted the FBI in seizing assets and [plaintiff's] records," reasonably explains that any records pertaining to the search of the Chicago residence would not have remained with the IRS but rather turned over to the FBI as the lead investigatory agency. Franco Decl. ¶¶ 4-5. Mr. Franco avers further that the boxes searched "consist of all of the records the IRS has on the criminal investigation of the plaintiff, and no other boxes or files would contain documents responsive to plaintiff's FOIA request." *Id*. ¶ 12. "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)). In the absence of any evidence that calls into question the IRS's search methods, judgment for defendants is warranted on this claim.

### 2. The EOUSA Claim

Plaintiff complains about the assessment fee exceeding $8,000, *see* Pl.'s Opp. at 4-6, but he does not refute the fact that he failed to respond in any way to EOUSA's assessment letter, which also suggested options to reduce the fee. The payment or waiver of assessed fees or an administrative appeal from the denial of a fee waiver request is a condition precedent to judicial review of a FOIA claim. *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65-67 (D.C. Cir. 1990); *Trueblood v. U.S. Dept. of Treasury, I.R.S.*, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)). In the absence of any evidence that plaintiff satisfied either of the foregoing prerequisites, judgment for defendants is warranted on this claim.

## III.  CONCLUSION

For the reasons stated above, the Court grants defendants' motion for summary judgment with regard to the Department of Treasury and EOUSA.  A separate Order accompanies this Memorandum Opinion.


DATE: August 31, 2007                SIGNED:    EMMET G. SULLIVAN
                                     UNITED STATES DISTRICT JUDGE