UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1129 EGS |
| | ) |
| UNITED STATES TREASURY | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT NATIONAL SECURITY AGENCY'S
## MOTION FOR ENLARGEMENT OF TIME

Defendant National Security Agency (NSA), through undersigned counsel, respectfully move for a one-day enlargement of time, to and including September 11, 2007, within which to file an amended declaration regarding NSA's search in response to plaintiff's Freedom of Information Act (FOIA) request. By Order dated August 9, 2007, the Court directed NSA to file a new declaration addressing questions regarding its search in 30 days. Accordingly, the new declaration is due today, September 10, 2007.[1] On this date, however, the agency counsel who has been working on this matter will be out of the office in training for the entire day.  Thus, although the filing has been prepared, he and the undersigned will not have an opportunity to review the

---

[1]  Thirty days from the date of the Order was Saturday, September 8, 2007, so that the declaration falls due on the following business day, or today.

accompanying memoranda of law and has requested that the date of filing be enlarged so that counsel may have time to do so.

Inasmuch as Plaintiff, Pro se, James Skrzypek, is a prisoner, Counsel for the Defendant did not attempt to contact him concerning his position on this motion.[2]

WHEREFORE, based on the foregoing, Defendant respectfully requests an extension of time of one day, to and including September 11, 2007, to file a new declaration and renewed motion for summary judgment in accordance with the Court's order of August 9, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

---

[2] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." The Rule does not require counsel to discuss those motions with pro se litigants. Nonetheless, it has been the general practice of this Office to attempt to discuss such motions with non-prisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any non-prisoner pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W. Rm. 4114-E
Washington, D.C.  20530
(202) 514-7135

CERTIFICATE OF SERVICE

I CERTIFY that on September 10, 2007, plaintiff was served with a copy of the foregoing Motion for Enlargement of Time via first-class mail postage prepaid and addressed:


James R. Skrzypek
#08324-424
POB 1000
Duluth, MN 55814


_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135

4