IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMES R. SKRZYPEK** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 06-1129 |
| | * | |
| **UNITED STATES TREASURY DEPARTMENT, et al.,** | * | |
| | * | |
| Defendant | * | |
| | * | |

## DECLARATION OF LOUIS F. GILES

I, LOUIS F. GILES, hereby declare and state:

1. I am the Director of Policy for the National Security Agency ("NSA" or "Agency") and have served in this position since February 2002. I have served with NSA for 31 years, and prior to my current assignment, I held various senior and supervisory positions including Chief of the Information Assurance Directorate's ("IAD") Customer Relations Office and Deputy Chief of the Special Programs Staff of the NSA Signals Intelligence Directorate's Cryptanalysis Group. As the Director of Policy, I am a TOP SECRET classification authority, pursuant to Section 1.3 of Executive Order 12958, as amended March 25, 2003, and I am responsible for the processing of all requests made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. It is also my responsibility to assert FOIA exemptions in the course of litigation. Through exercise of my official duties, I have become familiar with the current litigation arising out of requests for records filed by Plaintiff, James R. Skrzypek.

2. The purpose of this declaration is to describe NSA's search for responsive records and the responses that NSA has provided to Plaintiff's FOIA request. Specifically, NSA responded that it had no records that were responsive to Plaintiff's request. In order to provide the necessary context for the discussion, I will describe NSA's origin and mission.

## I.

## ORIGIN AND MISSON OF NSA

3. NSA was established by Presidential Directive in October 1952 as a separately organized agency within the Department of Defense, under the direction, authority, and control of the Secretary of Defense, who was designated by the President as Executive Agent of the United States Government for conducting communications security activities (protection of United States Government communications) and signals intelligence activities of the United States. *See* Executive Order 12333, section 1.12(b).

4. NSA's signals intelligence mission is to obtain information from foreign electromagnetic signals and to provide reports derived from such information or data, frequently on a rapid response basis, to national policy makers and the intelligence community of the United States Government. A primary signals intelligence mission of NSA is to intercept communications of foreign governments in order to obtain foreign intelligence information necessary to the national defense, national security, or the conduct of the foreign affairs of the United States. The signals intelligence collection mission of NSA provides national policy makers and the intelligence community with highly reliable foreign intelligence information.

## II.

## PROCESSING OF PLAINTIFF'S FOIA REQUEST

5. Plaintiff filed a FOIA request dated 12 June 2006, which was received by NSA's Office of Policy on 19 June 2006. Exhibit 1. Plaintiff requested all records relating to communications between Anthony Pellicano and Plaintiff and/or Federal Security Inc.

6. On 14 July 2006, Plaintiff filed an "Amended Complaint to Compel Production of Records Pursuant to 5 U.S.C.S. § 552 Freedom of Information Act." In this complaint, Plaintiff alleged, *inter alia*, that he had not received communication from NSA regarding his FOIA request and asked the court to issue an order to compel production.

7. By letter dated 21 July 2006, NSA responded to Plaintiff's FOIA request. Exhibit 2. NSA informed Plaintiff that it conducted a thorough search of its comprehensive filing systems to include to include applicant, security, personnel and training files, but that it could not, after a thorough search, locate any records that were responsive to his request for communications between himself and/or Federal Security Inc. and Anthony Pellicano. Id. In this letter, NSA advised Plaintiff of his appeal rights. Id.

8. The Agency's response to Plaintiff's FOIA request was sent before it became aware that Plaintiff had initiated a civil action regarding his FOIA request. It should be noted that Plaintiff did not appeal the Agency's decision that it had no records responsive to its FOIA request.

## III.

## NSA HAS NO RECORDS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST

9. NSA's FOIA office is staffed with a cadre of experienced former intelligence analysts and personnel specialists who are extremely knowledgeable of NSA's mission,

functions, and activities. The FOIA staff that reviewed Plaintiff's request has well over 30 years of combined experience at NSA, and expertise with its mission, functions, and activities. The FOIA staff conducted a thorough search of the Agency's comprehensive filing systems, which included databases on NSA applicants, visitors, personnel, security, training, among others, searching for information on James R. Skrzypek and/or Federal Security Inc. and Anthony Pellicano. These filing systems contain the databases where responsive records, if they existed, would be found. However, no records were located on either of these two individuals and this company, as none of them have ever been affiliated with NSA.

## IV.

## CONCLUSION

10. I have reviewed and carefully considered the Plaintiff's request and NSA's responses on this matter, and I have concluded that NSA's determination that it could not locate records responsive to Plaintiff's FOIA request was proper.

11. I declare under penalty of perjury that the facts set forth above are true and correct. Executed pursuant to 28 U.S.C. § 1746.

_____
LOUIS F. GILES

Executed this 23rd day of October, 2006.

6/19/06

**FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION**

DATE: June 12, 2006

AGENCY: National Security Agency/Central Security Service

ADDRESS: 9800 Savage Road

CITY, STATE: Fort George G. Meade, MD 20755-6000

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

**IDENTIFYING PERSONAL INFORMATION**

NAME: James R. Skrzypek 08324-424

ADDRESS: P.O. Box 1000

CITY, STATE, ZIP: Duluth, Mn 55814

BIRTHDATE: February 12, 1949

BIRTHPLACE: Chicago, Illinois

SOCIAL SECURITY NUMBER: 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

FBI NUMBER: Unknown

MARSHAL'S SERVICE NUMBER: Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

**REASONABLY IDENTIFIABLE RECORD**

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

— Exhibit 1 —

Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert. denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

Any and all documents, records, reports, audiotapes or videotapes, in electronic, digital, analog or in any other format in your possession, custody or control obtained, in any way, including, but not limited to, decipherd encrypted format, from Anthony Pellicano, relating, in any way, whatsoever, with James R. Skrzypek or Federal Security, Inc.

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack v. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

_____
Requestor Signature

U.S. Department of Justice                    **Certification of Identity**         

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  __James R. Skrzypek  08324-424__

Citizenship Status [2] __United States__     Social Security Number [3] __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__

Current Address __P.O. Box 1000, Duluth, Mn 55814__

Date of Birth __February 12, 1949__     Place of Birth __Chicago, Illinois__

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5000.

Signature [4] _____     Date XXXXXXXXXXXXX June 12, 200_

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
Print or Type Name

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016                              FORM DOJ-361
EXPIRES 4/31/07                                              SEPT 04

James R. Skrzypek 08324-424
Federal Prison Camp
P.O. Box 1000
Duluth, Mn 55814



National Security Agency/Central Security Service
9800 Savage Road
Fort George G. Meade, MD 20755-6000

6248

20755+5999

**FREEDOM OF INFORMATION REQUEST**



FOIA Case: 50654<br>
21 July 2006

Mr. James R. Skrzypek
P.O. Box 1000
Duluth, MN 55814

Dear Mr. Skrzypek:

    This responds to your Freedom of Information Act (FOIA) request dated 12 June 2006 which was received in this office on 19 June 2006, for "any and all documents, records, reports, audiotapes or videotapes, in electronic, digital, analog or in any way, including, but not limited to, decipherd encrypted format, from Anthony Pellicano, relating, in any way, whatsoever, with James R. Skrzypek or Federal Security, Inc."

    Your letter has been assigned Case Number 50654. For purposes of this request and based on the information you provided in your letter, you are considered an "all other" requester. As such, you are allowed 2 hours of search and the duplication of 100 pages at no cost. There are no assessable fees for this request. Your request has been processed under the provisions of the Freedom of Information Act (FOIA) and Privacy Act (PA).

    Personnel management files are maintained on NSA/CSS affiliates. Therefore, a search of our most comprehensive filing systems, which include applicant, personnel, security, medical, and training, was conducted. Our records reflect that neither you nor Mr. Pellicano has ever been affiliated with this Agency; thus, no records responsive to your request were located.

    The fact that we were unable to locate records responsive to your request may be considered by you as an adverse determination, and you are hereby advised of this Agency's appeal procedures. Any person denied access to information may file an appeal to the NSA/CSS FOIA/PA Appeal Authority. The appeal must be postmarked no later than 60 calendar days after the date of the initial denial letter. The appeal shall be in writing addressed to the NSA/CSS FOIA/PA Appeal Authority (DC34), National Security Agency, 9800 Savage Road STE 6248, Fort George G. Meade, MD 20755-6248. To aid in processing the appeal, it should reference the inability of the Agency to locate records on you and should contain, in sufficient detail and particularity, the grounds upon which you believe this Agency maintains records on you.

**Exhibit 2**

FOIA Case: 50654

The NSA/CSS Appeal Authority will endeavor to respond to the appeal within 20 working days after receipt, absent unusual circumstances.

Sincerely,

*[signature]*

LOUIS F. GILES
Director of Policy