UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1129 EGS |
| | ) |
| UNITED STATES TREASURY DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S
MOTION TO DISMISS FOR FAILURE TO EXHAUST**

Defendant Federal Bureau of Investigation (FBI), through undersigned counsel, respectfully moves for an order dismissing the remainder of the complaint against it, pursuant to Fed. R. Civ. P. 12(b)(1) & (b)(6) on the grounds that plaintiff failed to exhaust administrative remedies.

The Court is respectfully referred to the accompanying memorandum of points and authorities in support of this motion, and the Third Declaration of David M. Hardy.

WHEREFORE, the FBI requests that this motion be granted.

November 6, 2007            Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

        RUDOLPH CONTRERAS, DC Bar #434122
        Assistant United States Attorney


        MADELYN JOHNSON, DC Bar #396739
        Assistant United States Attorney
        555 4th Street, N.W.   Rm. E4114
        Washington, D.C.  20530
        (202) 514-7135

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1129 EGS |
| | ) |
| UNITED STATES TREASURY | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Background

The facts and background of plaintiff's FOIA request to the Federal Bureau of Investigation (FBI) is set forth in detail in the Second Declaration of David M. Hardy filed as an exhibit to the FBI's Motion to Dismiss in Part or, in the Alternative, for Partial Summary Judgment filed February 12, 2007. In that motion, the FBI sought dismissal as to FBI Headquarters (FBIHG) and the Los Angeles Field Office. Hoever, the FBI had not completed processing of some additional responsive materials located in the Chicago Field Office, and so with regard to those additional documents, the FBI requested a stay. See id. at 2 & n.4, 3. The FBI has now completed processing those additional materials and this motion pertains to the disposition of those materials.

By letter dated April 27, 2007, the FBI advised plaintiff that it had reviewed 408 pages and released 361 pages with redactions.  See Third Declaration of David M. Hardy, attached hereto, at ¶ 5, and Exhibit A.  The FBI advised plaintiff that deletions were made pursuant to FOIA exemptions (b)(2), (b)(6), (b)(7)( C), (b)(7)(D), and Privacy Act exemption (j)(2).  Id.  In the letter, the FBI asked plaintiff to remit a check or money order in the amount of $43.40 to cover duplication fees for the 361 pages enclosed and the 73 pages of documents previously released to him.  Id.  In the FBI's prior correspondence of January 26, 2007, plaintiff was advised of the anticipated duplication fees.  Id. ¶ 6 & Exh. A at 2.  Nevertheless, plaintiff has failed to pay the duplication fees.

Plaintiff Has Failed To Exhaust Administrative Remedies
And Therefore, The Court Is Without Jurisdiction

Under the FOIA, exhaustion of administrative remedies is required before filing suit in federal court.  Wilbur v. CIA, 355 F.2d 675, 676 (D.C. Cir. 2004)(citing Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61-64 (D.C. Cir. 1990); Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003); Dettman v. U.S. Department of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including compliance with an agency's fee requirements.  See, e.g., Jeanes v. Department of Justice, 357 F. Supp. 2d 119, 123 (D.D.C. 2004) ("[E]xhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the denial of a request for fee waiver.");

Trueblood v. Department of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996) ("Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant."). Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction. Id.

FOIA requires agencies to establish fee schedules for the time taken to search for records and for the cost of copying records. See 5 U.S.C. § 552(a)(4)(I); 28 C.F.R. § 16.11 (DOJ regulation implementing this provision); see also Exhibit A, Hardy Decl. ¶ 6 n.3. Pursuant to those regulations, the FBI assessed duplication fees of $43.40, which plaintiff has failed to pay. Accordingly, plaintiff failed to exhaust and judicial review is precluded. As the processing of these remaining documents from the Chicago Field Office constitute the remaining issues with regard to the FBI, the Court should dismiss this suit as against that component.

## Conclusion

For the reasons set forth above, the Court should dismiss this action as against the FBI in its entirety.

November 6, 2007                Respectfully submitted,


_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.  Rm E4114
Washington, D.C.  20530
(202) 514-7135

4

CERTIFICATE OF SERVICE

I CERTIFY that on November 6, 2007, plaintiff was served with a copy of the foregoing Motion to Dismiss, or for Summary Judgment, via first-class mail postage prepaid and addressed:

James R. Skrzypek
#08324-424
POB 1000
Duluth, MN 55814

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135