IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES TREASURY<br>DEPARTMENT, et al.<br><br>    Defendants. | Civil Action No. 06-1129 (EGS) |

## THIRD DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I currently serve as the Section Chief of the Record Information/Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief, I supervise approximately 211 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit whose

1

collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specially, I am aware of the treatment which has been afforded the FOIA/Privacy Act requests of James R. Skrzypek which seek access to records on himself.

(4)     This declaration is submitted in support of defendant's motion to dismiss or in the alternative for summary judgment based on plaintiff's failure to pay the duplication fees of $43.40 for the records released to him on January 26, 2007 and April 27, 2007.[1]

## ADDITIONAL CORRESPONDENCE RELATING TO PLAINTIFF'S FOIPA REQUESTS [2]

(5)     By letter dated April 27, 2007, FBIHQ advised plaintiff that it had reviewed 408

---

[1] The purpose of this declaration is to inform the court of the plaintiff's failure to pay; thereby, failing to exhaust his administrative remedies and is **not** intended to address the adequacy of the search or discuss the redactions taken in the records released to plaintiff.

[2] A description of earlier correspondence related to plaintiff's requests is set forth in detail in the Second Hardy Declaration, at ¶¶ 5-17.

pages and released 361 pages with redactions. The FBI advised that deletions were made pursuant to FOIA Exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D), and Privacy Act Exemption (j)(2). In the letter, FBIHQ asked plaintiff to remit a check or money order in the amount of $43.40 to cover duplication fees for the 361 pages enclosed and 73 pages of documents previously released to the plaintiff. The FBI advised plaintiff of his right to file an administrative appeal to the Department of Justice, Office of Information and Privacy. FBIHQ also enclosed a copy of the FBI File Fact Sheet. **(See Exhibit A.)**

## CONCLUSION

(6)    As of October 22, 2007, plaintiff has failed to pay the duplication fees of $43.40 for the records released to him on January 26, 2007 and April 27, 2007. Therefore, plaintiff has failed to exhaust his administrative remedies.[3]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that **Exhibit A** attached hereto is a true and correct copy.

Executed this ____2nd____ day of November, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
  Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

---

[3] Title 28, Code of Federal Regulations, Sections 16.11 and 16.49.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-1129 (EGS) |
| v. ) | |
| ) | |
| UNITED STATES TREASURY ) | |
| DEPARTMENT, et al. ) | |
| ) | |
| Defendants. ) | |

# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR JAMES R SKRZYPEK
**08324-424
POST OFFICE BOX 1000
DULUTH, MN 55814

April 27, 2007

Subject: SKRZYPEK, JAMES R

FOIPA No. 1049543- 000

Dear Mr. Skrzypek::

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

    408 page(s) were reviewed and 361 page(s) are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐ referred to the OGA for review and direct response to you.

    ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

Enclosed are documents from file number 46B-CG-92714 which are responsive to your Freedom of Information-Privacy Acts (FOIPA) request. The enclosed material was limited to the specific instances, such as the search of your garage on July 23, 1997, which you have referenced in your correspondence.

The enclosed material consists of 361 pages. In our previous correspondence dated January 26, 2007, you were also notified of the anticipated duplication fees. Pursuant to Title 28, Code of Federal Regulations, Sections 16.11 and 16.49, there is a fee of ten cent per page. No fees are assessed for the first 100 pages. Duplication fees for the enclosed documents and 73 pages of the documents released to you earlier are $43.40. At your convenience, please remit a check or money order, payable to the Federal Bureau of Investigation. Also, the FOIPA number assigned to this request should be included with your payment.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.