UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
DEC - 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES R. SKRZYPEK )
)
      Plaintiff, )
)
v. ) Civil Action No. 06 1129
) (EGS)
UNITED STATES TREASURY DEPARTMENT, )
et al., )
)
      Defendants )
)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FEDERAL
BUREAU OF INVESTIGATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES AND
PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**

BACKGROUND

Plaintiff's Response in Opposition to Defendant's Memorandum in Support of Motion to Dismiss comes on the heels of the Court's August 14, 2007 Memorandum Opinion and Order granting the FBI's motion for partial summary judgment. [Dkt. 37]. Plaintiff also requests limited discovery.

Before Defendant filed a motion for partial summary judgment, Plaintiff filed a Motion to Compel Production of Unredacted Responsive Records, along with a copy of the FBI's January 30, 2007 letter which stated the FBI's intention of releasing 2600 pages of additional documents that Plaintiff indicated were unresponsive. [Dkt.36]. After the FBI sent 361 pages with redactions, Plaintiff filed a

1

Notice of Receipt of Unresponsive Documents, along with a copy of the FBI's April 27, 2007 letter sent to Plaintiff. [Dkt.50].

**PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES**

Plaintiff filed suit to Compel Production of Records after Defendant FBI failed to respond to FOIA Requests made for "Expedited Processing" pursuant to 5 U.S.C. § 552(a)(6)(E)(i). A plaintiff may be deemed to have constructively exhausted his remedies if the agency fails to make a timely response to the initial request. <u>Ruotolo v. Department of Justice Tax Division</u>, 53 F.3d 4, 8 (2d.Cir.1995); see also, 5 U.S.C. § 552(a)(6)(E)(I)(providing that agencies respond to FOIA requests for expedited processing within 10 days). This suit was filed on June 21, 2006 with no previous challenge as to the Court's jurisdiction and is now raised by the FBI in stating Plaintiff failed to exhaust administrative remedies by not complying with fee requirements.

In all original requests and pleadings, Plaintiff has always maintained his willingness to pay for responsive documents. Plaintiff informed the Court that responsive documents had not been received and a letter dated October 23, 2006, sent from Daniel J. Metcalfe, Director, United States Department of Justice, Office of Information and Privacy, citing 28 C.F.R. §16.9(a)(3)(2006), effectively foreclosed Plaintiff's administrative remedies, because Plaintiff sought judicial review in this Court. (Exhibit 1).

2

Nonetheless, Defendant FBI insisted on payment for documents Plaintiff did not request. As outlined in Plaintiff's Motion to Compel Production of Unredacted Responsive Records, seven (7) of the eight (8) requests for documents related to a warrantless search by the FBI into the Skrzypek residence. (Pl.'s Amnd.Compl.Pg.1). [Dkt.6]. A declaration by IRS Special Agent Jose Franco confirmed that a search of the Skrzypek residence occurred and everything that was removed from the [Skrzypek] residence was turned over to the FBI, yet not one responsive document was ever sent to Plaintiff. See, [Dkt.20-2 ¶2, Dkt.20-3 ¶2].

Because of the sensitive nature of the documents, Plaintiff specifically requested "JUNE FILES" be searched. See, Blanton v. United States Department of Justice, 63 F.Supp.2d 35, 42 fn.6. Instead, numerous unrelated documents were sent to Plaintiff and to date no documents have been released responsive to Plaintiff's original FOIA Requests. In addition, there has been no indication that "JUNE FILES" have ever been searched.

[i]f the sufficiency of the agency's identification or retrieval procedure is genuinely an issue, summary judgment is not in order. Weisberg v. United States Department of Justice, 627 F.2d 365, 370 (D.D.Cir.1980). Before it can obtain summary judgment in a FOIA case, an agency must show, viewing the facts in the light most favorable to the requester, that it has conducted a search "reasonably calcu-

lated to uncover all relevant documents" Truitt v. Department of State, 897 F.2d 540, 542 (D.C.Cir.1990).

Relevant responsive documents are those that relate to Plaintiff's FOIA Requests. Documents received were not responsive records and Plaintiff, through his filings and pursuant to the communication received from Defendant, gave notice of this to both the Court and Defendants' counsel. See, (Exhibit 1).

**PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**

Pursuant to F.R.C.P. Rule 33, interrogatories were sent to various agents who searched and photographed the Skrzypek residence, seeking the identity of reports and documents that they had previously completed, which were the subject of Plaintiff's FOIA Requests. On May 24, 2007, Plaintiff filed a lengthy Reply Memorandum in Support of Discovery with supporting exhibits and affidavits. [Dkt.'s 55-56]. Defendants moved for a protective order which was granted by the Court. [Dkt.53].

Plaintiff is not seeking for this Court to revisit its prior ruling, but wishes to undertake limited discovery to test FBI Defendants' "good faith" or "malfeasance" in reponding to his FOIA Requests. See, Weisberg v. United States Department of Justice, 627 F.2d 365 (D.C.Cir.1980), which holds that even after an agency claims that it has "complied substantially" with its FOIA obligations discovery, including [interrogatories] is permissible to test the veracity of that

4

claim.

In a system designed to insure accountability of the governors to the governed, it is untenable that a cat and mouse, defendant hide, plaintiff must seek process exists, whereby responsive records remain insulated and shielded by the bad faith of the very gatekeepers of that information.

## CONCLUSION

WHEREFORE, Plaintiff prays this Court deny Defendant FBI's Motion to Dismiss for Failure to Exhaust Administrative Remedies and grant Plaintiff's Motion for Limited Discovery.

*James R. Skrzypek*

James R. Skrzypek
P.O. Box 1000
Duluth, MN 55814

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES R. SKRZYPEK ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES TREASURY DEPARTMENT, ) <br> et al., ) <br> ) <br> Defendants ) | Civil Action No. 06 1129 <br> (EGS) |

**NOTICE OF FILING AND PROOF OF SERVICE**

To:  Clerk, United States District Court, District of Columbia
     333 Constitution Avenue, N.W., Washington, DC 20001-2802

     Madelyn E. Johnson, Assistant United States Attorney, 555
     4th St. N.W., 10th Floor, Rm. E4114, Washington, DC 20535

PLEASE TAKE NOTICE, that on November 29, 2007, the undersigned mailed two originals of Plaintiff's Response in Opposition to Defendant Federal Bureau of Investigation's Memorandum in Support of Motion to Dismiss for Failure to Exhaust Administrative Remedies and Plaintiff's Motion for Limited Discovery, to the Clerk, United States District Court for the District of Columbia, with postage prepaid and by placing them in United States Mail on November 29, 2007 in Duluth, Minnesota.

James R. Skrzypek
P.O. Box 1000
Duluth, MN 55814