**RECEIVED**
APR 1 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SKRZYPEK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES TREASURY DEPARTMENT, )<br>et al., )<br>)<br>Defendants ) | Civil Action No. 06 1129<br>(EGS) |

### PLAINTIFF'S MOTION TO SUPPLEMENT OPPOSITION TO DISPOSITIVE MOTION

NOW COMES Plaintiff, James R. Skrzypek, Pro se, and submits Plaintiff's Motion to Supplement Opposition to Dispositive Motion and states as follows:

1. On October 12, 2007 and November 29, 2007, Plaintiff filed his Responses in Opposition to Defendants' Motions for Summary Judgment, which are pending before this Court.

2. On March 26, 2008, a newspaper article appeared in the New York Times which support Plaintiff's arguments surrounding audio tapes and documents requested in this action, pertaining to Anthony Pellicano. The article describes a 16 minute, secretly recorded telephone call that Pellicano had with client, John McTiernan, and notes Pellicano took after that call. The tapes are currently being played, by the government, at Pellicano's criminal trial in Los Angeles. (See Ex.1).

WHEREFORE, Plaintiff prays this Court grant Plaintiff's Motion to Supplement Opposition to Dispositive Motion.

_____
James R. Skrzypek

James R. Skrzypek
P.O. Box 1000
Duluth, MN 55814

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

APR 17 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES R. SKRZYPEK )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 06 1129
 ) (EGS)
UNITED STATES TREASURY DEPARTMENT, )
et al., )
 )
      Defendants )

**NOTICE OF FILING AND PROOF OF SERVICE**

To:  Clerk, United States District Court, District of Columbia
    333 Constitution Avenue, N.W., Washington, DC 20001-2802

    Madelyn E. Johnson, Assistant United States Attorney, 555
    4th St. N.W., 10th Floor, Rm. E4114, Washington, DC 20535

PLEASE TAKE NOTICE, that on April 14, 2008, the undersigned mailed two originals of Plaintiff's Motion to Supplement Opposition to Dispositive Motion, to the Clerk, United States District Court for the District of Columbia, with postage prepaid and by placing them in the United States Mail on April 14, 2008 in Duluth, Minnesota.

_____
James R. Skrzypek
P.O. Box 1000
Duluth, MN 55814

# Day of Embarrassment for Hollywood in Court

By DAVID M. HALBFINGER

LOS ANGELES — A rollicking day of salacious testimony in the wiretapping trial of the Hollywood private eye Anthony Pellicano began with prosecutors revealing that Bert Fields, a top entertainment lawyer who often hired Mr. Pellicano, would invoke his Fifth Amendment right not to testify if called by the prosecution.

But it ended with Mr. Fields insisting through a lawyer and a spokesman that he would not take the Fifth and had nothing to hide.

The prosecutors' disclosure and the resultant confusion bracketed a day of tawdry testimony that named industry names in the most embarrassing of contexts and included a 16-minute recording that offered a view of the seamy underside of the film industry.

In that recording, the filmmaker John McTiernan, best known for "Die Hard" and other action movies, discussed at length what Mr. Pellicano was hearing on the phone lines of Charles Roven, a producer who was overseeing Mr. McTiernan's film "Rollerball" at the time. (Mr. McTiernan was sentenced to four months in prison last September for lying about his knowledge of Mr. Pellicano's wiretapping.)

Mr. Roven, who just weeks ago was named producer of the year by the nation's movie theater owners, took the stand early Tuesday and sat quietly while Mr. Pellicano assailed his character in harsh and profane terms.

Mr. Roven corrected the mangling of his business associates' names, but corroborated the substance of phone calls he had had with them, as shown in the notes Mr. Pellicano took of Mr. Roven's phone calls. Among the people he had talked to were the talent agent Dan Aloni, the MGM executives Gerry Rich (now of Paramount) and Alex Gartner (now at Mr. Roven's company, the Mosaic Media Group) and studio executives like Steve Papazian and Rob Guralnick.

On the recording, jurors also heard Mr. McTiernan describe rampant graft during the filming of "Rollerball." He complained



MONICA ALMEIDA/THE NEW YORK TIMES
The potential testimony of the entertainment lawyer Bert Fields is an issue in the trial of the detective Anthony Pellicano.

that he had taken to paying off the local fire department after he blamed a union dispute for a costly fire that damaged the set. "They're cheaper," Mr. McTiernan said, referring to the firefighters.

Mr. Pellicano also could be heard bragging to Mr. McTiernan about his influence with other

## Names are named as the contents of tapped calls come out.

people around Mr. Roven, saying he had saved the career of Michael Nathanson, then president of MGM, when Mr. Nathanson was caught up in the Heidi Fleiss prostitution scandal. (Mr. Nathanson declined to comment.)

Robert Pfeifer, a former music and video game executive, later testified, under a plea agreement, that he paid Mr. Pellicano some $200,000 to wiretap a former girlfriend, Erin Finn. Mr. Pfeifer said he did so after learning she was a prostitute and after she became a witness against him in a wrongful-termination lawsuit in 2000 against the video game company Z-Axis.

Mr. Pfeifer repeatedly said he was ashamed and sorry for his actions involving Ms. Finn and Mr. Pellicano. He has pleaded guilty to aiding and abetting Mr. Pellicano and is awaiting sentencing.

Next, Ms. Finn, after describing her several years as a high-priced escort, testified that she had given honest testimony in Mr. Pfeifer's 2000 lawsuit about his use of illegal drugs. But, she said, she approached Mr. Pellicano in early 2001 to make a deal after his harassment — fueled by information gleaned from months of wiretapping — ran up her own legal bills and drove her to near bankruptcy.

That led to a new sworn declaration, she said, in which she disavowed her previous testimony about illegal drugs. "I said what I needed to so I could try to have a life again," she said Tuesday.

In his testimony, Mr. Pfeifer also said that Mr. Pellicano had told him that another music industry figure previously linked to the wiretapping case — Freddy DeMann, the Maverick Records executive and former manager of Madonna and other acts — had paid some $80,000 to Mr. Pellicano to confirm his suspicions that his daughter's husband was being unfaithful to her and that the husband was actually gay. Mr. Pellicano obtained audio proof of this, Mr. Pfeifer testified. Mr. DeMann did not respond to a phone message seeking com-

ment.

Under prosecutors' questioning, Mr. Pfeifer also testified that Mr. Pellicano once canceled a meeting with him to attend one with Michael Ovitz, the former talent agent. More information on that score could come as soon as Wednesday, when Bryan Lourd and Kevin Huvane, two top partners at the Creative Artists Agency, Mr. Ovitz's former firm, are among the possible witnesses.

Mr. Pfeifer also suggested that Alan J. Weil of Gaims, Weil, West & Epstein, a Los Angeles law firm, who became Mr. Pfeifer's lawyer at Mr. Pellicano's direction, was aware of the wiretapping.

Mr. Pfeifer said Mr. Pellicano proposed sending Ms. Finn a wreath of black roses at a resort where he had learned from a wiretap that she would be entertaining a client. "Alan Weil said, 'You can't do that,'" Mr. Pfeifer testified, "'because how would you have known she was here? You can't expose that.'"

A woman answering Mr. Weil's office phone Tuesday said he declined to comment.

The dispute over Mr. Fields, meanwhile, put a new focus on a prominent lawyer whose clients have included Tom Cruise, Brad Grey, Jeffrey Katzenberg and many other industry players. At issue is prosecutors' refusal to grant Mr. Fields immunity from prosecution. They have refused, saying the statute of limitations has lapsed on any potential criminal acts for which he could be charged. A hearing on Mr. Fields's testimony was set for Monday.

Mr. Fields's lawyer, John W. Keker, notified the government of his client's intention to take the Fifth in response to a pretrial subpoena, prosecutors said. (Mr. Keker did not return messages Tuesday.) But a civil lawyer for Mr. Fields, Brian A. Sun, said Mr. Fields would testify freely and fully if called.

Prosecutors are not certain that they will call Mr. Fields, but they must resolve the issue before they can call him, lawyers in the case explained.