UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES R. SKRZYPEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1129 (EGS) |
| ) | Document Nos.  66, 73, 79, 82, 83 |
| UNITED STATES DEPARTMENT ) | |
| OF TREASURY *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This Freedom of Information Act case against multiple defendants is before the Court on the National Security Agency's ("NSA") renewed motion for summary judgment and the Federal Bureau of Investigation's ("FBI") motion to dismiss. Upon consideration of the parties' submissions and the relevant parts of the record, the Court will grant the NSA's motion for summary judgment and the FBI's motion to dismiss.[1]

1. NSA's Motion for Summary Judgment

In its Memorandum Opinion and Order of August 9, 2007 ("Mem. Op."), the Court determined that the NSA had not adequately described its search for records responsive to plaintiff's FOIA request for information pertaining to communications "from Anthony Pellicano relating, in any way, whatsoever, with James R. Skryzypek or Federal Security, Inc." The NSA has now proffered, among other documents, the Declaration of Rhea D. Siers ("Siers Decl."), who explains the search methods employed but then proceeds to justify why any records

---

[1] The Court granted summary judgment to the other named defendants, the Department of Treasury and the Executive Office for United States Attorneys, by Order of August 31, 2007.

2

responsive to either a clarified request or a new request would be protected from disclosure under FOIA exemptions 1 and 3. *See* Siers Decl. ¶ 3 ("[F]or the first time as outlined in his Opposition to the NSA's motion for summary judgment, [plaintiff] now seeks information on whether NSA assisted the Federal Bureau of Investigation in decrypting information from Mr. Pellicano's computer as alleged in certain media accounts."). Plaintiff counters that "[c]ontrary to Defendant's assertion, the requested information concerning 'deciphered/encrypted information from computers of Mr. Pellicano' were [sic] of Plaintiff only," and plaintiff does not even acknowledge that he requested information about the FBI's involvement with the NSA. Pl.'s Opp. to Defendant National Security Agency's Renewed Motion for Summary Judgment at 3. Given this ambiguity, the Court finds NSA's response to what "in essence is a new FOIA request," Siers Decl. ¶ 7, beyond the scope of this litigation.[2]

With regard to the search at issue, Siers states that the NSA searched its "affiliate" databases by "Plaintiff's name, Anthony Pellicano's name, and 'Federal Security Inc.'" *Id*. ¶ 5. She lists the databases searched, describes them as containing "information on current or former NSA affiliates (employees, applicants, military members, contractors, and visitors)," *id*., and sufficiently explains why those databases are the most likely to have contained records responsive to plaintiff's original request. *Id*. ¶ 6. According to Siers, "NSA would not likely

---

[2] Plaintiff's request forming the basis of this action reads as follows:

Any and all documents, records, reports, audiotapes or videotapes, in electronic, digital, analog or in any other format in your possession, custody or control obtained, in any way, including, but not limited to, decipherd (sic) encripted format, from Anthony Pellicano, relating, in any way, whatsoever, with James R. Skrzypek or Federal Security, Inc.

Declaration of Louis F. Giles [Dkt. No. 66-4], Ex. 1.

3

possess records on Plaintiff, [] Pellicano or Federal Security Inc., unless these two individuals and this company had a current or past affiliation with the Agency. Thus, NSA's search for responsive records in its affiliate databases was reasonable." *Id*. The Court finds no disputed material fact on the adequacy of the NSA's search and further finds that NSA is entitled to judgment as a matter of law.

    2. <u>FBI's Motion to Dismiss</u>

By Memorandum Opinion and Order of August 16, 2007 [Dkt. No. 61], the Court granted the FBI's motion for partial summary judgment and stayed the proceedings for the FBI to complete its processing of remaining records. The FBI now moves to dismiss the remainder of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) on the ground that plaintiff failed to exhaust his administrative remedies by paying assessed duplication fees of $43.40. The District of Columbia Circuit has found the exhaustion requirement under the FOIA to be "a jurisprudential doctrine" rather than a jurisdictional prerequisite. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). Thus, the Court is satisfied that it has subject-matter jurisdiction and, accordingly, denies the FBI's Rule 12(b)(1) motion to dismiss.

Under the FOIA, an agency's disclosure obligations are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The payment or waiver of assessed fees or an administrative appeal from the denial of a fee waiver request is a condition precedent to obtaining judicial review of a FOIA complaint. *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65-67 (D.C. Cir. 1990); *Trueblood v. U.S. Dept. of Treasury, I.R.S.*, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Dep't of*

4

*Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)); accord *Judicial Watch, Inc. v. F.B.I.*, 190 F. Supp.2d 29, 33 (D.D.C. 2002). Payment is required "[r]egardless of whether the plaintiff 'filed' suit before or after receiving a request for payment." *Trueblood*, 943 F. Supp. at 68.

By letter of April 27, 2007, the FBI released to plaintiff 361 redacted pages of responsive material and assessed a duplication fee of $43.40 for those pages and 73 pages that were previously released. Def.'s Mot., Third Declaration of David M. Hardy ¶ 5 & Ex. A. The letter informed plaintiff about the FOIA exemptions that were applied to the redacted material and his right to appeal the determination to the Office of Information and Privacy. *Id*. The FBI had not received payments from plaintiff as of October 22, 2007. *Id*. ¶ 6.

Plaintiff states that "he has always maintained his willingness to pay for responsive documents," Pl.'s Opp. [Dkt. No. 78] at 2, but he has not disputed the fact that he has not paid the assessed fee. Nor has plaintiff stated that he requested a fee waiver and exhausted administrative remedies with respect to a fee waiver request. Because no factual dispute exists with regard to plaintiff's nonpayment of the assessed fee, the Court finds that defendant is entitled to judgment as a matter of law based on plaintiff's failure to exhaust administrative remedies.[3] In light of this determination foreclosing judicial review at this time, the Court will deny plaintiff's pending motions for limited discovery and to supplement his opposition.

---

[3] Because the Court has relied on matters beyond the pleadings, the FBI's Rule 12(b)(6) motion to dismiss has been analyzed under the standards for summary judgment. *See* Order (Nov. 27, 2007) (advising plaintiff of this possibility and his obligation to respond accordingly). Summary judgment is appropriate when, as here, "the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

5

## CONCLUSION

For the foregoing reasons, the Court grants the NSA's renewed motion for summary judgment and the FBI's motion to dismiss. A separate Order accompanies this Memorandum Opinion.

DATE: May 7, 2008              SIGNED:    EMMET G. SULLIVAN
                               UNITED STATES DISTRICT JUDGE